UNITED STATES DICTRICT FOR THE
DISTRICT OF COLUMBIA

**RECEIVED**

MAY 1 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| Jesse Ramirez | § | |
| Plaintiff, | § | |
| | § | |
| vs | § | Civil No. 07-2226(RWR) |
| | § | |
| Dept. of Justice, et. al | § | #7007 2680 000/ 2677 3209 |
| Defendants | § | |
| | § | |
| | § | |

**********************************************************************

### MOTION TO AMEND PLEADING PURSUANT TO
### F.R.CIV.PROC RULE 15(a)

**********************************************************************

### I
### JURISDICTIONAL STATEMENT

Plaintiff would like to amend the Jurisdictional Statement. To encompass the subsections of the Privacy Act. That are stated in **Sellers v BOP 959 F2d 307(D.C. 1992).** Due to the fact that defendant/defendant agencies failed to maintain accurate records and under 5 **§ 552a(e)(5) and (g)(1)(C) and § 552a(d) and (g)(1)(A).** Plaintiff further asks this court to "liberally construe" his pleadings, **Haines v Kerner 404 US 519(1972).** And encompass anyother subsection of the Privacy Act, the holding of Sellers v BOP and etc. In order to overcome any alleged deficiency's in the jurisdiction of this court. **Noll v Carlson 809 F2d 1446(9th 1987).**

### II
### AMENDMENTS AS TO PARTIES/DEFENDANTS

Plaintiff would like to amend the Civil Complaint. With the addition of Warden Keffer of the Oklahoma Detention Center; Asst. Warden Eskridge of the Oklahoma Detention Center, of SIA/Captain Gaytan of the Oklahoma Transfer Center and other unnamed at this time Oklahoma Transfer Officials. Currently, Warden Keffer and Asst. Warden Eskridge. Are the Warden and Asst. Warden of USP/Pollock. The United States Penitentiary that Plaintiff is currently designated to. Plaintiff would like for this honorable court. To rely upon the Affidavit(**exhibit # 1**) that Plaintiff will submit and the holding of **Kaba V Stepp 458 F3d 678[7,8] (7th 2006).** Due to the fact that these officials and others. Interference with

1.

"Administrative Remedy Process" and Plaintiffs right to it. Infact made these remedies "unavailable" to Plaintiff. Thus under the controlling case law of Kaba 458 F3d 678(2006) and exhibit # 1 in support thereof. Plaintiff has met the exhaustion requirements under the PLRA. The current address for defendants Warden Keffer & Asst. Warden Eskridge is:

United States Department of Justice
Federal Bureau Of Prisons
United States Penitentiary at Pollock
1000 Air Base Rd.
P.O. Box 2099
Pollock, La 71467

(Warden Joe Keffer)
(Asst. Warden Eskridge)

The current address for SIA/Captain Gaytan is:

United States Dept. of Justice
Federal Bureau of Prisons
Federal Transfer Center
7410 South MacArthur
Oklahoma City, Ok 73169

(SIA/Captain Gaytan)

Plaintiff would like to amend civil complaint. With the addition of the Drug Enforcement Administration/San Antonio Division and agents. The current address of this agency departments and last known address of these defendants is:

Drug Enforcement Administration
DEA San Antonio, Tx
10127 Morocco Suite 200
San Antonio, Tx 78216

Current Head of SADO/Tom Hinajosa
Ex-Head of SADO/Javier Pena
DEA Agent/A.B. Castaneda
DEA Agent/Joe Dubois
DEA Agent/Cal Fowler
DEA Agent/Nancy Sanford
DEA Agent/Joe Rodriguez
DEA Agent/Jason Stallings
DEA Agent/Mario Ramirez
DEA Agent/Stone

2.

DEA Agent/Mike MacDaniels
DEA Agent/Ken Peterson
DEA Agent/Doug Davis
DEA Agent/Johnny Gray "TFO/AANTF"
and 25 other unnamed DEA Agents.


Plaintiff would like to amend civil complaint. With the addition of the
Acting Supervisor, ex-Acting Supervisor of the United States Probation Office
in San Antonio, Texas and other Officers of this office. The current address
and last known address for these defendants is:


United States Department of Justice
United States Probation Office/San Antonio Office
310 Federal Building
727 East Durango Blvd.
San Antonio, Tx 78206-1200

Chief Probation Officer/Joe Sanchez
Ex-Chief Probation Officer from 2004/name unknown
and 25 other unnamed USPO's


Plaintiff does bring these amendments to the jurisdictional statement
of this civil complaint. Due to the fact, that most of these documents are
exempt from correction. However, it can be noted that this "Inaccurate/False"
cannot be used against Plaintiff anylonger. And in order to prevent any further
adverse effects, damages and unjuries to Plaintiff. see **Sellers v BOP 959 F2d
307(D.C. 1992)**. Plaintiff does ask that this honorable court accept these amendments
to his civil complaint. That include the new defendant agancy/defendants. Plaintiff
does declare and will submit as **exhibit # 2**. Proof of a Privacy Act request
to these defendants. And also does state, that the DEA/Agents of the DEA in
San Antonio have failed to adhere to the mandates of the Privacy Act. Therefore
allowing me to incorporate these defendants in this civil complaint.

"Pro-se litigants pleadings are to be construed liberally and held to
less stringent standard that formal pleadings drafted by lawyers; if the court
can reasonably read pleadings to state valid claim on which litigant could
prevail, it should do so despite failure to cite proper legal authority, confusion
of legal theories, poor syntax and sentence construction, or litigants unfamiliarity
with pleading requirements" **Haines v Kerner 404 US 519(1972); Boag v MacDougal
454 US 364(1982); Gomez-Diaz v U.S. 433 F3d 788 (11th 2005)**.

Wherefore premises considered Plaintiff hopes and prays that this honorable

3.

court construes this amendment liberally and grants his request for amending
the civil complaint. In accordance with F.r.Civ.Proc. Rule 15(a).

Respectfully

Jesse Ramirez # 31805-180

## CERTIFICATE OF SERVICE

I, Jesse Ramirez/Plaintiff , do hereby certify under penalty of perjury
that I have served a true and correct copy of the following documents:

### MOTION TO AMEND PLEADING PURSUANT TO
### F.R.CIV.PROC. RULE 15(a)

which pursuant to Houston v Lack 487 US 266, 101 L.Ed.2d 245, 108 S.Ct. 2379(1988),
is deemed filed at the time it was delivered to prison authorities for forwarding
to the court and service upon parties to litigation and/or their attorneys
of record. I have placed the material referenced above in a properly sealed
envelope with first class postage affixed and I addressed it to:

Defendants / Defendant Agencies          U.S. District Court
C/O AUSA/R. Field's Civil Division        333 Constitution Ave, N.W.
555 Fourth Street, N.W.                   Washington, D.C.
Washington, D.C. 20530

and deposited said envelope via hand deliver to the Mail Room Staff at the
United States Penitentiary Pollock, La on this 12th day of May, 2008.

Respectfully Submitted,

Jesse Ramirez # 31805-180

4.

Exhibit #1

## AFFIDAVIT

I, Jesse Ramirez do declare that the forgoing is true and correct. Upon my transfer from USP/Beaumont on or about April of 2006. I was transferred to the Transfer Center in Oklahoma City, Oklahoma. Upon my arrival, I was then placed in the "SHU" Special Housing Unit. For 23 hours a day and one hour of recreation and for 6 weeks. When Officials from Oklahoma placed me in the SHU. I asked them why I was being placed in the SHU and that. When I cam through this facility in August of 2004. I was allowed to be in the General Population. I was told by these officials that it was do to the information that was in my file. Which stated that "I was an alleged member of an International Drug Cartel".

I immediately told them that the information they were relying upon. Was infact "inaccurate/false and to please not rely upon it. I asked them to allow me access to my legal documents. That were supposed to have been transferred along with me. So that I could prove to them in black and white. That the information they were relying upon and in order to justify placing me in the SHU was inaccurate and false. They told me that until I proved it was inaccurate and false. That they were and could rely upon it. And that they were to busy to allow me access to my legal documents. I asked to speak to the Captain, Warden or anyother person in charge. Upon talking to SIA/Captain Gaytan, Asst. Warden Eskridge and Warden Keffer.

I was told the same thing. I asked for a BP-8, so that I could initiate the Administrative Remedy Process. I was ignored and when these person mentioned above. Would make the rounds and ask how things were going. They would hurry past my cell door and ignore my requests to speak to them. I was also fired from an orderly job by Asst. Warden Eskridge. I was finally able to get SIA/Captain Gaytan to afford me a call to my family. So that I could have my family send me a legal packet. That would prove this information was inaccurate/false. I spoke to my sister Christina Berg and asked her to get with my other sister Ana Marie Haber. And send these officials a copy of this packet(there is proof of this and my sister are willing to supply this court with affidavits themselves).

I was finally able to get these officials to afford me the address to the South Central Regional Office and a BP-10. So that I could send an "Emergency/ Sensative" BP-10 and appeal the denial of my Informal Resolutions/verbal requests and notices, from Transfer Center officials. The day that I was to send this BP-10 to Region via United States Post Office mailed envelope. I was called to be transferred. I handed these officials this sealed mail/letter (that contained my Sensative BP-10 and asked them tomail it for me. They accepted it, but however failed to mail it for me. I have witnesses to these factual events adn they will be willing to afford me affidavits. Upon my arrival at USP/Pollock and at mail call. I was given this mail/letter that contained this Sensative BP-10. and was when I was aware. That these officials interferred with my rights in the Administrative Remedy Process.

In effect and in all actuality. This conduct was held to make the administrative remedies unavailable. "Most recently, we observed, "Prison officials may nat take unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable' if prison employees do no respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting". Dole v Chandler 428 F3d at 809 cited in Kaba v Stepp 458 F3d 678 at [7,8](7th 2006). For these factual reasons I ask this honorable court to accept this as proof. That I attempted to initiate the Administrative Remedy Process. And that Oklahoma Transfer Officials did take "affirmative misconduct"

and in order to prevent me from exhausting. The Administrative Remedy Process
and its requirements uunder the PLRA.


Respectfully

Jesse Ramirez # 31805-180          dated: 5/12/08

    I, Jesse Ramirez # 31805-180 do swear under penalty of perjury. That
these are the facts to the best of my knowledge and memory. And that I am
the person who is signing this affidavit.

dated: 5/12/08

                                    Jesse Ramirez # 31805-180


State of: Louisiana
Parish of: Grant


_____          dated:
Notary Public (seal)


NOTE: Prison officials Refused to Notarize THIs For me.

2.

Tom Hinajosa/Head DEA Agent
Drug Enforcement Administration
San Antonio Division

Re: inaccurate/false information in your files that you maintain against Jesse
Ramirez # 31805-180; SA-02-CR-621-EP. And your duty under the Privacy Act
to correct/amend it with accurate/truthful information.

Tom Hinajosa,

     My name is Jesse Ramirez # 31805-180 and I am currently serving a federal
sentence. At the United States Penitentiary in Pollock Louisiana. I am asking
you to adhere to your duties under the Privacy Act Title 5 § 552a and am affording
you **10 days** to do so(552a(d)(2)(A) and (d)(2)(B)(i)). I ask that you contact
Javier Pena, A.B. Castaneda,  Jason Stallings, Nancy Sanford, AUSA/Contreras,
AUSA/Cruz-Zapata, AUSA/Shearer and many others. To point out to you exactly
**all** the information that is **infact** inaccurate/**false**. Enclosed will be a packet
that will help you **identify**. All the inaccurate/**false** information that you
will need to correct/amend. As is such, some of this/these documents are exempt
from my request. However, you can make note of this inaccurate/**false** information
and request that it **not** be relied upon by any agency and etc. So that it does
not affect me adversely any longer. I thank you in advance for your assistance
in this request. Please construe my request liberally, Haines v Kerner.

Respectfully

Jesse Ramirez # 31805-180                     dated: 4/28/08

P.S. I ask that you please afford me the information on **all** of the agents
and including Javier Pena. As to where they can be found/located at. I ask
that you give me the names and titles that they held in November of 2002 and
the names and titles. Of the person[s] who **currently** hold those positions,
and including yourself.

cc: AUSA's office

*They Did Receive This on
5/01/08*

**U.S. Postal Service™ Delivery Confirmation™ Receipt**

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

Attn: Tom Hinajosa c/o DEA office in San Antonio
10127 Morocco Suite 200
San Antonio, TX 78216

Jesse Ramirez
31805-180
APR 29 2008

DELIVERY CONFIRMATION NUMBER: 0305 2200 0001 4157 4103 4450

Postmark
Here

**POSTAL CUSTOMER:**
Keep this receipt. For inquiries:
Access Internet web site at
www.usps.com®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
☑ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel

PS Form 152, May 2002                    (See Reverse)