UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE RAMIREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | )   Civ. No. 07-2226 (RWR) |
| | ) |
| DEPARTMENT OF JUSTICE, ET. AL | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

**_____DEFENDANTS' MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendants, through their undersigned attorneys, respectfully move to dismiss plaintiff's

complaint or in the alternative for summary judgment.   Submitted in support of this motion are

Defendants' Memorandum of Points and Authorities and Statement of Facts Not In Dispute.

Plaintiff should take notice that any factual assertions contained in the accompanying

affidavits and other attachments in support of defendant's motion will be accepted by the Court as

true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the

assertions in defendant's attachments. *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), Local

Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein.  Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be attached
> thereto or served therewith.  The court may permit affidavits to be
> supplemented or opposed by depositions, answers to interrogatories,

or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,


_____/s/ Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/ Rudolph Contreras_____
RUDOLPH  CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/ Rhonda C. Fields_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
 202/514/6970

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE RAMIREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civ. No. 07-2226 (RWR) |
| | ) |
| DEPARTMENT OF JUSTICE, ET. AL | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

STATEMENT OF MATERIAL FACTS

Defendants respectfully submit this statement of material facts as to which there is no genuine dispute.

1.  Plaintiff, Jesse Ramirez is a  federal inmate serving a life sentence for, among other things, Conspiracy to Distribute and Possess with Intent to Distribute Cocaine.  *See* Ex AdminBOP at p. 2. (Public Information Inmate Data as of April 29, 2008).  He was sentenced in the Western District of Texas on July 22, 2004.  *Id*   Plaintiff claims that at the sentencing hearing he challenged the accuracy of his presentence investigation report.(PSI).  Complaint at ¶3.

2.  Plaintiff sent a letter dated April 13, 2005, to the United States Attorney's Office (USAO) in San Antonio, Texas asking that the office correct allegedly false information in its files.  Complaint at ¶4 and attachment A.

3.   By letter dated May 9, 2008,  EOUSA advised plaintiff that his request to the USAO for amendment of records pertaining to himself is denied .  Stearns Declaration at ¶ 10.

4.    The criminal case files maintained by the United States Attorneys' Offices are exempt from the amendment-of-records provisions of the Privacy Act.  *See* 28 C.F.R. § 16.81(a)(4).

Stearns Declaration at ¶ 10.

    5.   In approximately September 2006 plaintiff told case manager Hanks at the U.S.

Penitentiary in Beaumont Texas, that information in his PSI was false and inaccurate  and asked

that the Bureau of Prisons amend its records concerning him.    AdminBop at p. 12-13.

    6.  Plaintiff submitted a Request for Administrative Remedy dated September 18, 2006.

AdminBop at p. 12-13.  He  states

> I spoke with Case Worker Hanks on 9/15/06 in the morning.   We discussed the
> Sellers issue at hand.   But, she does not understand its progeny.  First off, under
> Sellers. PSI reports are exempt from requests of amendment . . .   However, my case
> is unlike Deters.  Where Deters could not ascertain/prove the truth.   I am able to
> prove the truth and in Black and White.  Ms.  Hanks has been given some of the
> documentation. "DEA-6 reports and Trial Transcripts.  I am in the process of
> forwarding her more proof documentation.  To prove that I am telling the truth and
> that the information in the PSI is false.  In short my case is a "Typical" case.  My
> allegations of false information in the PSI. Is easily ascertainable and capable of
> being verified . . . . I do not care, if the probation office.   Does or does not.  Correct
> this false/inaccurate info in their PSI.   I  care that this false/inaccurate info is the
> reason/basis for me being imprisoned to three life sentences to begin with. * * * I
> had told her, that at sentencing.   I contested and objected to all of this know false
> information and the transcript will reflect.   That the probation officer, AUSA's, and
> even Judge Prado.   Knew, that the information was false.   It is clear, that she does
> not understand.  Exactly what are her duties and responsibilities are and under 5
> U.S.C> 5523.   Her lack of effort to address this false/challenged information before
> she relies on it again.  Does not satisfy the Privacy Act.  By her just merely noting
> this disputed info in my file.  I am fixing to come up for another evaluation team
> soon . . . .

AdminBop at p.  12-13.

    7.   Warden Outlaw responded by memorandum dated October 16, 2006.   He stated that an

investigation reflected that

> You attempted to provide staff with some information you claim supported your
> version of the events.  When staff told you they would need some time to process
> the information and attempt to link it to you PSI, you took the paperwork back and
> stated you were going to reorganize it and outline specifically what information you
> were challenging.  To date, you have not returned this paperwork for staff review.

. . .As you have failed to provide information at this time, staff cannot ascertain the accuracy of the information contained in your PSI.  Once you provide the documentation to Unit Team staff, a review will be conducted to determine if the information can be verified.  If staff discover potential inaccuracies, it will be the decision of the U.S. Probation Office as to what steps they will take to rectify the inaccuracies.

Admin Bop at p.11 (1 0/16/06 Response).

8.   Plaintiff filed a Central Office Administrative Appeal dated 11/08/2006. AdminBop at

p.  10.

9.   On January 24, 2007, plaintiff's appeal was denied by the Administrator of Inmate

Appeals, Harrell Watts.  The denial noted that plaintiff had failed to provide "specific information

pertaining to the information you want challenged or supporting documentation of the information

challenged."  AdminBop at p. 14.

10.   Federal regulations exempt BOP's Inmate Central Records System from the Privacy

Act amendment provision.  28 C.F.R. § 16.97(a)(4).

Respectfully submitted,


_____
/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____
/s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____
/s/ Rhonda C. Fields
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
 202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JESSE RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civ. No. 07-2226 (RWR) |
| | ) | |
| DEPARTMENT OF JUSTICE, ET. AL | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS AND IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendants respectfully submit this memorandum of points and authorities in support of

this motion to dismiss or in the alternative for summary judgment.

## BACKGROUND

Pro se Plaintiff, Jesse Ramirez, Register Number 31805-180, is a 38-year old federal inmate

serving a life sentence for, among other things, Conspiracy to Distribute and Possess with Intent to

Distribute Cocaine.  *See* Ex AdminBOP at p. 2. (Public Information Inmate Data as of April 29,

2008).  He was sentenced in the Western District of Texas on July 22, 2004.  *Id.*

On December 11, 2007, plaintiff filed a complaint alleging that the defendants willfully

violated the Privacy Act, 5 U.S.C. § 552a, by  failing to comply with his requests to amend his

presentence report and his criminal case file.  Plaintiff vaguely asserts that federal agencies and

employees thereof are intentionally refusing to correct alleged incorrect information.   The

1

complaint fails to specify the precise information alleged to be erroneous and the specific

correction requested.   As his remedies plaintiff is seeking correction of the unspecified alleged

errors and compensation in the amount of $250 million. Plaintiff has named several government

agencies as defendants in this case as well as several federal employees.   The agencies and

individuals named as defendants are:

> Department of Justice,
>
> Federal Bureau of Prisons (BOP),
>
> BOP Officials in Texas (Unit Manager McGehee, Case Manager Hanks, Counselor Cruz,
>     Warden Outlaw, Warden Fox),
>
> BOP Regional Director Maldonado and Administrator Harold Watts,
>
> United States Probation Office in San Antonio, Texas,
>
> U.S. Probation Officers in San Antonio, Texas  (USPO Olivari and 25 other unnamed
>     USPOs),
>
> United States Attorney's Office in San Antonio, Texas,
>
> various named and unnamed AUSAs in the Western District of Texas, and
>
> the Executive Office for U.S. Attorneys.

On May 14, 2008, plaintiff filed a motion to amend his complaint adding as defendants:

> Warden Joe Keffer and Assistant Warden Eskridge at the U.S.  Penitentiary in Pollack, LA,
>
> Captain Gaytain at the federal transfer center in Oklahoma City, OK,
>
> Drug Enforcement Administration (DEA)[1] and various DEA agents,
>
> various probation officers in the U.S. Probation Office in San Antonio Texas.

Although not stated or alleged in the complaint, plaintiff's civil cover sheet states that the cause of

---

[1]  The DEA has requested an extension of time to file its response to plaintiff's complaint.

2

action is 42 U.S.C. §1983.   See Civil Cover sheet at box VI.

FACTS

Plaintiff's complaint identifies approximately three occasions when he allegedly requested amendment of records under the Privacy Act.   They are discussed below.

**July 22, 2004 Sentencing Hearing**

Plaintiff alleges that his first request for amendment was made in open court at the time of sentencing.  Complaint at ¶ 3.    He states that at that time he notified two Assistant United States Attorneys, Contreras and  Cruz-Zapata;   U.S.  Probation Officer Olivari; and the presiding Judge that his Pre-sentence Investigation Report (PSI) was false and inaccurate, and that he presented documentation proving that information was false and inaccurate.   He states that "not one of these agency officers [or] officers of the court moved to correct this false and inaccurate information." Complaint at ¶ 3.

**April 13, 2005 letter to USAO, Western District of Texas in San Antonio**

Plaintiff sent a letter dated April 13, 2005, to the United States Attorney's Office (USAO) in San Antonio, Texas asking that the office correct allegedly false information in its files. Complaint at ¶4 and attachment A.  Plaintiff alleged that statements of various individuals which implicated him in a narcotics conspiracy were false.   He requested that the allegedly false statements be removed from a probable cause affidavit, a DEA report and the agency's files.    He alleged that the "lies" affected  him adversely because they were used to deny him bond, then to convict him, and finally by  the Probation Office in his pre-sentence report to persuade the judge to give  him three life sentences.  After his sentence he alleges these statements were used by BOP in classifying him and designating him in a USP facility.    Plaintiff's letter states that if the

3

information were corrected "I would not have been convicted to begin with, I would not have been given 3 life sentences and I would not have been classified and designated to a USP.   Therefor, I ask you and your office to correct <u>all</u> of the false and material statements that were used for my unlawful arrest, my indictment, and my bond being denied, for Judge Prado to rely upon in order to give me 3 life and 1 twenty year sentence and for BOP to use to classify and designate me." Complaint at Attachment A.

The USAO responded that they were forwarding plaintiff's request to the Executive Office for United States Attorneys (EOUSA) for processing.   Complaint at Attachment B.   Plaintiff thereupon sent a letter dated June 6, 2005 to EOUSA.   This letter inquired about plaintiff's request concerning amendment of the USAO's files, and alleged that his conviction had been obtained through the use of lies, suborned perjury and was the result of a coverup and conspiracy. Complaint at Attachment C.

By letter dated May 9, 2008, EOUSA advised plaintiff that his request for amendment of records pertaining to himself was denied on the grounds that the criminal case files maintained by the United States Attorneys' Offices are exempt from the amendment-of-records provisions of the Privacy Act.  *See* 28 C.F.R. § 16.81(a)(4). Stearns Declaration at ¶ 10.

**BOP ADMINISTRATIVE REQUEST**

According to plaintiff's complaint he also requested that BOP amend his presentence report. Complaint at ¶ 8.   He alleges that his request "was ultimately ignored" and he "was then forced to initiate his Administrative Remedy Process."  *Id.*   He submitted an "Informal Resolution Attempt" form to Counselor Cruz at the U.S. Penitentiary (USP) in Beaumont Texas. Complaint at ¶10. He then appealed up the chain to then Warden Outlaw, to the Regional Director of the South Central

Regional Office–Director Maldonado, then to the General Counsel's Office in Washington, D.C. –

Administrator to the General Counsel Harold Watts.  Complaint at ¶ 10-12.

Jan Hanks has been employed as a case manager at the USP in Beaumont Texas since 1996.

Hanks Dec at ¶1.   One of her duties as a case manager is to assist inmates when they claim there

are inaccurate records maintained by BOP that are relied upon by BOP.  *Id.* at ¶5.    BOP Program

Statement 5800.11 sets forth the BOP Policy concerning inmate challenges to information in their

files.  It reads in part

> An inmate may challenge the accuracy of the information in his or her Inmate
> Central File. Unit team staff shall take reasonable steps to ensure the accuracy of
> challenged information, particularly when that information is capable of being
> verified. The inmate is required to provide staff with sufficient information in
> support of a challenge (names of persons to contact, government agency, etc...).
>
> When an inmate provides such information, staff shall review the alleged error(s)
> and take reasonable steps to ensure the information is correct.
>
> For example, if an inmate challenges information in the Presentence Investigation
> Report (PSI), staff should inform the appropriate U.S. Probation Office (USPO) in
> writing of the disputed information, and request that a written response also be
> provided. **USPO procedures, however, do not allow for changes or addendums**
> **to be made to the Presentence Investigation Report after sentencing since it is a**
> **court document.**
>
> If the USPO subsequently reports that the challenged information, or some part
> thereof is not accurate, staff shall attach the Bureau's inquiry and the USPO
> response to the challenged document. Staff shall file this information in the
> applicable section of the Inmate Central file, and also make a notation on the Inmate
> Activity Record form (BP-381) to ensure that future decisions affecting the inmate
> are not based on the discredited information.

BOP Program Statement 5800.11 at p. 19-20 (emphasis in original).

In the latter part of 2006, plaintiff claimed to Counselor Hanks that his PSI was inaccurate.

He stated that he had been illegally sentenced by the judge and that the U.S. Probation Department

had used the wrong guidelines to sentence him.  Hanks Dec at ¶8.  Although Counselor Hanks

attempted to probe plaintiff for more specific detail on how his sentence was illegal or which

specific guideline was inappropriately used, plaintiff did not provide details. He merely handed

Counselor Hanks a stack of papers that was approximately two inches thick with no specific

inaccuracies tagged for reference.  No supporting documentation nor any other detail was provided

to Counselor Hanks.  *Id*. at ¶8.  Counselor Hanks explained that she would need more detail as to

what, specifically was inaccurate; i.e. what paragraph of the PSI, what guideline should not apply,

etc.  Counselor Hanks  also gave plaintiff a recent example of an inmate challenge to the accuracy

of his PSI which had resulted in Counselor Hanks contacting the Probation Office.  Counselor

Hanks  explained to plaintiff how the inmate  pointed out the alleged inaccuracy in his PSI, stated

how he thought it should be changed and provided supporting documentation.  *Id*. at ¶9.    In

response to Counselor Hanks ' attempts to obtain more specific information, plaintiff left the office

angry.   Although he stated that he would come back with more specific information, he never

addressed the matter with Counselor Hanks again.  *Id*. at ¶10.  Despite Counselor Hanks' efforts

to assist him, plaintiff subsequently filed a request for administrative remedies through BOP

alleging that Counselor Hanks and the BOP intentionally refused to assist him in correcting

records.  *Id*. at ¶ 10.

       Plaintiff submitted a Request for Administrative Remedy dated September 18, 2006.

AdminBop at p. 12-13.  He  states

> I spoke with Case Worker Hanks on 9/15/06 in the morning.   We discussed the
> Sellers issue at hand.   But, she does not understand its progeny.  First off, under
> Sellers. PSI reports are exempt from requests of amendment . . .   However, my case
> is unlike Deters.  Where Deters could not ascertain/prove the truth.    I am able to
> prove the truth and in Black and White.  Ms.  Hanks has been given some of the
> documentation. "DEA-6 reports and Trial Transcripts.  I am in the process of

forwarding her more proof documentation.  To prove that I am telling the truth and
that the information in the PSI is false.  In short my case is a "Typical" case.  My
allegations of false information in the PSI. Is easily ascertainable and capable of
being verified . . . . I do not care, if the probation office.   Does or does not.  Correct
this false/inaccurate info in their PSI.   I care that this false/inaccurate info is the
reason/basis for me being imprisoned to three life sentences to begin with. * * * I
had told her, that at sentencing.   I contested and objected to all of this know false
information and the transcript will reflect.   That the probation officer, AUSA's, and
even Judge Prado.   Knew, that the information was false.   It is clear, that she does
not understand.   Exactly what are her duties and responsibilities are and under 5
U.S.C. 5523.   Her lack of effort to address this false/challenged information before
she relies on it again. Does not satisfy the Privacy Act.  By her just merely noting
this disputed info in my file.  I am fixing to come up for another evaluation team
soon . . . .

AdminBop at p.  12-13.

   Warden Outlaw responded by memorandum dated October 16, 2006.   He stated that an

investigation reflected that

> You attempted to provide staff with some information you claim supported your
> version of the events.  When staff told you they would need some time to process
> the information and attempt to link it to you PSI, you took the paperwork back and
> stated you were going to reorganize it and outline specifically what information you
> were challenging.  To date, you have not returned this paperwork for staff review.
>        . . .As you have failed to provide information at this time, staff cannot
> ascertain the accuracy of the information contained in your PSI.  Once you provide
> the documentation to Unit Team staff, a review will be conducted to determine if
> the information can be verified.  If staff discover potential inaccuracies, it will be
> the decision of the U.S. Probation Office as to what steps they will take to rectify the
> inaccuracies.

Admin Bop at p.11 (1 0/16/06 Response).


   Plaintiff filed a Central Office Administrative Appeal dated 11/08/2006. AdminBop at p.

10. In it he states that he had given DEA-6 reports, criminal complaints and transcripts to Ms.

Hanks, and she had placed it in his file.   After about a week, he requested the documents back

from her.   He states that Ms. Hanks should  have conducted a review of the allegedly false

information "the minute/second that I gave them this information to begin with" and that she

should have corrected his records "then and there and when she had this information in her hands."

He stated that there is no reason to resubmit the documents to Ms. Hanks and Mcgehee because

they are not going to review it themselves but place it in his file. *Id.*

On January 24, 2007, plaintiff's appeal was denied by the Administrator of Inmate Appeals,

Harrell Watts. The denial noted that plaintiff had failed to provide "specific information pertaining

to the information you want challenged or supporting documentation of the information

challenged." AdminBop at p. 14.

## STANDARD OF REVIEW

### Motion to Dismiss

Defendants move for dismissal of plaintiff's complaint under Rules 12(b)(1), 12(b)(2),

12(b)(3), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Requests for

dismissal for lack of jurisdiction over the subject matter pursuant to 12(b)(1) and failure to state a

claim pursuant to 12(b)(6) require different standards of review.

In making determinations on a motion to dismiss under Rule 12(b)(6), the Court must view

facts alleged in the complaint in the light most favorable to the plaintiff. *Conley v. Gibson*, 355

U.S. 41, 45-46 (1957); *Nix v. Hoke*, Civil Action No. 1:98CV03039(ESH), 2001 WL 432417

(D.D.C. April 26, 2001), *citing, Weyrich v. The New Republic, Inc.*, 235 F.3d 617, 623 (D.C. Cir.

2001); *see also, Slaby v. Fairbridge*, 3 F.Supp.2d 22, 27 (D.D.C. 1998).

> In *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain

8

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]' " Id. at 1965 (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Although "detailed factual allegations" are not necessary to survive a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that while there was no "probability requirement at the pleading stage," *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1965, "something beyond ... mere possibility ... must be alleged[.]" *Id.* at 1966. The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," *id.* at 1965, or must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 1974. The Court referred to this newly clarified standard as "the plausibility standard." *Id.* at 1968 (abandoning the "no set of facts" language from *Conley v. Gibson* ).

\* \* \*

Pro se complaints are held to a less stringent standard than complaints drafted by attorneys, *see Erickson v. Pardus*, 127 S.Ct. at 2200; *Gray v. Poole*, 275 F.3d 1113, 1116 (D.C.Cir.2002), but a pro se plaintiff's inferences "need not be accepted 'if such inferences are unsupported by the facts set out in the complaint.' " *Caldwell v. District of Columbia*, 901 F.Supp. 7, 10 (D.D.C.1995) (quoting *Henthorn v. Dept. of Navy*, 29 F.3d 682, 684 (D.C.Cir.1994)). "A pro se complaint, like any other, must state a claim upon which relief can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir.1981).

*Dye v. U.S.*, 516 F.Supp.2d 61, 67 -69 (D.D.C.2007).

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule

12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.

*Herbert v. National Academy of Science*, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to

determine the existence of jurisdiction, a court may look beyond the allegations of the complaint,

consider affidavits and  other extrinsic information, and ultimately weigh the conflicting evidence.

*See id.*

9

**Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment where "there is no genuine issue as to any material fact and . . .the moving party is entitled to judgment as a matter of law." *Washington Post Co. v. U.S. Dep't of Health and Human Services*, 865 F.2d 320, 325 (D.C. Cir. 1989). As the Supreme Court has Decared, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

**Privacy Act**

The Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). The Privacy Act permits an individual to request an amendment to a record pertaining to him and requires the agency either to promptly correct the record or to explain its reasons for refusing to amend. *Id*. § 552a(d)(2). An individual may bring a civil action if the agency declines to amend the record or fails to maintain accurate records and the plaintiff suffers an adverse determination as a result of the agency's decision. *Id*. § 552a(g)(1)C. A plaintiff can recover money damages only if the agency's conduct was intentional or willful. *Id*. § 552a(g)(4).

10

**Claims against individuals should be dismissed**[2]

The proper defendant in a Privacy Act action is the agency, in this case, either the U.S. Probation Office, U.S. Attorney's Office, Executive Office of the U.S. Attorneys, or the Federal Bureau of Prisons.  5 U.S.C.A. § 552a (g)(1) .  Thus, the Privacy Act remedies preclude an action against individual employees for damages.

> The Privacy Act provides that whenever an agency fails to comply with any provision therein, "the individual may bring a civil action against the agency...." 5 U.S.C. § 552a(g)(1). An "agency" includes "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch ... or any independent regulatory agency." 5 U.S.C. § 552(f)(1). It is clear from the statute that "the Privacy Act provides for civil remedies only against an agency, not against individuals." *Mittleman v. United States Treasury*, 773 F.Supp. 442, 450 (D.D.C.1991), *citing Brown-Bey v. United States*, 720 F.2d 467, 469 (7th Cir.1983); *Bruce v. United States*, 621 F.2d 914, 916 n. 2 (8th Cir.1980). Thus, as a preliminary matter, Benham's Privacy Act claims against all defendants other than the State Department and the Justice Department must be dismissed because the statute provides a remedy only for actions against the agency involved.

*Benham v. Rice*,  2005 WL 691871, 4 (D.D.C.2005).   Therefore, all claims under the Privacy Act should be dismissed as to all persons named as defendants whether in their individual or official capacity.

**Claims against the U.S. Probation Office should be dismissed**

The U.S.  Probation Office is not an "agency" subject to the provisions of the Privacy Act.

As a court unit, the Probation Office is not subject to the requirements of the FOIA and Privacy Act. *See* 5 U.S.C. § 551(1)(B) (excluding courts from the definition of agency); *Callwood v. Dep't. of Probation of the Virgin Islands*, 982 F.Supp. 341,

---

[2]  It is unclear from the complaint whether plaintiff is attempting to sue these defendants personally.   If that is his intent, they have not been properly served, hence they are not yet parties to this action.   Some of the individuals have requested representation; however, authorization for representation has not yet been approved.  Therefore, the United States Attorney's Office does not represent them.

11

343 (D.Vi.1997) (citing cases).

*DeMartino v. F.B.I.*, 511 F.Supp.2d 146, 148 (D.D.C. 2007).   Therefore, all claims under the

Privacy against the Probation Office should be dismissed.

**Claims should be dismissed because statute of limitations has run**

Plaintiff appears to contend that his objections to information in his pre-sentence report in open court should be viewed as a request for amendment of records and imposed not only a duty on the probation office to amend the presentence report, but also a duty on the United States Attorney's Office to correct allegedly "false and inaccurate information."

Under 5 U.S.C. § 552a(g)(5):

> An action to enforce any liability created under this section may be brought in the district court ... within two years from the date on which the cause of action arises, except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

The cause of action arises when the plaintiff knew or should have known of the alleged violation of the Privacy Act. *See M.K. v. Tenet*, 196 F.Supp.2d 8, 12 -13 (D.D.C.2001) *citing Griffin v. United States Parole Comm'n*, 192 F.3d 1081, 1082 (D.C.Cir.1999) (affirming dismissal of a Privacy Act claim for failure to file within the limitations period). A cause "arises" under the Privacy Act when (1) an error was made in maintaining Plaintiff's records; (2) Plaintiff was harmed by the error; and (3) the Plaintiff either knew or had reason to know of the error" *Sysmanski v. United States Parole Comm'n*, 870 F.Supp. 377, 378 (D.D.C. 1994).

Here plaintiff 's complaint admits that he knew of the alleged false and inaccurate information in his presentence report and in USAO files at the least by July 22, 2004, since he allegedly did "submit documentation on the record at sentencing []that proved this information was in fact false and inaccurate." Complaint at ¶2. Plaintiff also alleged that the false statements in the PSI were relied on by the District Court to justify his sentence, which was imposed on July 22,

13

2004.   Complaint at attachment A p. 1-2.   Therefore, at least by July 22, 2004, plaintiff knew that

allegedly false information in the files of the USAO and PSI had been used in making a decision

adverse to plaintiff.    Yet plaintiff did not file this complaint until December 11, 2007 – more than

3 years later.

Similarly, plaintiff's April 13, 2005 letter to the USAO in San Antonio, Texas, reflects that

by at least April 13, 2005 plaintiff was aware that the allegedly false information referred to in the

letter was in the USAO files and allegedly had 1) caused adverse decisions to be made about him

concerning probable cause affidavits and bond decisions; 2) had been used before the grand jury in

obtaining his indictment; 3) had been used  by the judge in sentencing him, and 4) had been used

by  the BOP to classify and designate him in a USP facility.  Complaint at attachment A.

Therefore, the statute of limitations on the Privacy Act claims had expired by at least April 13,

2007  –  prior to the filing of the Complaint on December 11, 2007.

To the extent plaintiff is attempting to pursue a *Bivens* claim against individuals, the statute

of limitations has expired.  The gravamen of plaintiff's complaint appears to be that the use of false

information in agency files  resulted in his improper prosecution and imprisonment.  While it

appears that the three year personal injury statute of limitations period may apply to many *Bivens*

actions, *see Banks v. Chesapeake and Potomac Telephone Co.*, 802 F.2d 1416, 1419

(D.C.Cir.1986) the District of Columbia statute of limitations most applicable  to the instant case is

the intentional tort provision which provides a one-year limitations period for several enumerated

torts. D.C.Code § 12-301(4) (applicable to actions for malicious prosecution, false arrest or false

imprisonment). Therefore the one year  statute of limitations has run as to all individually named

and unnamed defendants.

14

Even if the three year statute of limitations were applicable to the *Bivens* claims, it similarly

has run, because plaintiff was aware at least by  July 22, 2004 that the alleged false information in

DEA reports was in and/or was being used in USAO files and the PSI report.

**Plaintiff may not receive monetary damages because his conviction has not been overturned**

Plaintiff alleges a right to money damages on the grounds that he would not be subjected to

his sentence or  the classification and designations of BOP except for the fact that  his conviction

and sentence allegedly were obtained on the basis of false and fraudulent information.   But, the

Privacy Act cannot be used to attack a conviction and sentence.   Plaintiff cannot obtain monetary

damages unless his conviction has been overturned.   See  *Forrester v. U.S. Parole Com'n*.,  310

F.Supp.2d 162, 168-169 (D.D.C.2004)

> The District of Columbia Circuit has "made [it] clear that [a writ of] habeas [corpus]
> is the exclusive remedy for a federal prisoner bringing any claim that would have a
> 'probabilistic impact' upon the duration of his custody." *Bourke v. Hawk-Sawyer*, 269
> F.3d 1072, 1074 (D.C.Cir.2001) *(quoting Razzoli v. Federal Bureau of Prisons*, 230
> F.3d 371, 373 (D.C.Cir.2000))

*Forrester v. U.S. Parole Com'n*.,  310 F.Supp.2d 162, 168-169 (D.D.C.2004).  Therefore, plaintiff

may not receive monetary damages from any defendant before a habeas finding in his favor.[3]

**BOP and USAO Records Are Exempt from Subsection (g) Privacy Act Lawsuits**.

Even assuming arguendo, Plaintiff has stated a Privacy Act claim, he does not have a cause

of action because the Attorney General has exempted the BOP system of records containing inmate

---

[3] To the extent plaintiff is pursuing a *Bivens* claim against individuals, he would similarly
be barred from seeking money damages from them unless his conviction is set aside, *E.g., Heck v.
Humphry*, 512 U.S. 477 (1994).

PSIs, and USAO Criminal Files from the amendment requirements of the Privacy Act.  *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir 1998).

An agency may promulgate regulations to exempt certain systems of records within the agency from the Privacy Act amendment provision.  *See* 5 U.S.C. § 552a(j)(2).  Systems of records containing investigatory material compiled for law enforcement purposes may be exempted from the Privacy Act provisions.  *Id.* § 552a(k)(2).  Pursuant to this authority, federal regulations exempt BOP's Inmate Central Records System.  28 C.F.R. § 16.97(a)(4) and (j);  *Martinez v. Bureau of Prisons,* 444 F.3d 620 (D.C.Cir. 2006);  *see also Ingram v. Gonzales*, 501 F.Supp.2d 180, 185 (D.D.C. 2007).  Because a PSI is maintained in the Inmate Central File System, See Hanks Dec. ¶ 6, plaintiff is barred from pursuing a Privacy Act amendment claim challenging the contents of a PSI. *White*, 148 F.3d at 1125; *Doyon v. U.S. Department of Justice*, 304 F.Supp.2d 32, 34 (D.D.C. 2004).  The C.F.R. also exempts these records from 5 U.S.C.. 552 a (e) (5) and (g), the  accuracy and civil remedies provision. As the system of records has been exempted from the section of the Privacy Act under which Plaintiff is seeking monetary relief, this suit should be dismissed for failure to state a claim.

Similarly, the criminal case files maintained by the United States Attorneys' Offices are exempt from the amendment-of-records and accuracy and  civil remedies  provisions of the Privacy Act.  *See* 28 C.F.R. § 16.81(a)(4); Stearns Dec at ¶10.

### The BOP has not Failed to Maintain Accurate Records

Even if plaintiff could bring a damages claim under the Privacy Act, his claims would fail. Plaintiff alleges that the Bureau of Prisons' continued reliance on and maintenance in his file of allegedly  inaccurate information in his presentence report is in violation of the Privacy Act.  An

16

individual may bring a civil action when an agency fails to maintain individual records with such accuracy, relevance, timeliness, and completeness necessary to ensure fairness in any determination related to . . . the individual.  See  5 U.S.C. § 552a (g)(1)(C).  However, in order to prevail, the failure to maintain the records in this manner must consequently result in a determination that is adverse to the individual.  *Id*.  Additionally, the civil remedy provided  under 5 U.S.C. § 552a (g)(1)(C) results in monetary liability only if the agency acted in a willful or intentional manner.  *See Deters v. U.S. Parole Comm'n*, 85 F.3d 655, 660 (D.C. Cir. 1996).    There is no provision for injunctive relief under (g)(1)c.  *See* 5 U.S.C. §§ 552a(g)(1)c and (4); *Risley v. Hawk*, 108 F.3d 1396, 1397 (D.C. Cir. 1997) (per curiam).

     To  prevail on an accuracy claim, the plaintiff must show (1) he has been aggrieved by an adverse determination; (2) the agency failed to maintain records accurately; (3) the reliance on the inaccurate information was the proximate cause of the adverse decision; and (4) the agency acted willfully or intentionally in failing to maintain accurate records.  *Deters*, 85 F.3d at 657.

     Plaintiff has failed to establish an actionable claim under all four elements.  First, Plaintiff has not identified how he has been adversely affected by his custody and security classification, or any other condition of confinement, due to the alleged use of unidentified false information.  Consequently, defendants are left to only speculate as to how, precisely, the alleged incorrect information has adversely impacted his sentence.

     To the extent Plaintiff believes the alleged incorrect information resulted in an inappropriate BOP custody or security classification, which would impact the BOP's decisions on where and under what conditions plaintiff would be confined, plaintiff does not have a constitutional right to any particular classification.  *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).  *See also Olim v.*

17

*Makinekona*, 461 U.S. 238 (1983) (BOP has broad discretion to determine a prisoner's place of confinement, and an inmate has no constitutionally protected interest in the place of confinement.). Additionally, the Fifth Circuit, for instance, has found "[i]mates have no protectable property or liberty interest in custodial classification." *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998) (*citing Wilson v. Budney*, 976 F2d 957, 958 (5th Cir.1992)); *Moody v. Baker*, 857 F.2d 256,257-58 (5th Cir.1988); *Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir.), cert. denied, 124 S.Ct. 432 (2003). "The classification of prisoners is a matter within the discretion of prison officials." *Whitley*, 158 F.3d at 889 *(citing McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990)). "Absent an abuse of discretion, federal courts are loathe to interfere with custodial classifications established by prison officials." *Whitley*, 158 F.3d at 889 (*citing Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989)). Moreover, it appears that plaintiff's classification is a result of his conviction and sentencing, not any particular error in documents in plaintiff's file.

Second, plaintiff has failed to adequately allege, or remotely establish, that the BOP failed to maintain the records accurately. As an initial matter, the record in question, the PSI, is not a document generated by the BOP. Although the BOP relies on the contents of the PSI to make custody and security classification decisions, it has no control over its initial contents and has no ability to unilaterally effect a revision of the contents. Even so, a challenge to the professional judgment of BOP officials in assessing points for purposes of establishing a prisoner's custody classification is not properly mounted by means of a Privacy Act suit. *Doyon v. U.S. Department of Justice*, 304 F.Supp.2d 32, 35 (D.D.C. 2004) (internal citations omitted).

Furthermore, a set forth below, plaintiff has not specifically identified to BOP staff what precise portions of his PSI purportedly are incorrect. Nor has plaintiff identified with any

particularity in the instant complaint the provisions of his PSI with which he takes exception. Because plaintiff has failed to specifically identify the portions of the PSI alleged to be incorrect, it cannot be said that the BOP has failed to maintain accurate information. Accordingly, the second prong is not satisfied. [4]

Third, plaintiff must prove that reliance on allegedly false information was the proximate cause of the adverse determination. The only way this prong would have any relevance was if the information was inaccurate. As previously explained, plaintiff has failed to identify the portions of his PSI alleged to be inaccurate; therefore, the BOP's reliance upon the PSI was correct.

Additionally, the final prong of the test has not been established. Plaintiff has not pointed to any intentional or willful conduct on the part of BOP or U.S. Probation Office officials in failing to maintain accurate records. To establish that an agency's actions were willful and intentional, "[t]he plaintiff must show that the defendant acted with something greater than gross negligence." *Tigerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987). "An agency acts in an intentional or willful manner either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act." *Bayless v. United States Parole Comm'n*, 1996 WL 525325 (D.D.C. 1996) (*quoting Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984)); *see also Andrews v. Veterans' Admin. of United States*, 838 F.2d 418, 425 (10th Cir. 1988), cert. denied, 488 U.S. 817, 109 S. Ct. 56 (1988); *Laningham v. United States Navy*, 813 F. 2d 1236, 1242 (D.C. Cir. 1987) (actions must be so 'patently egregious and unlawful' that anyone undertaking the conduct should have known it was unlawful.).

---

[4] To the extent that it is his conviction itself that plaintiff takes issue with, the BOP cannot unilaterally overturn his conviction or change the sentence imposed by the District Court.

Even reviewing the allegations in the complaint and the evidence in the light most favorable to the plaintiff, it becomes clear that there were no actions taken by employees of the named agencies where they willfully failed to correct the allegedly inaccurate information in the files. To the contrary, the Declaration of Case Manager Jan Hanks demonstrates the actions of the BOP were entirely appropriate. Responsibility to correct alleged inaccuracies in inmate files, including PSI's, falls within the responsibility of Case Managers. Hanks Dec. ¶ 5. Ms. Hanks remembers that plaintiff came into her office to voice complaints regarding his PSI. *Id.* ¶ 8. Instead of properly identifying specific portions of his PSI that he felt were incorrect, as Bureau policy requires, Mr. Ramirez simply stated that the Judge sentenced him illegally and that Probation used the wrong guidelines. *Id.* According to Case Manager Hanks, she probed Ramirez in an attempt to obtain specific information concerning his PSI from Ramirez, on which she could base a letter to Probation. *Id.* However, instead of providing this required detail, Ramirez simply handed her a two-inch thick stack of papers. *Id.* No supporting documentation was provided. *Id.* Ms. Hanks explained to plaintiff that more specific information was needed. *Id. ¶ 9.* Moreover, Ms. Hanks even provided plaintiff with a real-life specific example of what a properly submitted challenge should look like. *Id.* Despite these efforts, Ramirez left Hanks's office angry and never addressed this matter again with Ms. Hanks. *Id.* ¶ 10. Plaintiff never specified what particular facts he asserted were false in his PSI. Indeed, the administrative remedy documents show that plaintiff apparently expected BOP quickly to review a stack of DEA-6 reports, criminal complaints and the transcripts, make credibility determinations concerning the information, come to some general conclusion that plaintiff was improperly convicted and sentenced, and then totally disregard any information submitted to BOP in the PSI concerning plaintiff's conviction. BOP requested

20

specificity and documentation which plaintiff failed to supply.    It cannot be said that the BOP

willfully failed to correct records maintained in the Central File.

Similarly, plaintiff has failed to establish a violation by the USAO.  Plaintiff merely sent to

the USAO a letter alleging that inculpatory statements made by individuals and reported in DEA-6

reports and used in affidavits were "lies."  His letter to the USAO presented no supporting

documentation for his conclusory assertion.  Plaintiff did not contend that the statements were

not made by the individuals.  Thus, he does not contend that the records incorrectly reflect the

information that was told to the DEA by the witnesses or informants.  It is entirely proper for an

agency to maintain a record of statements made by individuals.

### Plaintiff has also failed to state a cause of action under *Sellers*

Plaintiff's Request for Administrative Remedy alleged that BOP's treatment of his

amendment request was contrary to  *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992).[5]

As explained by the Court of Appeals

> Sellers involved an inmate's challenge to the accuracy of a PSI. The PSI referred to a
> bank robbery charge that he claimed had been dismissed. He presented evidence
> showing that the probation office had erroneously submitted the PSI to the
> Commission and had asked the Commission to return it and not consider it. . . .The
> Commission failed to return it and used it in denying him parole. . . . . We concluded
> that the case was a "typical" Privacy Act case because whether the PSI had been
> improperly submitted to the Commission "was relatively easily ascertainable" and
> "capable of being verified." . . . . Consequently the Commission, having apparently
> made no effort to address his challenge before relying on the PSI to deny him parole,
> did not satisfy the Privacy Act merely by noting in his file that he disputed the
> accuracy of the PSI.

---

[5]    Subsequent to the opinion in *Sellers*, the BOP also exempted itself from the accuracy
provisions of the Privacy Act. ;  *Martinez v. Bureau of Prisons*, 444 F.3d 620 (D.C.Cir. 2006).
Accordingly, a *Sellers*-type claim is no longer available against the BOP.

*Deters v. U.S. Parole Com'n* , 85 F.3d 655, 659 (C.A.D.C.1996). Unlike the plaintiff in *Sellers*, Mr. Ramirez has failed to specify what particular information in the PSI he alleges is false and what documentation he has to support his allegation of falsity. Therefore, he has failed to show that the unknown falsity is relatively easily ascertainable and capable of being verified.

In *Sellers* it was easy to verify whether or not the bank robbery charge had been dismissed and whether or not the PSI with the charge had been submitted to the Commission.  Here, plaintiff's April 13, 2005 letter to the USAO W.D. Texas. indicates that plaintiff is contending that all of the inculpatory statements and testimony from witnesses or cooperators in his case was false. Although plaintiff calls the statements "lies" he has not explained or demonstrated in either his requests for amendment to BOP or the EOUSA nor in his complaint how the falsity of the statements can be easily verified.

Additionally,  he has not pointed out any specific information showing that anything in the PSI or USAO files was a verifiable lie.  Therefore, plaintiff's is not a "typical" Privacy Act case. Rather it is closer to *Doe v. United States*, 821 F.2d 694, 701 (D.C.Cir.1987) (en banc), in which the agency was not required to make a credibility determination concerning whether or not plaintiff had made an inculpatory statement in a one-on-one interview with an agent, but was allowed to simply include  plaintiff's version of the facts in the record.  Since plaintiff has offered only conclusionary statements that information was false, and has made absolutely  no showing that anything in the reports was false, his claim is meritless.  *See  Griffin v. Ashcroft*,  2003 WL 22097940, 1 (D.C.Cir.2003).[6]     The Privacy Act  does not entitle every inmate to a federal court trial to resolve

---

[6] Appellant's claim for damages under the Privacy Act also lacks merit. Appellant cites *Sellers* for the proposition that the BOP may not rely upon inaccurate

these issues. *See Graham v. Hawk*, 857 F.Supp. 38, 39 (W.D. Tenn. 1994), *aff'd*, 59 F.3d 170 (6th

Cir. 1995), which states that neither the case of *Sellers* nor the [Privacy] Act obliges an agency,

particularly the BOP, to necessarily resolve every disputed fact in an inmate's file. For example,

*Graham* goes on to state:

> The BOP is not obliged to exclude from its files every iota of disputed
> hearsay regarding prison inmates. Such a requirement is not reasonably
> necessary to assure fairness. To the extent that such records contain
> hearsay and reports from informants and unnamed parties, the records are
> maintained with adequate fairness if they accurately reflect the nature of
> the evidence. Here, the records clearly reflect that the threat allegation is
> merely that--a hearsay report from an unnamed informant. The BOP is
> not obliged to expunge such information, nor is it obliged to conduct a
> full-blown federal trial to resolve whether plaintiff actually did make
> threats.

*Id.* at 40 (internal quotations omitted). In the instant case, plaintiff does not appear to dispute the

---

information in a PSI report when determining a prisoner's custody classification.
*See* 959 F.2d at 312. Appellant offers no support, however, for the proposition
that the BOP may never rely upon evidence of crimes of which a prisoner was not
convicted when making custody classification determinations. *See* 18 U.S.C. §
3621(b)(2), (b)(3) (requiring BOP to classify prisoners based on both the "nature"
and the "circumstances" of the offenses for which they were convicted, as well as
the "history and characteristics of the prisoner."). Nor has appellant made any
showing that the facts regarding the "circumstances" of the relevant offense
contained in his PSI report were not accurate. Finally, even if the information
were inaccurate, appellant has not shown the BOP either had no grounds to
believe maintaining the information was lawful or that it flagrantly disregarded his
rights under the Privacy Act, *see Deters v. United States Parole Comm'n*, 85 F.3d
655, 660 (D.C.Cir.1996), much less that its action was so "patently egregious" or
"unlawful" that "anyone undertaking the conduct" would have known it was
unlawful. *See Laningham v. United States Navy*, 813 F.2d 1236, 1242
(D.C.Cir.1987).

*Griffin v. Ashcroft*, 2003 WL 22097940, 1 (D.C.Cir. 2003)
.

accuracy of the records which state that a particular individual or individuals  made certain statements implicating him in an offense.  He only asserts that the individual(s) was lying.  However, the record accurately reflects the nature of the evidence.  The BOP is not required to retry plaintiff's case and reassess credibility determinations made by a jury and trial judge.  Similarly, the USAO records reflect that the statements were made by the witness.  Whether the statement was true or false,  plaintiff does not dispute that  the records accurately  reflect the statement which was made.   Obviously, the jury in plaintiff's criminal trial believed that testimony against him was true.  *See* Texas Docket # 469 and 476.   Therefore there is no basis for his claim under the Privacy Act.

It is clear that plaintiff is attempting to use the Privacy Act to attack his sentence.  His assertion that the sentencing Court relied on improper material is an issue for appeal or other collateral attack, not for a Privacy Act suit.  *See Cooper v. U.S. Department of Treasury, Drug Enforcement Agency, Asset and Forfeiture Section*,  2006 WL 637817, 2 (11th Cir.2006) ("Cooper cannot raise the instant argument, at this late date, in the context of a Privacy Act claim. *Cf. Whitley v. Hunt*, 158 F.3d 882, 889-90 (5th Cir.1998) (affirming as frivolous a Privacy Act claim because '[t]he appellant] is essentially claiming that his sentence itself was incorrectly entered. That is an issue that should have been resolved on direct appeal from his criminal conviction.'), abrogated on other grounds by *Booth v. Turner*, 532 U.S. 731,. . .(2001));  *Clark v. Chandler*,  64 Fed.Appx. 417 (C.A.5 2003)("To the extent that Clark is challenging the accuracy of the findings and calculations contained in the PSR, his claim is not cognizable under the Privacy Act. *See* 5 U.S.C. § 552a. A challenge to a federal sentence that is based on the incorrect application of the sentencing guidelines should be brought on direct appeal. See 18 U.S.C. §

24

3742(a) ).

**Monetary damages should not be awarded, as Plaintiff has not demonstrated any actual harm**.

Plaintiff requests damages in excess of $250 million pursuant to 5 U.S.C. § 552a(g)(4). As set forth above, a money damages claim under the Privacy Act is not available to plaintiff, but if one were, his claims would fail. "To state a claim for money damages under the Privacy Act, a plaintiff must assert that an agency failed to maintain accurate records, that it did so intentionally or willfully, and consequently, that an adverse determination was made respecting the plaintiff. 5 U.S.C. § 552a(g)(1)c." *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002) (internal quotation marks omitted). As has been discussed *supra*, there is no indication the BOP failed to maintain accurate records, that any actions of staff were intentional or willful, or that the custody determinations made concerning inmate Ramirez were adverse, as Plaintiff has no right to a particular custody classification. The Supreme Court recently held the entitlement to recovery necessary to qualify for the $1,000 minimum under § 552a is not shown merely by an intentional or willful violation of the Act producing some adverse effect. *Doe v. Chad*, 124 S.Ct. 1204, 1212 (2004). The statue guarantees $1,000 only to plaintiffs who have suffered some actual damages. *See id.* Plaintiff in the instant case has not listed any actual damages which would be compensable under the Privacy Act. As such, any request for monetary compensation should be denied.

**Plaintiff's Claims Against Defendants in Their Individual Capacities must Be Dismissed Because the Plaintiff Failed to Effect Personal Service upon Those Defendants and the Court Lacks Personal Jurisdiction over Said Defendants**

Individually-named defendants sued in their personal capacities must be served with

25

process in accordance with rules applicable to individual defendants.  *See Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997)(defendants in *Bivens* action must be served as individuals, pursuant to Fed. R. Civ. P. 4(e)).  Rule 4(e)(2) of the Federal Rules of Civil Procedure requires that a copy of the summons and complaint be delivered to the defendant (or his appointed or legal agent) personally, or be left "at his dwelling house or actual place of abode with some person of suitable age and discretion" who resides there.  Rule 4(e)(1) would permit service in this case in accordance with the service rules for the court of general jurisdiction for the District of Columbia, which establish, in pertinent part here, service requirements parallel to those under the Federal Rules.  *See* D.C. Superior Court Civil Rules, Rule 4.  Service on the Attorney General of the United States and the U.S. Attorney for the district in which the action is brought, pursuant to the rules applicable to official capacity suits, "does not obviate the requirement of personal service. . .  where the action is in substance against a federal official in his individual capacity."  *Lawrence v. Acree*, 79 F.R.D. 669, 670 (D.D.C. 1978); *See Simpkins*, 108 F.3d at 369.  Moreover, the law of the District of Columbia is clear that service upon an individual is not effected by leaving a copy of the complaint at his or her place of business with one who has not been specifically appointed as the individual's personal agent for that purpose. *See Leichtman v. Koons*, 527 A.2d 745, 747 and n.5 (D.D.C. 1987)(office employee with authority to receive business mail does not, by virtue of that position, have authority to receive process, and actual knowledge of the existence of a lawsuit is no substitute for personal service).

Return of service affidavits only have been returned for defendants Olivari; Mcgehee; Hanks; Cruz; Outlaw; Maldonado and Watts.  Except for Mr. Watts, the affidavits do not reflect personal service on any individual defendants, merely the receipt of certified mail at their places

26

of business.   Docket entry No. 10.[7]    The record also shows no personal jurisdiction over said

defendants as there is no evidence that they reside or work in Washington, D.C.   (Other than

Watts who apparently works in the District of Columbia, the record reflects that these individuals

work in either Texas or Louisiana.   See generally Complaint.) Plaintiff also has named certain

"John Does" as defendants.   Unless an unnamed/unidentified defendant voluntarily makes an

appearance or otherwise waives the lack of personal jurisdiction defense, however, the Court

lacks personal jurisdiction over that defendant  *E.g. Shipkovitz v. Mosbacher*, Civ.A.No. 90-

2159(CRR), 1991 WL 251864 (D.D.C. Nov. 12, 1991), *aff'd*, 1992 WL 394489 (D.C. Cir. Nov.

5, 1992)(dismissing claims against John Doe defendant because D.C. Code did not provide for

such constructive service).  *See* Fed.R.Civ.P. 12(b)(2).

    Accordingly,  except for possibly one defendant,  plaintiff has failed to effect proper

service on any defendant in his or her individual capacity, and the claims against those

defendants in their individual capacities should be dismissed.

    Additionally, venue for a *Bivens* suit against individual defendants does not properly lie

in the District of Columbia.   There is no evidence that all of the defendants reside in the District

of Columbia nor a did a substantial portion of the events or omissions giving rise to a  *Bivens*

claim occur in the District of Columbia.   28 U.S. C. §1391 (b).  In this matter, the  substantial

portion of the alleged events or  omissions occurred in Texas.

    **To the extent the complaint is viewed as brought under *Bivens*, it must be dismissed**

---

[7]   The return of service affidavit for Harold Watts does reflect that he was personally
served.  Docket Entry 13.

27

**because the federal defendants are entitled to qualified immunity from suit. [8]**

Individually-named federal defendants sued for money damages for violations of constitutional rights are immune from suit under the doctrine of qualified immunity if, inter alia, the complaint fails to allege facts that give rise to the violation of a clearly-established constitutional right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)(government officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known). *See also Mitchell v. Forsyth*, 472 U.S. 511, 526(1985)("[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.")

Under the "clearly established" inquiry, a *Bivens* defendant need not demonstrate that the law was specifically established in his favor at the time he acted (i.e., "that a Supreme Court opinion had specifically approved their actions"), but only that the law was unsettled at the time. *Zweibon v. Mitchell*, 729 F.2d 162, 173-74 n.19 (D.C. Cir. 1983), cert. denied, 469 U.S. 880 (1984). "[O]nce the trial judge determines the law was not clearly established at the time the contested conduct occurred, the inquiry ceases." *Zweibon*, 720 F.2d at 168 (citing *Harlow v. Fitzgerald, supra.*)

The individually-named defendants are immune from suit in this action because the complaint does not allege the violation of constitutional rights clearly established under law.  As

---

[8]  To the extent that defendant Watts is being sued for his role in the denial of plaintiff's administrative remedy, he would be protected by absolute immunity because his role is quasi judicial.  *See Butz v. Economou* , 438 U.S. 478, 513-514  (1978).

noted above, plaintiff only has alleged that federal agencies did not   amend records under the

Privacy Act.  Plaintiff simply has failed to allege any violation of a clearly established right by

any individual defendant.  Therefore, the defendants are entitled to qualified immunity from suit.

Plaintiff asserts that he is seeking relief because of his inability to obtain requested

amendment of his presentence report and agency criminal investigative files.  Therefore, his

claim is one which falls under the Privacy Act.  When a plaintiff's claims are encompassed within

the remedial scheme of the Privacy Act,  courts have concluded that a *Bivens* remedy is not

appropriate. *Chung v. U.S. Dept. of Justice,*  2001 WL 34360430, 10 (D.D.C.2001) affirmed in

part on *Bivens* issue by 333 F.3d 273 (D.C.Cir. 2003.); *Griffin v. Ashcroft*,  2003 WL 22097940,

2(D.C.ir. 2003)*; Spagnola v. Mathis*, 859 F.2d 223, 228 (D.C. Cir 1988)(*en banc*)(no Bivens

remedy available if a statute provides a "comprehensive system to administer public rights").

Here, plaintiff's claims are properly addressed by the detailed process available under the Privacy

Act. .  Therefore, to the extent that plaintiff is pursuing  *Bivens* claims, they must fail.

**To the extent plaintiff may be construed to be suing the federal  defendants in their
official capacities, the suit is barred by the doctrine of sovereign immunity.**

Plaintiff's claims against the federal defendants in their official capacities are, under law,

claims asserted against the United States.  *Atchison v. District of Columbia*, 73 F.3d 418, 424

(D.C. Cir. 1996)(government officials are not personally liable for damages when sued in their

official capacities; damages action is equivalent to one against the government itself).  The

United States, as sovereign, "is immune from suit save as it consents to be sued, and the terms of

consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States*

29

*v. Sherwood*, 312 U.S. 586, 770 (1941); *United States v. Testan*, 424 U.S. 392, 399

(1976)("except as Congress has consented to a cause of action against the United States, 'there is

no jurisdiction...to entertain suits against the United States'")(quoting *Sherwood*).

      Where the federal government waives its immunity from suit, "limitations and conditions

upon which the Government consents to be sued must be strictly observed, and exceptions

thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 160-61 (1981).  Such waivers

are construed strictly in favor of the sovereign.  *Library of Congress v. Shaw*, 478 U.S. 310, 318

(1986).  That a plaintiff may name federal employees as defendants in their official capacities

does not operate to evade the immunity of the sovereign.  *See Clark v. Library of Congress*, 750

F.2d 89, 102-04 (D.C. Cir. 1984).

      Therefore, to the extent that plaintiff seeks money damages against the unnamed and

named individual federal defendants in their official capacity for alleged constitutional violations,

his complaint  must be dismissed for lack of subject matter jurisdiction because the United States

has not waived sovereign immunity for such claims.  *FDIC v. Meyer*, 510 U.S. 471, 478

(1994)(United States has not waived sovereign immunity for money damages sounding in

constitutional tort); *Chen v. United States*, 854 F.2d 622, 625-25 (2d Cir. 1988)(United States has

not waived sovereign immunity for claims based on violations of constitution, statute or

regulations).

**Plaintiff Has Failed to State a Cause of Action Against Individually Named Defendants**

      For the reasons stated above plaintiff has failed to state a cause of action for which he

may obtain relief against the individually named and unnamed defendants under the Privacy Act

and *Bivens.*   He also has no cause of action pursuant to 42 U.S.C. §1983 because he has not

alleged any acts under color of state law.   This provision cannot be used to proceed against employees of the federal government, only against state officials.  *E.g., Abramson v. Bennett*, 707 F.Supp. 13, 16 (D.D.C.), *aff'd,* 889 F.2d 291 (D.C. Cir. 1989)("Section 1983 only applies to state officials acting under color of state law", not to federal officials).

It is entirely unclear from plaintiff's complaint the specific wrongful acts allegedly undertaken  by the named and unnamed defendants in violation of *Bivens*.  Plaintiff needs to do more than cursorily allege that his rights were violated in order to sustain a claim against the defendants in their individual capacity.  He must describe or identify the specific act of unlawful conduct in which each defendant engaged.  Since he has not done so here, his complaint should be dismissed.   The facts alleged in the complaint 'must be enough to raise a right to relief above the speculative level,'. . . or must be sufficient 'to state a claim for relief that is plausible on its face.'"  *Dye v. U.S.*, 516 F.Supp.2d 61, 67 -69 (D.D.C.2007).  Plaintiff has totally failed to allege any facts sufficient to state a *Bivens* claim against any individually named defendant.   Therefore his claims should be dismissed.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint should be dismissed as to all defendants.

Respectfully submitted,

_____
      /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
      /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

31

_____/s/ Rhonda C. Fields_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 30th day of May, 2008, a copy of the foregoing motion to dismiss or in the alternative for summary judgment was mailed, postage prepaid to plaintiff pro se

JESSE RAMIREZ
R31805-180
POLLOCK
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 2099
POLLOCK, LA 71467

                                           /s/
                                   Rhonda C. Fields
                                   Assistant United States Attorney

.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JESSE RAMIREZ** | § | |
| | § | |
| | § | |
| **v.** | § | **Case Number 1:07CV02226** |
| | § | |
| | § | |
| **DEPARTMENT OF JUSTICE, ET AL** | § | |

## DECLARATION OF JAN HANKS

In accordance with the provisions of 28 U.S.C. § 1746, I, Jan Hanks, make the following

unsworn declaration, under penalty of perjury, pertinent to the above-styled and numbered cause:

1.    I am presently employed with the U.S. Department of Justice as a Case Manager

with the Federal Bureau of Prisons (BOP). I am assigned to the United States Penitentiary in

Beaumont, Texas (USP Beaumont), where I have been employed since 1996. As part of the

normal course of my duties, I have access to inmate records maintained by the BOP in the

ordinary course of business. Included among these records are various documentation

maintained in inmate Central Files, which includes Pre-Sentence Investigation Reports (PSI).

2.    The statements I make hereinafter are made on the basis of my review of the official

files and records of the BOP, my own personal knowledge, or information acquired by me

through the performance of my official duties. I am familiar with the process and procedures

used by the BOP to verify contents of PSI's or to attempt a correction of records containing

information alleged to be inaccurate.

3.    I reside in Texas and have lived here for 38 years. I do not own any property and do

not conduct business in Washington, D.C. I was last present in Washington, D.C. approximately eight years ago on TDY unrelated to this case..

4.    I have reviewed the complaint filed by Mr. Ramirez in this case. I understand that he alleges the BOP and BOP staff, including myself, have refused to correct inaccurate information located in his PSI when he was housed at USP Beaumont.

5.    As a Case manager, one of my duties is to assist inmates when they claim there are inaccurate records maintained by the BOP that are relied upon by the BOP.

6.    According to BOP policy, which is outlined in Program Statement 5800.11, inmates may challenge the accuracy of information located in his Central File, which would include a PSI. In order to assert a challenge, policy requires the inmate to "provide staff with sufficient information in support of a challenge." If an inmate submits this required information, then staff will then take "reasonable steps" to ensure the information is correct.

7.    In the past, when inmates have provided me specific information regarding an alleged inaccuracy in a PSI, I have attempted on numerous occasions to resolve the inaccuracy with the United States Probation Office. Per policy, however, the inmate must provide me with sufficiently detailed information to allow me to draft a specific letter to the originating agency responsible for generating the document detailing the alleged inaccuracy. Where possible, supporting documentation is always helpful. A general statement, such as "my PSI is wrong," is not specific enough to warrant a written letter to the United States Probation Office or sentencing court.

8.    I remember Mr. Ramirez claiming to me that his PSI was inaccurate. He entered my office approximately sometime around September or October 2006 and stated that he was

sentenced illegally by the Judge. He also stated that the United States Probation Department used the wrong guidelines to sentence him. I probed Ramirez to explain to me with more specific detail how his sentence was illegal, or which specific guideline was inappropriately used. Instead of providing this detail, he merely handed me stack of papers that was approximately two inches thick with no specific inaccuracies tagged for my reference. No supporting documentation or any more detail was provided to me.

9.    I explained to Ramirez that in order for me to contact his sentencing court or the Probation Office, I would need more detail as to what, specifically, was inaccurate; i.e., what paragraph of the PSI, what Guideline should not apply, etc. I also gave him a recent example of an inmate that challenged an alleged inaccuracy in his PSI, which resulted in me contacting the United States Probation Office. In this case, as explained to Ramirez, the inmate pointed me to the alleged inaccuracy in his PSI, stated how he thought it should be changed and provided me with supporting documentation.

10.    Despite my attempts to obtain more specific information from Ramirez, he left my office angry. Although he stated he would come back with more specific information, he never addressed this matter with me again. Nor did I receive written communication from Ramirez on this issue. After this encounter, Ramirez filed administrative remedies through the BOP stating I, and the BOP, intentionally refused to assist him in correcting records.

11.    I deny any allegation of wrongdoing, as I have responded to Ramirez's issues in a good faith effort to resolve his concerns.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 12 day of May, 2008.

Page 3 of  4

Jan Hanks



**U.S. Department of Justice**
Federal Bureau of Prisons

# Change
# Notice

**DIRECTIVE BEING CHANGED:** 5800.11
**CHANGE NOTICE NUMBER:** 01
**DATE:** 12/31/97

1.  <u>PURPOSE AND SCOPE</u>.  This Change Notice incorporates an Executive Staff decision and amends the filing requirements for documents to be contained in the Inmate Central File.

2.  <u>SUMMARY OF CHANGES</u>.  The September 1997 Executive Staff meeting approved the maintenance of inmate cenral files at High security level facilities in either a centralized location or within the functional unit with Regional Director approval.

The Central Inmate Monitoring White Card has been reinserted as a document to be filed in Section One of the Inmate Central File. The "White Card" is also a core document that is to be included in the establishment of a second volume of an inmate's central file.

The filing requirement for an inmate's telephone list has also been clarified.

3.  <u>TABLE OF CHANGES</u>

    <u>Remove</u>                <u>Insert</u>

    Pages 5 - 8          Pages 5 - 8
    Pages 15 - 16       Pages 15 - 16

4.  <u>ACTION</u>.  File this Change Notice in front of PS 5800.11, Inmate Central File, Privacy Folder, and Parole Mini-Files.

                         /s/
                  Kathleen M. Hawk
                  Director

**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

**OPI:** CPD
**NUMBER:** 5800.11
**DATE:** September 8, 1997
**SUBJECT:** Inmate Central File, Privacy
Folder, and Parole Mini-Files

1.  <u>PURPOSE AND SCOPE</u>.  The Bureau of Prisons maintains complete information on all inmates confined in Bureau institutions. Staff use the Inmate Central File, Privacy Folder, and Parole Mini-file to maintain pertinent information regarding a detainee, unsentenced and sentenced offenders.

The Bureau of Prisons has had numerous policy sources on all facets of the Inmate Central File System.  This Program Statement consolidates many of these sources for easier reference.  This issuance sets forth guidelines in the following areas:

    a.  Inmate Record Functions,
    b.  Inmate Central Files,
    c.  Standardization of Inmate Central File Material,
    d.  Maintenance, Security, and Access Responsibilities and
       Procedures,
    e.  Routine Uses of Inmate Central File,
    f.  Disclosure of Inmate Central File Materials,
    g.  Inmate Review of Inmate Central File,
    h.  Documentation of Oral Disclosure,
    i.  Transfer of Records Between Bureau Facilities,
    j.  Requests for Forwarding of Inmate Files,
    k.  Retirement of Inmate Central File, and
    l.  Parole Mini-files.
    m.  Pretrial Inmate File Material/Immigration & Naturalization
       Service (INS) Detainees

2.  <u>PROGRAM OBJECTIVES</u>.  The expected results of this program are:

  a.  Inmate files will be maintained with complete information on each inmate confined in a Bureau of Prisons institution.

  b.  U.S. Parole Mini-Files will be completed and accessible to the U.S. Parole Commission for all inmates specified in this Program Statement.

3.  <u>DIRECTIVES AFFECTED</u>

   a.  <u>Directive Rescinded</u>

      PS 5800.09      Inmate Central File, Privacy Folder and
                      Parole Commission Files (7/21/93)

   b.  <u>Directives Referenced</u>

      PS 1330.13      Administrative Remedy Program (12/22/95)
      PS 1351.04      Release of Information (12/5/96)
      PS 5100.06      Security Designation and Custody
                      Classification Manual (6/7/96)
      PS 5180.04      Central Inmate Monitoring System (8/16/96)
      PS 5310.12      Psychology Services Manual (8/30/93)
      PS 5321.06      Unit Management (7/31/96)
      PS 5800.07      Inmate Systems Management Manual (12/24/91)
      PS 7331.03      Pretrial Inmates (11/22/94)

      TRM 5802.01     SENTRY General Use Technical Reference Manual
                      (06/01/94)

      Federal Register, Volume 41, Number 181 (9/16/76)

4.  <u>STANDARDS REFERENCED</u>

   a.  American Correctional Association 3rd Edition Standards for
Adult Correctional Institutions:  3-4092, 3-4093, 3-4095,3-4096,
3-4233, 3-4234.

   b.  American Correctional Association 3rd Edition Standards for
Adult Local Detention Facilities:  3-ALDF-1E-05, 3-ALDF-1E-01,
3-ALDF-1E-02, 3-ALDF-1E-04, 3-ALDF-1E-05, 3-ALDF-1E-06, 3-ALDF-
IF-08, 3-ALDF-3C-19, 3-ALDF-3C-20.

   c.  American Correctional Association 2nd Edition Standards for
Administration of Correctional Agencies:  2-CO-1E-01, 2-CO-1E-02,
2-CO-1E-03, 2-CO-1E-04, 2-CO-1E-06, 2-CO-1E-07, 2-CO-1E-08,
2-CO-1E-09.

   d.  American Correctional Association Standards for Adult
Correctional Boot Camp Programs:  1-ABC-1E-04, 1-ABC-1E-05, 1-
ABC-1E-06, 1-ABC-1E-07, 1-ABC-1E-08, 1-ABC-3C-13.

5.  <u>PRETRIAL PROCEDURES</u>.  File materials for pretrial inmates
shall be kept in letter size, straight cut, drop file folders.
The location of the folders shall be identified in the local
Institution Supplement at the Warden's discretion.  Depending on
where the pretrial file is maintained will determine the
appropriate accountability procedures.  For example, if the file
is maintained in Inmate Systems Management (ISM), ISM will
account for the file folders according to the ISM Department

accountability procedures; likewise, if the file is maintained in
the unit, the unit will account for the file folders according to
unit accountability procedures.  In either situation,
accountability procedures shall be established and outlined in
the Institution Supplement.

Staff shall adhere to the general requirements concerning the
handling of inmate files addressed in this Program Statement.
Pretrial file material shall include any documentation normally
retained for a sentenced inmate.  FOI Exempt material shall be
placed in the drop file folders appropriately stamped "FOI
Exempt."

6.  <u>DETAINEES (INS)</u>.  Institution staff shall maintain the Inmate
Central File on an inmate who completes his/her sentence and is
reclassified as an INS detainee.  The existing Inmate Central
File shall incorporate any documents accumulated during his/her
status as an INS detainee.  The existing Inmate Central File
shall be maintained active until the inmate is removed from the
institution by INS officials.

For inmates who are initially classified as INS detainees and
therefore have had no previous Inmate Central File created,
institution staff shall adhere to Section 5 (Pretrial Procedures)
of this Program Statement on specific instructions on file
materials for INS detainees.  The Institution Supplement shall
address the location of the files and establish file
accountability procedures.

6.  <u>WITNESS SECURITY FILES</u>.  Because of the sensitivity of
Witness Security Cases, procedures for handling these files may
differ.  For specific instructions refer to the Central Inmate
Monitoring Manual and/or the Protective Custody Unit Manual.

7.  <u>INMATE RECORD FUNCTIONS</u>.  Many inmate administrative and
clerical functions are appropriately performed in the unit while
others are appropriately performed in the ISM Department.
Normally, the functions of Central Files, Privacy Folder, and
mini-files created for use by the U.S. Parole Commission are
separated by Unit Staff/ISM Staff responsibilities in the
following manner.

   a.  <u>Unit Functions</u>

- Create Inmate Central Files,
- Create Privacy Folder,
- Maintain Inmate Central File,
- Monitor the filing/security of Inmate Central File, and
- Create Parole Mini-files.

PS 5800.11
September 8, 1997
Page 4

b.  Inmate Systems Management Functions

- Coordinate movement of Central Files/Central File material to units,
- Interagency transfer of files, and
- Retirement and retrieval of inactive files.

c.  Regional Inmate System Functions

- Create and maintain State concurrence Central Files.

d.  Community Corrections Managers Functions

- Create and maintain Inmate Central Files on Federal inmates being boarded in state facilities (State Boarders).

8.  INMATE CENTRAL FILE

   a.  Documents File.  Part of the Inmate Central Records System is defined in the Federal Register, September 16, 1976, Volume 41, No. 181, page 39918.

   b.  Creation.  Each Unit Secretary shall review the SENTRY Daily Log for unit assignments and create the Inmate Central File and Privacy Folder immediately after the assignment to a housing unit at the institution to which the inmate has been designated. Inmates who have been previously classified and who are subsequently transferred from other Bureau institutions ordinarily shall not require creation of another Inmate Central File.  Former files on individuals recommitted under the same sentence shall be reactivated.

   The six-position Inmate Central File Folder shall be used, along with a pressure-sensitive label.  Tattered or torn file folders should be replaced.  The General Services Administration currently supplies the Inmate Central File Folder.  Specific details and ordering instructions may be obtained from the institution Business Office.

   c.  Location.  The Inmate Central File is maintained at the current or last institution or facility of confinement.  Once the inmate has been released, refer to the Inmate Systems Management Manual for further instructions.

   d.  Categories of Individuals Covered.  Current and former sentenced inmates under the custody of the Attorney General of the United States to include Study and Observation cases.

   e.  Organization.  The six-position Inmate Central File folder provides for the organization of filed material, topically, as follows:

PS 5800.11
CN-01 12/31/97
Page 5

| Section No. | Topic |
|---|---|
| 1. | Sentence Data/Detainers/IFRP |
| 2. | Classification/Parole Material |
| 3. | Mail, Visits, and Property, etc. |
| 4. | Conduct, Work and Quarters Reports |
| 5. | Release Processing |
| 6. | General Correspondence |

In addition, a Privacy Folder, attached to the top of Section 5, provides a receptacle for storing Freedom of Information Act (FOIA) Exempt material.  The department responsible for ordering Privacy Folder inserts shall consult the institution Business Office to ensure proper procedures are followed.

   f.  Standardization of Inmate Central File Material.  Standardization streamlines the filing of material, expedites accessibility and retrieval of data, and eliminates the need to rearrange files of inmates transferring into the unit.

     (1)  Responsibilities.  All institutions shall comply with the standardized system for organizing material in the Inmate Central File and Privacy Folder.

     Unit Managers are ordinarily responsible for ensuring all Inmate Central Files and Privacy Folders are organized as stated herein.  At institutions retaining a centralized file system, the Warden shall designate staff accountable for standardized filing of material.

     (2)  Requirements.  Detailed instructions for the order of routine filing are included in Section 9 of this Program Statement, with the filing of FOIA Exempt materials in the Privacy Folder detailed in Section 10.

     (3)  Storage.  Files shall be stored alphabetically.

   g.  Multiple Volumes.  When it becomes necessary to establish a second volume of an inmate's Central File, the second volume shall be created containing all the original core documents required for an initial file.

(1)  Core Documents.  Core documents shall include:

*
        (a)  CIM White Card                                              *
        (b)  Intact FOIA Exempt section from primary volume
        (c)  J&C
        (d)  PSI
        (e)  Chronological Disciplinary Record for Incident
             Reports written before December 1, 1990.

PS 5800.11
CN-01 12/31/97
Page 6

(2)  <u>Privacy Folder</u>.  A new Privacy Folder shall not
ordinarily be re-created.  Staff shall remove the FOI Section
from the preceding volume and insert it in the newly created
volume.

(3)  <u>Controls</u>.  Multiple volumes shall be clearly identified on
the check-out cards, file tabs, and on the file cover (i.e.,
Volume I of III, Volume II of III, etc.)

- A Check-out Card (BP-387) shall be used for each
  volume.

- If all volumes of multiple files are not maintained in
  the regular Central File cabinet, the current volume is
  to be marked as to the location of the other volume(s).

- Each **volume** shall be accounted for daily.  Thus the
  total file count will exceed the inmate count when
  multiple volumes exist.

- At the beginning of each month, a list of inmates with
  multiple volume files is to be included on the file
  count record noting the number of volumes.  Addition
  and deletion of files and volumes of files will then be
  noted on the file count record for the remainder of
  that month.

- Multiple volume files shall be created chronologically,
  maintaining the six-position file's order.

9.  <u>INMATE CENTRAL FILE ORDER</u>.  The six-position Inmate Central
File provides for the organization of filed material.  Material
shall be filed in the following order in the Inmate Central File
(top to bottom) by sections when the document, report, etc. is
appropriate, available, and disclosable to the inmate.

  a.  <u>Section One:  (Sentence Data/Detainers/Inmate Financial
Responsibility Program)</u>

\*            (1)  CIM White Card                                    \*
             (2)  SENTRY Sentence Computation Record (most current)
             (3)  Copy of Judgment in a Criminal Case or Judgment and
                  Commitment Papers (all)
             (4)  Financial Responsibility SENTRY Module Contract (most
                  current)

        (a)  Installment Schedule Agreement for Unpaid Fines form
                  (if applicable)
        (b)  Cost of Incarceration Fee form (BP-546) (if
             applicable)
        (c)  Correspondence relating to IFRP
             i.e. (BP-445's, Financial Litigation Unit
             Correspondence)

PS 5800.11
CN-01 12/31/97
Page 7

    (5)  Extra Good time Recommendation (BP-390) (all)
    (6)  Statutory Good Time Action Notice (BP-389) (all)
    (7)  Good Conduct Time Action Notice (BP-448) (all)
    (8)  Detainer Action Letter (BP-394) (all)
    (9)  Interstate Agreement on Detainer forms (BP-235 through 239) (copy, if applicable)
  (10)  FBI Fingerprint Report (RAP Sheet) or request for RAP Sheet; no Bureau run NCIC/III records in disclosable portion of File
  (11)  Disclosable AO-235/AO-245/USA-792, (with response, if applicable)

b.  <u>Section Two:  (Classification and Parole Materials)</u>

    (1)  Inmate Activity Record form (BP-381); new form for each institution (all)
    (2)  In-Transit Data form (most current)
    (3)  Copy of Transfer Order (BP-399) (all)
    (4)  Copy of Redesignation Approval, SENTRY Clearance Data - no separatees listed (most current)
    (5)  Request for Transfer (all)
    (6)  Request for Management Variable Application/Updated Expiration Date or PSF Waiver (all)
    (7)  Custody Classification form (most current; all exception cases resulting in custody reductions)
    (8)  Parole forms (in chronological order) (all)

      (a)  Parole Commission Appeals, National/Regional
      (b)  Notice of Action
      (c)  Notice of Action, Part II-Salient Factor
      (d)  Waiver of Notice, Representation or Disclosure Staff Representative form
      (e)  Notice of Hearing
      (f)  Parole Application/Waiver (I-24)
      (g)  Background Statement of Inmate (I-32)
      (h)  Attorney Witness Election forms (I-16) and (CJA 22)

    (9)  Related Correspondence to Parole Commission (all)

      (a)  Parole Violation Warrant Application
      (b)  USPO packet excluding duplication

  (10)  Most current Progress Report
  (11)  Classification Material

      Program Review forms (BP-191) (6 most current)

  (12)  Treaty Transfer Packet (copy, if applicable)

      (a)  Transfer Inquiry form (BP-297) (if applicable)
      (b)  Treaty Transfer Case Summary (if applicable)

    (13)  Executive Clemency Report (if applicable)
    (14)  Request for PSI (U.S. District Courts Only)
    (15)  Security Designation form (BP-337)
    (16)  Presentence Investigation Report (PSI) (U.S. District Courts Only)/Probation Violator Report
    (17)  Correspondence relating to PSI (disclosable)

c.  <u>Section Three:  (Mail, Visits, Property, etc)</u>

    (1)  Extra Photographs, stored in envelope (most current)
    (2)  Social Security Card, Drivers License, etc. (stored in envelope; send to R&D upon release)
    (3)  Approved Visiting List (most current)
    (4)  Correspondence relating to Visiting List (disclosable)
*    (5)  Telephone List (most current since the last Program Review)  *
    (6)  Telephone Number Request form (BP-505) (all)
    (7)  Correspondence relating to Telephone List (disclosable)
    (8)  Inmate to Inmate Correspondence Approvals (all)
    (9)  Acknowledgment of Inmate (BP-407/408) (all)
  (10)  Inmate Personal Property Records (BP-383) (all)
  (11)  Confiscation & Disposition of Contraband forms (BP-402) (all)
  (12)  Commissary Issue Card form (most current)
  (13)  Request/Authorization to Mail Inmate Packages (BP-329) (maintain for two years)
  (14)  Authorization to Receive Packages or Property (BP-331) (maintain for two years)
  (15)  Injury Report - Inmate (BP-S140.016) (all)
  (16)  Uniform Basic Safety Regulations (BP-169) (most current)
  (17)  Institution AIDS Training (most current)
  (18)  Admission and Orientation Program Checklist (all)
  (19)  Intake Screening form/(Rights & Responsibilities (all)
  (20)  Medical/Psychology Intake Screening Form (BP-354) (all)

d.  <u>Section Four:  (Conduct, Work, Quarters Reports, etc)</u>

    (1)  Chronological Disciplinary Record for Incident Reports written prior to December 1, 1990
    (2)  Incident Reports, UDC Actions (all)
    (3)  Discipline Hearing Officer Packet; file each UDC/DHO action as a packet in chronological order (all)

    (a)  Incident Report (BP-288)
    (b)  Inmate Rights at Discipline Hearing (BP-293)
    (c)  Notice of Discipline Hearing Before the DHO (BP-294)
    (d)  Duties of Staff Representative (BP-306)
    (e)  Waiver of Appearance (BP-307)
    (f)  Discipline hearing Officer (DHO) Report (BP-304)
    (g)  DHO Checklist (BP-447)
    (h)  Administrative Detention Order (BP-308)
    (i)  Special Housing Unit Record (BP-292)
    (j)  Special Housing Review (BP-295)

    (k)  Temporary Placement in Disciplinary Segregation
        Order (BP-321), including any supporting disclosable
        documentation

(4)  Work Performance Rating forms, UNICOR and IPP (purged
     after incorporated into the inmate's progress report)
(5)  Request for Vacation (most current)
(6)  Education Data

    (a)  Education Data Transcript (most current)
    (b)  High School Diploma or proof of its attainment GED
    (c)  V/T Certificates (all)
    (d)  Other Education Related Documents

(7)  Drug Abuse Program correspondence (most current
     on top)

e.  <u>Section Five:  (Release Processing)</u>

(1)  Institution/Unit Release Preparation Checklists (most
     current)
(2)  Program Review Report (BP-571) (if applicable; original
     report regarding Notification of Prisoner Release)
(3)  Notification of Community Treatment Programs form (if
     applicable)
(4)  USPO Plan Approval (most current)
(5)  Parole Certificates, Parole form (H-13) (all)
(6)  Parole Certificate Request form (most current)
(7)  Release Correspondence (Pre-release progress report
     receipts) (most current)
(8)  Notice of Release and Arrival, Parole form (I-13) (all)
(9)  Deportation Notice (Parole form 55) (all)
(10)  Supervision Release Plan form (BP-522) (all)
(11)  Inmate Education Data Transcript (most current)
(12)  Certificate of Mandatory Release, Mandatory Release to
      Special Parole, Special Parole or Court Designated
      Parole (Parole form I-33) (all)
(13)  Release Authorization (BP-392) (all)
(14)  Gratuity forms (BP-189 or BP-379) (most current)
(15)  Notification of Prisoner Release Form (if applicable)
(16)  Release of Immigration Detainee with Supervision to
      follow (BP-325) (all)
(17)  Conditions of Probation and Supervised Release,
      (Probation form 7A) (if applicable)
(18)  CCC Terminal Report (if applicable)
(19)  CCC Packet (most current)

    (a)  Furlough Approval and Record form (BP-291) (CCC Only)
    (b)  Institution Referral for CCC Placement (BP-210)
    (c)  Acceptance/Denial Documentation from CCM
    (d)  Exception Memorandum from Warden done prior to
       April 30, 1993.

PS 5800.11
September 8, 1997
Page 10

      (e)  Exclusion memorandum from the Warden with rationale
           for exclusion from CC programs/Inmates refusal to
           participate in CC programs memorandum
      (f)  Medical Evaluation for CCC Placement (BP-351)
      (g)  Community Based Program Agreement

    (21)  Prior Release Documents (file entire packet together)


  f.  <u>Section Six:  (General Correspondence) - Chronological</u>

    (1)  Correspondence, General
    (2)  Furlough Packet (all)

      (a)  Furlough Questionnaire USPO (BP-302)
      (b)  Furlough Questionnaire
      (c)  Furlough Approval form (BP-291)
      (d)  Correspondence Regarding Furlough
      (e)  Furlough Evaluation

    (3)  Record of Escorted Trip (most current)
    (4)  Inmate Request to Staff Member (BP-148) (all)
    (5)  Congressional Correspondence - Entire Packet (all)
    (6)  Consent forms - General (all)

  <u>Note</u>: No Administrative Remedy Responses should be
maintained in the Inmate Central File.  See the Program Statement
on the Administrative Remedy Program for file maintenance.

10.  <u>PRIVACY FOLDER</u>.  The Privacy Folder is to be located on the
top of Section 5 of the Inmate Central File.  The Privacy Folder
contains two sections.

• FOIA Exempt material for Section I shall include Central
  Inmate Monitoring documents and Victim/Witness
  Information.

• Section II shall include other non-disclosable material
  from the Inmate Central File.

All material not considered FOIA Exempt shall be filed in the
appropriate section of the Inmate Central File.

  a.  <u>Section One:  Central Inmate Monitoring and Victim/Witness
Notification Packet</u>

    (1)  CIM (BP-339) (most current)
    (2)  CIM (BP-340) (all)
    (3)  CIM Documentation (all)
    (4)  Cover Memorandum to Appropriate Review Authority (all)
    (5)  CIM Approval Letter from Appropriate Review Authority
      (all)

    (6)   CIM Clearance Request with corresponding SENTRY
         Clearance Data Display.
    (7)   Victim/Witness Protection Packet - Notification Log
         (all)

     (a)   Initial Notification Letter
     (b)   All Other Victim/Witness Notification Documents (all)

b.  <u>Section Two:  Miscellaneous Non-Disclosable Materials</u>

    (1)   Secret Service Card
    (2)   Non-Disclosable PSI, AO 235, 245, USA 792 and
         Sentencing Memo/Transcript
    (3)   FOIA Exempt In-Transit Data form (most current)
    (4)   Psychological/Psychiatric Intake Screening form (BP-435
         and 436) (Only FOIA EXEMPT) documents determined by
         Psychology staff.
    (5)   Visitor Information form (BP-309) (all)
    (6)   Visitor Authorization for Release form (BP-310) (all)
    (7)   Request for Conviction Information form (BP-311) (all)
    (8)   Any Materials from the Central File which are FOIA
         Exempt are to be filed chronologically.
    (9)   Any other Materials that are FOIA exempt:

     (a)   Study and Observation Cases (all)
     (b)   Confidential Investigations (all)

11.  <u>U.S. PAROLE COMMISSION MINI-FILES</u>.  All facilities shall
adhere to the U.S. Parole Commission Rules and Regulations in
creating and handling these files.

  a.  <u>Origin</u>.  The Unit Secretary shall create the Parole
Mini-file at the time of admission for all commitments who are
eligible for parole and will eventually be released with U.S.
Parole Commission supervision to follow.

  Files on inmates who do not receive a hearing or are not
granted parole but who have a mandatory or special parole term
after release shall be sent immediately after the inmate's
release to the appropriate U.S. Parole Commission Office which
has supervision responsibility.

  Parole Mini-files shall be created for adult sentences imposed
under 18 U.S.C. 4205(f) and the YCA provision 18 U.S.C. 3401(g)
of the Federal Magistrate Act of 1979.  Files shall also be
created for all inmates serving sentences imposed under 21 U.S.C.
848 (Continuing Criminal Enterprise) even though inmates
sentenced under such sentences are not eligible for parole.  Upon
the inmate's release from confinement, these files shall be sent
to the appropriate U.S. Parole Commission Office supervising the
inmate.

PS 5800.11
September 8, 1997
Page 12

(Supplies of file folders and pressure-sensitive folder labels are obtained from the appropriate U.S. Parole Commission Office.)

b.  <u>Maintenance and Use</u>.  These files are to be maintained at the same institution at which the inmate is confined.  Prior to the initial parole hearing, the files are to be shipped via certified mail or via United Parcel Service, to the appropriate U.S. Parole Commission office.  Following review at the U.S. Parole Commission, the file is returned to the institution for storage until the hearings occur.

When practical, after hearings, U.S. Parole Commission examiners may take smaller quantities of these files with them when they return to their office.  Otherwise, other staff the Warden designates shall clip the Commission Order, hearing summary, tape and notes, and other hearing documents to the inside of the Parole Mini-file before transmittal in the order indicated.  These shall be delivered to the institution mailroom for shipment.  Hearing tapes shall be boxed and sent as soon as possible to the U.S. Parole Commission office.

When an inmate waives parole consideration or no hearing is conducted, the Parole Mini-file shall be forwarded upon the inmate's release to the U.S. Parole Commission office provided the inmate is released to the U.S. Parole Commission's supervision.

c.  <u>Contents</u>.  The contents of the Parole Mini-files are to be limited to the following:

    (1)  SENTRY Sentence Computation Record
    (2)  FBI Fingerprint Record (RAP Sheet)
    (3)  Judgment in a Criminal Case or Judgment and Commitment
         Order
    (4)  Pre-Sentence Report (if disclosable)
    (5)  Prosecuting Agency Report
    (6)  Classification Material
    (7)  Medical, Psychological and Psychiatric Reports (if
         separate from classification material and disclosable)
    (8)  U.S. Attorney/Judges Report (USA-792, AO-235)
    (9)  Progress Report (most current)
    (10) Escape Reports
    (11) Front Side of all Incident Reports with Discipline
         Hearing Officer Packet Given to Inmate
    (12) Background Statement of Inmate (Parole form I-32)
    (13) Application for Parole (Parole form I-24)
    (14) Pre-Release Matters:

        (a)  Correspondence regarding release planning and
             aftercare arrangements.
        (b)  Correspondence regarding detainers.
        (c)  Release Certificates where applicable.

PS 5800.11
September 8, 1997
Page 13

     (d)   Recommendations relative to CCC or halfway house transfer including adjustment reports.
     (e)   Committed fine documents.
     (f)   Other pre-release matters.

(15)   Correspondence Relative to Parole Consideration
(16)   Policy established within the U.S. Parole Commission governing material emanating from the Commission and needed in the files. All material received from the Commission shall be filed.

Note: FOIA Exempt Material shall not be placed in Parole Mini-files.

e.  Organization. Material shall be organized within folders, by position, as follows with the latest date on top:

(1)  No. 1  Sentence Data

     (a)   SENTRY Sentence Computation Record
     (b)   Prosecuting Agency Report
     (c)   Report of U.S. District Judge, AO-235 form
     (d)   Report of U.S. Attorney, 792 form
     (e)   FBI Fingerprint report (RAP Sheet)
     (f)   Judgment and Commitment Order

(2)  No. 2  Classification Material

     (a)   Progress Report (most current)
     (b)   Escape Reports
     (c)   Front Side of an Incident Report
     (d)   Medical, psychological, and psychiatric reports, if disclosable
     (e)   Classification Materials
     (f)   Presentence Report of USPO (Probation form 2a), if disclosable

(3)  No. 3  General Correspondence

(4)  No. 4  Parole Material

     Notice of Hearing - Parole Application (current and previous ones), Representative, and Disclosable Request (Parole form I-24)

e.  Maintenance, Security and Access, Responsibilities and Procedures. The same rules as for the Inmate Central File shall apply. Institution staff shall file any of the material described above that is received or generated prior to shipment of the files to the appropriate U.S. Parole Commission office. Routine filing material received or generated after that time

PS 5800.11
September 8, 1997
Page 14

shall be forwarded to the appropriate U.S. Parole Commission office for filing.  Commission staff shall file official communications provided for Commission use through other channels.

   f.  <u>Transfers</u>.  As inmates are transferred between institutions, each Parole Mini-file still held at the institution shall be included in the same package with the appropriate institution Inmate Central File as specified in the Security Designation and Custody Classification Manual.

   g.  <u>Inmate Review of Parole Commission Files</u>.  Inmates may request review of the Parole Mini-file through the U.S. Parole Commission in accordance with 28 CFR 2.55 and 2.56.

12.  <u>MAINTENANCE, SECURITY, AND ACCESS PROCEDURES</u>

   a.  <u>Responsibility</u>.  At the Warden's delegation, the Inmate Systems Manager (ISM) is the official custodian of inmate records.  The ISM is responsible for file retention and disposal, certification purposes, and court appearances when the record's presence is required outside normal operating situations.

   The Regional Inmate Systems Administrator, at the Regional Director's delegation, shall have the same responsibilities at the Regional Office level.

   At institutions where inmate files are stored centrally, the Warden's designee has supervisory responsibility.  Wherever Inmate Central Files are decentralized to functional units, supervisory responsibility shall belong to the Unit Manager and his/her staff.  Although some delegation is necessary, the Unit Manager is accountable for file security, control, and maintenance.  A clear method of accountability is to be established for the removal and return of files from this area (see subsection b. of this Section).

   b.  <u>General Requirements</u>.  The following rules apply at every institution where inmates are confined and files maintained, regardless of whether the Inmate Central Files are centralized or decentralized.

   (1)  Files may **never** be left unsecured or handled in such a way as to be accessible to unauthorized persons.  Staff shall ensure that inmates do not transport files and confidential materials.

   (2)  Files shall be stored in secure cabinets in secure areas when not in use.  Fireproof cabinets shall be used or acquired except for those institutions which have specifically obtained a written exemption from the Assistant Director, Correctional Programs Division.

PS 5800.11
CN-01 12/31/97
Page 15

(3)  Because of the need for files in emergency situations, all files shall be returned to the file cabinet prior to the close of business or tour of duty of each user.  **Files shall not be locked away overnight in private desks, offices, cabinets or vaults, since accessibility to these locations in times of emergency poses problems**.  Inmate Central Files for inmates not housed in the institution (i.e. inmates on writ, home confinement, or housed in CCCs) are also counted on the same basis.  These files shall be kept in a separate section of the file cabinet to better facilitate file accountability.

(4)  An Inmate File Check-Out Card (BP-387) shall be prepared for each volume and remain with that volume.  The card is to be placed in the file cabinet with the volume, and each user shall sign and date the card when a volume is removed and leave the card in the volume's place.  This system provides a tracking device when files are missing or needed for other purposes and improves the ability to take inventory.

(5)  All Inmate Central Files shall be counted any time that Central File cabinet is unlocked.  For example, if staff are on duty and open a file cabinet, all the files in that particular file cabinet must be counted that day.  Conversely, if staff are on duty but have no need to open the file cabinet, the files do not have to be counted.  Staff shall indicate "file not opened", initial, and date the file count record.  The following information shall be included in the file count record:

- the date/time of the count,
- total volumes counted,
- initials of the counter, and
- reasons for any changes since the previous day's count.

A name roster **and census** count must be conducted at least weekly.  This count consists of accounting for each file by securing a name roster printout from SENTRY and comparing the files in the cabinet with the name roster.  After completion, the printout shall be initialed, dated, and maintained for 90 days. The file count record shall be maintained for a period of 2 years.

c.  Security Level Requirements

(1)  Inmate Central Files in Minimum and Low Security Level institutions may be maintained securely within the functional unit in a secure manner at the Warden's discretion.

(2)  Inmate Central Files in Medium Security Level facilities may be maintained securely within the functional unit at the Regional Director's discretion and approval.

(3)   Inmate Central Files in High Security Level facilities
* may be maintained in either the functional unit with the Regional
Director's approval or, in a secure, centralized location.
Inmate Central Files maintained in a secure centralized location
do not require Regional Director approval.                          *

(4)   The location and security of Inmate Central Files in
Administrative facilities shall be reviewed and a determination
made on a case-by-case basis with the Regional Director's
approval.

13. <u>ROUTINE USES OF INMATE CENTRAL FILES</u>.  The routine uses of
Bureau Inmate Central Files are periodically published in the
Federal Register.  At the time of this Program Statement's
publication, those include:

a. <u>Routine Uses</u>.  Routine uses of these files are to:

(1)   Provide an information source to officers and employees
of the Department of Justice who have a need for the information
in the performance of their duties;

(2)   Provide an information source to law enforcement
officials for investigations, criminal prosecutions, civil court
actions, or regulatory proceedings;

(3)   Provide an information source for disclosure of
information on matters solely of general public record, such as
name, offense, sentence data, and release date;

(4)   Disclose information to contracting or consulting or
correctional agencies that provide correctional services for
federal inmates;

(5)   Provide an information source for responding to
inquiries from federal inmates involved in Congressional
inquiries;

(6)   Provide information relating to federal offenders to
the courts, including court officials and probation officers;

(7)   Provide victims and/or witnesses, pursuant to
victim/witness federal legislation and policy, information
relating to an inmate's furlough, parole (including appearance
before the U.S. Parole Commission), transfer to a community
corrections center, mandatory release, expiration of sentence,
escape (including apprehension), death, and other such release-
related information;

(8)   Provide state agencies or authorities, pursuant to
Public Law 98-135, identifying data of Bureau inmates for the

purpose of matching the data against state records to review the eligibility of these inmates for unemployment compensation; the requesting state is to erase the Bureau data after this determination has been made;

(9)   Provide the Social Security Administration (SSA), pursuant to Public Law 96-473, identifying data of Bureau inmates for the purpose of matching the data against SSA records to enable the SSA to determine the eligibility of Bureau inmates to receive benefits under the Social Security Act; SSA is to erase the Bureau data after the match has been made;

(10)   Provide the Veterans Administration (VA), pursuant to Public Law 96-385, identifying data of Bureau inmates for the purpose of matching the data against VA records to determine the eligibility of Bureau inmates to receive veteran's benefits; the VA is to erase the Bureau data after the match has been made;

(11)   Provide information from an inmate record to an employee, former employee, or his or her designated representative when such information is included in the employee's or former employee's adverse or disciplinary personnel action file with respect to proposed adverse or disciplinary personnel action against that employee or former employee; the employee's or former employee's adverse or disciplinary personnel action file is covered by a government-wide system of records published by the Office of Personnel Management (OPM) entitled "Adverse Action Records, OPM/GOVT-3;" to protect the privacy of the inmate, information transferred to the employee's or former employee's adverse or disciplinary personnel action file will be sanitized as warranted and/or appropriate protective orders may be requested to prevent further dissemination; and

(12)   Provide an employee, former employee, or his or her designated representative information from an inmate record pursuant to regulations or order of any body properly trying the merits of an adverse or disciplinary personnel action, including an administrative agency, arbitrator, or court of competent jurisdiction; to protect the privacy of the inmate, information provided the employee, former employee, or his or her designated representative will be sanitized as warranted and/or appropriate protective orders may be requested to prevent further dissemination.

   b.   <u>Release of Information to the News Media</u>.   Information which may be released to the news media and the public pursuant to 28 CFR 50.2 may be made available from systems of records maintained by the Department of Justice unless it is determined that release of the specific information in the context of a particular case would constitute an unwarranted invasion of personal privacy.

PS 5800.11
September 8, 1997
Page 18

c. <u>Release of Information to Members of Congress</u>.  Information contained in systems of records maintained by the Department of Justice, not otherwise required to be released pursuant to 5 U.S.C. 552 may be made available to a Member of Congress or staff acting upon the Member's behalf when the Member or staff requests the information on behalf of and at the request of the individual who is the subject of the record.

d. <u>Release of Information to the National Archives and Records Administration</u>.  A record from a system of records may be disclosed as a routine use to the National Archives and Records Administration (NARA) in records management inspections conducted under the authority of 44 U.S.C. 2904 and 2906.

14.  <u>DISCLOSURE OF INMATE CENTRAL FILE MATERIAL</u>.  The Privacy Act of 1974 sets forth a series of requirements governing federal agency record-keeping practices intended to safeguard individuals against invasions of personal privacy.  The Act forbids release of information from agency records without a written request by, or without the prior written consent of, the individual to whom the record pertains, except in specific instances as described in the Act.  Civil sanctions and criminal penalties are prescribed for violation of the provisions of the Privacy Act.

It is, therefore, imperative that each Bureau employee be knowledgeable of this Act's provisions, and conform his or her conduct to the Act regarding the maintenance of records and the release of information contained in those records.  The Program Statement on Release of Information establishes procedures for the release of requested records in the possession of the Bureau.

15.  <u>INMATE REVIEW OF INMATE CENTRAL FILE</u>.  An inmate has the option to look at materials maintained in his/her Inmate Central File.  This procedure is not required by either the Freedom of Information Act or Privacy Act.  A request submitted under FOIA, for example, is processed formally under Department of Justice and Bureau guidelines for handling such requests, in light of the specific statutory provisions.  By contrast, the information contained in this section establishes an administrative procedure for inmate access to records which can properly be shown to the inmate in accordance with sound correctional practices and concerns.

a. <u>Local Procedures</u>.  Each institution and facility shall issue local instructions to implement this section.  Local procedures shall include but are not limited to those items listed in Section 15.a. and 15.b. of this Program Statement. Each Chief Executive Officer (CEO) shall decide on the expeditious and efficient means to accomplish any necessary file review.  The CEO must designate those staff who are responsible for the:

PS 5800.11
September 8, 1997
Page 19

(1) initial review of all current files of the inmate
    population;
(2) receipt of inmate requests to review files, and the
    monitoring of the inmate review of files; and
(3) screening of all records and documents in the future as
    they are sent to the Inmate Central File for filing.

Each institution may adopt its own procedures and forms for
submitting and acknowledging requests and for logging and
scheduling Inmate Central File reviews.

b. <u>Inmate Request and Review</u>. Any inmate seeking to look at
his/her Inmate Central File shall submit a request to a staff
member, as designated in the local instruction.

- The inmate's request should be acknowledged.
- The inmate should be permitted to review the file whenever
  practicable.
- All file reviews must be done under constant and direct
  staff supervision.
- Those materials which have been determined to be non-
  disclosable shall be removed from the folder before inmate
  review.
- An entry shall be made on the Inmate Activity Record
  (BP-381) to show the date the inmate reviews the file.
  The staff member monitoring the review shall initial the
  entry and the inmate shall be asked to initial it.

c. <u>Inmate Challenge to Information</u>. An inmate may challenge
the accuracy of the information in his or her Inmate Central
File. Unit team staff shall take reasonable steps to
ensure the accuracy of challenged information, particularly when
that information is capable of being verified. The inmate is
required to provide staff with sufficient information in support
of a challenge (names of persons to contact, government agency,
etc...).

When an inmate provides such information, staff shall review
the alleged error(s) and take reasonable steps to ensure the
information is correct.

For example, if an inmate challenges information in the
Presentence Investigation Report (PSI), staff should inform the
appropriate U.S. Probation Office (USPO) in writing of the
disputed information, and request that a written response also be
provided. **USPO procedures, however, do not allow for changes or
addendums to be made to the Presentence Investigation Report
after sentencing since it is a court document.**

If the USPO subsequently reports that the challenged
information, or some part thereof is not accurate, staff shall
attach the Bureau's inquiry and the USPO response to the

challenged document.  Staff shall file this information in the

PS 5800.11
September 8, 1997
Page 20

applicable section of the Inmate Central file, and also make a
notation on the Inmate Activity Record form (BP-381) to ensure
that future decisions affecting the inmate are not based on the
discredited information.

When the USPO verifies that the information in the PSI is
indeed inaccurate, as claimed by the inmate, staff should
subsequently review, and where indicated, correct Bureau
generated reports or data such as the Inmate Load and Security
Designation form (BP-337), the Custody Classification form
(BP-338), Progress Report, and any other reports that may have
been based on the PSI.  Bureau reports, data, or SENTRY
transactions should be corrected within a reasonable period of
time after identification as being inaccurate.

If the information source will provide a corrected document or
data, it should be immediately inserted in the file or data base
and the inaccurate information or document removed.  A notation
on the Inmate Activity Record form should acknowledge the
insertion of the corrected information or document.

d.  <u>Inmate Copies</u>.  Any inmate who wishes to receive copies of
disclosable materials from the file shall submit a request to
institution staff.  Within a reasonable time after the request,
institution staff shall provide the inmate copies of requested
disclosable documents maintained in the Inmate Central File.
Fees for the copies are to be calculated in accordance with the
Program Statement on Release of Information.

e.  <u>Privacy Folder</u>.  Records which have been determined, under
separately issued guidelines, to be excluded from inmate review
shall be placed in the Privacy Folder.  Normally, actual
placement of documents in the Inmate Central File is the Unit
Secretary's responsibility.  The Privacy Folder shall be placed
on top of section 5 in the Inmate Central File.

As materials from any source are submitted for placement in
the Inmate Central File, they are routed to an appropriate staff
member the Warden designated.  The Case Manager shall review the
materials, to ascertain whether to place them in the regular
sections, the Privacy Folder, or discard them.  Any document to
be excluded from inmate review must be stamped "FOI EXEMPT".  At
each Program Review and before an inmate reviews his/her Inmate
Central File, the Case Manager shall review the file to ensure
the proper location of forms and purge outdated or unnecessary
forms and/or documentation.

f.  <u>Parole Files</u>.  Parole Mini-files, examiner packets, and
pre-hearing assessments are not disclosable unless specifically
authorized by the U.S. Parole Commission.  The Parole Mini-file
and other hearing materials must be removed from the Inmate
Central File prior to inmate review.  The inmate may seek review

PS 5800.11
September 8, 1997
Page 21

of those materials through the U.S. Parole Commission in accordance with 28 CFR 2.55 and 2.56.

16.  <u>DOCUMENTATION OF DISCLOSURES</u>.  The Privacy Act of 1974 requires accounting for both written and oral disclosures of information about inmates.  Except for disclosures of information of records made to other Department of Justice employees, and all components thereof, and for disclosures required by the FOIA (i.e., public information), an accounting of disclosures of any information concerning an individual contained in a system of records maintained by the Bureau shall be kept in accordance with the following guidelines:

   a.  <u>Oral Disclosures</u>.  Staff are to take the position that only public information is to be released orally.  Form BP-171 is designed to assist the person receiving an oral request for information in accounting for the results of the request.  The form may also be used to document information which is released and not covered by the FOIA.

   A memorandum shall be prepared and retained in the file from which the record is disclosed, or an appropriate notation will be maintained in the file, attached to the recorded disclosed.

   b.  <u>Written Disclosure</u>.  Accounting for written disclosures is made in the same manner as for oral disclosures, or may be made by retaining a copy of the correspondence requesting the information and a copy of the response in the file from which the record is disclosed.

17.  <u>TRANSFER OF RECORDS BETWEEN BUREAU FACILITIES</u>

   a.  <u>Transfer Out</u>.  Procedures for processing all records, including the Inmate Central File, are covered in the Inmate Systems Management Manual.

   b.  <u>Transfer In</u>.  Inmate Systems Department staff shall receive and process records on transferring inmates as follows:

      (1)  Judgment in a Criminal Case and Judgment and Commitment Files shall be pulled for audit by the Inmate Systems staff;

      (2)  Medical records shall be sent to the Health Services Administrator;

      (3)  Mental Health records shall be sent to the Chief Psychologist/Psychiatrist;

      (4)  Inmate Central Files related materials and Parole Mini-files, if any, shall be sent to the appropriate Unit Manager.

c. <u>Parole Violators, Mandatory Release Violators, Escapees</u> <u>Files</u>.  If the inmate is committed elsewhere, his/her files shall be shipped immediately upon designation.  Files shall be prepared for shipment the same as for transfer and mailed by **Certified Mail, Return Receipt Requested.**  Files on these cases, if not already received, shall be requested by telephone, BOPNet GroupWise, or EMS, and shall be processed upon receipt the same as for transferring inmates.

18.  <u>REQUESTS FOR FORWARDING INMATE FILES</u>.  All requests for inmate files from individuals or agencies outside the Bureau shall be referred to the ISM Department for review and action as required in the Inmate Systems Management Manual.  Requests from Bureau facilities shall also be referred to the ISM Department for review.

Ordinarily, if an inmate's projected stay at another institution (i.e., writs) is for 60 days or more, the parent institution shall be contacted to forward the Inmate Central File to the holdover institution.  This contact is to be documented and should not require weekly follow-up.

19.  <u>RETIREMENT OF INMATE CENTRAL FILES</u>

   a.  <u>Files on Expired Sentences</u>.  Files on these sentences shall not be combined with new sentence files.  However, they may be retrieved for review and then returned to the Federal Records Center after the review is completed.

   b.  <u>Files Processing at Final Release</u>.  The following procedures shall be completed at the time of each inmate's release.

     (1)  Inmate Central File folders shall be retained in the unit for approximately two weeks after the inmate's release.  Files for inmates housed in halfway house facilities or community release status (i.e. home confinement, community corrections centers (CCC)) shall be maintained with the unit files until the final release paperwork is received from the CCC.  This allows for final release papers to be consolidated and filed before the file is forwarded to the ISM Department for inactive file storage.  Unit Managers are responsible for ensuring all required documents are in the Inmate Central File prior to retirement of the file.

     (2)  Inmate Central Files are preserved for 30 years after the sentence expiration.  Therefore, following release from service of the confinement portion of the sentence, medical, mental health, and visiting records shall be forwarded to the appropriate unit for consolidation with the Inmate Central File.  The consolidated file is then sent to the ISM Department.  The Judgment in a Criminal Case/Judgment and Commitment file is

included in the consolidated file at retirement.

The outside of the file folder shall be stamped with the year of expiration of sentence and files shall be stored according to local procedures.  Expiration of sentence for this purpose is defined as the date supervision expires plus any special parole term, probation, supervised release, or the date released from confinement with no supervision to follow plus any special parole term.

(3)  Files designated for research purposes shall be forwarded to the Office of Research and Evaluation (ORE), Central Office and scheduled for disposal as ORE determines.  A notation shall be entered on the permanent alpha index card in each case to indicate to whom in ORE the file was sent.

(4)  Material received regarding inmates who have been released from serving their sentences shall be destroyed with the exception of death notices or certificates and copies of U.S. Parole Commission correspondence to the U.S. Marshals Service transmitting warrants and court orders or documents. Questionable material may be referred to the Case Management Coordinator, Inmate Systems Manager, or the Regional Correctional Programs Administrator for a decision.

c.  <u>Retention and Disposal of Inmate Central Files</u>.  Specific procedures for the retention and disposal of Inmate Central Files are contained in the Inmate Systems Management Manual.

20.  <u>INSTITUTION SUPPLEMENT</u>.  Each institution is to develop an Institution Supplement to include the following information:

a.  Designate the location of pretrial and INS file folders.

b.  Identify the pretrial and INS file folder accountability procedures.

<u>Note</u>:  These instructions should clearly set forth procedures to ensure the maintenance, security, and access responsibilities.

c.  Procedures to implement the inmate review of the Inmate Central File.


                                        /s/
                                        Kathleen M. Hawk
                                        Director

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JESSE RAMIREZ, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-2226 |
| | ) | |
| DEPARTMENT OF JUSTICE, ET. AL | ) | |
| | ) | |
| | ) | |
| DEFENDANTS | ) | |
| | ) | |
| _____ | ) | |

## DECLARATION OF DIONE JACKSON STEARNS

I, Dione Jackson Stearns, declare the following to be a true and correct statement of facts:

1.)    I am an Attorney Advisor in the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"). I am assigned to the component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, and the Privacy Act of 1974 ("PA"), 5 U.S.C.§552a.

2.)    Due to the nature of my official duties, I am personally familiar with the FOIA/PA request made to EOUSA by Jesse Ramirez ("Mr. Ramirez"), which forms the basis for this litigation.

3.)    My official duties include: making final disclosure determinations on records requested by an individual or organization using the FOIA/PA; ensuring compliance with the provisions of the FOIA and PA, and Department of Justice FOIA Regulation 28 C.F.R. § 16.3 *et seq.* and § 16.40 *et seq.*; and defending EOUSA's position in litigating challenges to EOUSA's initial actions.

4.)     My official duties also include: acting as liaison between EOUSA and the components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought from EOUSA and /or the 94 U.S. Attorney's Offices ; reviewing request-related correspondence; reviewing searches performed in response to requests; and, reviewing proposed responses made to those requests.

5.)     The statements that follow are made on the basis of my review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties.

## **CORRESPONDENCE**

6.)     This declaration explains the procedures that were followed in responding to Mr. Ramirez' December 11, 2007, complaint filed under the Privacy Act against the Department of Justice in the District Court for the District of Columbia for failure to correct his pre-sentence investigation report.

7.)     By letter dated April 13, 2005, Mr. Ramirez sent a letter to the United States Attorney's Office for the Western District of Texas ("USAO/WDTX") seeking the following:

> **"correct all of the false and material statements that were used for my unlawful arrest, my indictment, my bond being denied . . .".** *See* Exhibit A.

8.)     By letter dated April 19, 2005, the USAO/WDTX forwarded Mr. Ramirez' request to EOUSA for processing.  Upon receipt of Mr. Ramirez' request, EOUSA inadvertently did not open a new request file.  Rather, the letter was placed in Mr. Ramirez' file, Request Number 04-4346, which was being processed at the time and sought all records on self.

**Request Number 08-1329.**

         9.)   On May 9, 2008, EOUSA opened a new file to address Mr. Ramirez' April

13, 2005 request letter and assigned Request Number 08-1329 to it.

         10.)   By letter dated May 9, 2008, EOUSA made a final determination.  More

specifically, the letter advised him that his request for amendment of records pertaining to himself

is denied. The information which Mr. Ramirez requested be amended is part of criminal case files

maintained by the United States Attorney's Office.  The criminal case files maintained by the

United States Attorneys' Offices are exempt from the amendment-of-records provisions of the

Privacy Act.  <u>See</u> 28 C.F.R. § 16.81(a)(4).  <u>See</u> Exhibit B.

<u>**CONCLUSION**</u>

         11.)   Each step in the handling of the records has been entirely consistent with

EOUSA and the United States Attorney's Office procedures which were adopted to insure an

equitable response to all persons seeking access to records under the FOIA/PA.

        I declare under penalties of perjury that the foregoing is true and correct.

Executed this _29th_ day of _May_ , 2008.

 

Dione Jackson Stearns
Attorney Advisor
EOUSA FOIA/PA Staff

April 13,2005

Johnny Sutton/ AUSA
Assistant United States Attorney's Office
601 N.W. Loop 410 Ste. 600
San Antonio, Tx 78216

Mr. Johnny Sutton,

    I am writing this letter under title 5 § 552a in regards to the information that your office has about me. That is false and known to be false. By your entire office. Namely, David Shearer who sat at the debriefing of "Jose Soto" on June 6th,2002 5 mos before the known false statements about me were used to justify my already unlawful arrest, Joey Contreras one of the authors of the affidavit that contained these already known false statements, Mrs. Cruz who along with Joey used them at trial to obtain my wrongful conviction. Not to mention, every single other AUSA that is in you office and you yourself. "The office of the AUSA is the attormey for the govt. . If one of the AUSA's knew of the false information, then all of them are suppose to know about it". There is no excuse for not correcting it. At this time, I am going to demand this office under title 5 § 552(d)(2) which gives me the right. to comply with title 5 § 552(d)(2) and inform me within 10 days in writing.  That this office is going to make the corrctions to all of these lies under title 5 § 552(d)(2) (B)(i) and if you,and your office do not want to correct them. Then , notify me as title 5 § 552(d)(2)(B)(ii) requires you to do. I am going to request that the statement about me giving Rene Campos the 5 kilos to give to Jose Sotobe excised from the affidavit that supported probable cause. That the other false statement about Jose saying that he did multi Kilo transactions with me at my business be corrected. That Jose told the DEA and AUSA on Dec 7th, 2001 all of this stuff about me be corrected. That the govt. believed he was credible about what he said about this defendant "me" because it was already known to be false. DEA-6 report of Jose Soto June 6th, June 26 and the July debriefing of Jose in 2002. That on August 28,2002 at 8:42 pm. Jesse drove up in a white mustang and dropped off Jose Angel Garcie- Arguello this is also a lie and not only your agents know this , but Joey does as well. Also, that I had drove off with Rene Campos from my businesson Sept. 26,2002. To a residence off of White Rock needs to be corrected and that Rene or I called Castillon and told him that we were being followed by somebody "law enforcement". Not only do I want all of these lies in the affidavit that showed my involvement for proble cause. But, also the statements that are in the affidavits for Title 3 intercepts that were used before and at the grand jury proceeding to indict me. All of these lies affected me adversly. I also want the lies that Joey used at my bond hearing to get me denied bond corrected. Most of them are the same as the ones above and others that he made up along the way. He knows which ones they are. This iformation "lies" contained in an agency's files is capable of being verified , then, under (e)(5) and (g)(1)(C) of the Act, the agency must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual. If the agency wilfully or intentionally fails to maintain its records in that way and, as a resu;t, it makes a determination adverse to an individual , then it will be liable to that person for money damages. Not only has this info affected me adversly, in getting me convivted. But it has been used by the United States Probation Office and its officers. Namely, Mrs. Olivari and other officers .

GOVERNMENT EXHIBIT

H

PENGAD-Bayonne, N.J.

In their report to the court . Which Judge Prado relied upon to justify these 3 life and 1 twenty year sentences. But, the BOP has used it in its decision to classify and desnigate me in a USP facility. Which, if it were corrected. I would not have been convicted to begin with, I would not have been given 3 life sentences and I would not have been classified and designated to a USP. Therefor, I ask you and your office to correct <u>all</u> of the false and material statements that were used for my unlawful arrest, my indictment, my bond being denied, for Judge Prado to rely upon in order to give me 3 life and 1 twenty year sentence and for the BOP to use to classify and designate me. I ask this under title 5 § 552a  **Privacy Act. and under Sellers v Bureau of Prisons 959 F2d 307(D.C. cir 1992).**

Respectfully



**U.S. Departme⁀ ⸍f Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

Requester: **Jesse Ramirez**                    Request Number: **08-1329**

Subject of Request: **Self (correction of criminal file)**

Dear Requester:                                             MAY ~9 2008

     Your recent request for records from the Executive Office for United States Attorneys (EOUSA) has been received. Before the Executive Office can begin processing your request, it is necessary for you to correct one or more deficiencies. Please comply with the paragraphs checked below:

1.    [ ] A requester must provide a notarized example of his/her signature or a certification of identity under penalty of perjury. This insures that information pertaining to an individual is released only to that person. A form is enclosed for your use.

2.    [ ] The files and records of United States Attorneys are maintained in over one hundred separate offices throughout the United States. Please identify the specific United States Attorney's office(s) where you believe records may be located. This would be primarily the district(s) in which a prosecution or litigation occurred.

3.    [ ] To insure that records are properly identified, provide subject's full name, current address, and date and place of birth.

4.    [ **X** ] Your request for amendment of records pertaining to yourself is denied. The criminal case files maintained by the United States Attorneys' Offices are exempt from the amendment-of-records provisions of Privacy Act. See 28 C.F.R. § 16.81(a)(4).

5.    [ ] Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what you sought. Each file was given a separate Request Number (listed below), for which you will receive a separate response:

_____

    By making a FOIA/PA request, you agree to pay fees up to $25, as stated in 28 C.F.R. § 16.3(c), unless you request a waiver of fees (according to requirements in 28 C.F.R. § 16.11(k)). Indigency does not constitute a basis for a fee waiver. Please note that pursuant to 28 C.F.R. § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 the expected fees (or you have narrowed your request to reduce fees) and we have

(Page 1 of 2)
Form No. 003 - 3/07


**GOVERNMENT EXHIBIT**
**B**

processed your request, we will require payment for the accumulated charges before we release any documents to you (in excess of 100 free pages). Without such payment, your request file will be closed without further action.

Once you have corrected the above deficiencies, please submit a new request for the documents. This is a final determination and your request for information has been closed. When we have received your new, corrected request, we will open a new file for you. **Please send your new, corrected request to the address above.**

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Assistant Director

[   ] Enclosure(s)

```
  HOU2X          *          PUBLIC INFORMATION          *     05-20-2008
PAGE 001         *             INMATE DATA              *     07:38:27
                              AS OF 05-20-2008

REGNO..: 31805-180 NAME: RAMIREZ, JESSE SALAZAR

                    RESP OF: POL / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 318-561-5300    FAX: 318-561-5391
                                             RACE/SEX...: WHITE / MALE
                                             AGE: 38
PROJ REL MT: LIFE                            PAR ELIG DT: N/A
PROJ REL DT: LIFE                            PAR HEAR DT:
--------------------------- ADMIT/RELEASE HISTORY ---------------------------
FCL   ASSIGNMENT DESCRIPTION              START DATE/TIME STOP  DATE/TIME
POL   A-DES      DESIGNATED, AT ASSIGNED FACIL  05-23-2007 1545 CURRENT
A02   RELEASE    RELEASED FROM IN-TRANSIT FACL  05-23-2007 1645 05-23-2007 1645
A02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-23-2007 1000 05-23-2007 1645
OKL   HLD REMOVE HOLDOVER REMOVED               05-23-2007 0900 05-23-2007 0900
OKL   A-BOP HLD  HOLDOVER FOR INST TO INST TRF  04-12-2007 1335 05-23-2007 0900
S41   RELEASE    RELEASED FROM IN-TRANSIT FACL  04-12-2007 1435 04-12-2007 1435
S41   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 04-12-2007 0346 04-12-2007 1435
BMP   TRANSFER   TRANSFER                       04-12-2007 0246 04-12-2007 0246
BMP   A-DES      DESIGNATED, AT ASSIGNED FACIL  03-24-2006 1655 04-12-2007 0246
BMP   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  03-24-2006 0137 03-24-2006 1655
BMP   A-DES      DESIGNATED, AT ASSIGNED FACIL  03-17-2006 1808 03-24-2006 0137
BMP   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  03-14-2006 0125 03-17-2006 1808
BMP   A-DES      DESIGNATED, AT ASSIGNED FACIL  03-07-2006 1759 03-14-2006 0125
BMP   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  03-07-2006 0705 03-07-2006 1759
BMP   A-DES      DESIGNATED, AT ASSIGNED FACIL  02-28-2006 1827 03-07-2006 0705
BMP   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  02-28-2006 0147 02-28-2006 1827
BMP   A-DES      DESIGNATED, AT ASSIGNED FACIL  02-15-2006 1901 02-28-2006 0147
BMP   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  02-15-2006 0134 02-15-2006 1901
BMP   A-DES      DESIGNATED, AT ASSIGNED FACIL  11-29-2005 1911 02-15-2006 0134
BMP   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  11-29-2005 0141 11-29-2005 1911
BMP   A-DES      DESIGNATED, AT ASSIGNED FACIL  11-17-2005 1905 11-29-2005 0141
BMP   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  11-17-2005 0200 11-17-2005 1905
BMP   A-DES      DESIGNATED, AT ASSIGNED FACIL  09-09-2005 1718 11-17-2005 0200
BMP   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN  09-09-2005 0205 09-09-2005 1718
BMP   A-DES      DESIGNATED, AT ASSIGNED FACIL  08-23-2004 1444 09-09-2005 0205
B18   RELEASE    RELEASED FROM IN-TRANSIT FACL  08-23-2004 1544 08-23-2004 1544
B18   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-23-2004 0510 08-23-2004 1544
OKL   HLD REMOVE HOLDOVER REMOVED               08-23-2004 0410 08-23-2004 0410
OKL   A-HLD      HOLDOVER, TEMPORARILY HOUSED   08-10-2004 1720 08-23-2004 0410
2-E   RELEASE    RELEASED FROM IN-TRANSIT FACL  08-10-2004 1820 08-10-2004 1820
2-E   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-04-2004 1041 08-10-2004 1820
CSA   ADMIN REL  ADMINISTRATIVE RELEASE         08-04-2004 0941 08-04-2004 0941
CSA   A-ADMIN    ADMINISTRATIVE ADMISSION       08-04-2004 0938 08-04-2004 0941



G0002      MORE PAGES TO FOLLOW . . .
```

```
   HOU2X            *          PUBLIC INFORMATION        *      05-20-2008
PAGE 002            *             INMATE DATA            *      07:38:27
                                AS OF 05-20-2008

REGNO..: 31805-180 NAME: RAMIREZ, JESSE SALAZAR

                    RESP OF: POL / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 318-561-5300    FAX: 318-561-5391
THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  LIFE

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: TEXAS, WESTERN DISTRICT
DOCKET NUMBER...................: SA-02-CR-621-(3)-EP
JUDGE...........................: PRADO
DATE SENTENCED/PROBATION IMPOSED: 07-22-2004
DATE COMMITTED..................: 08-23-2004
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                  FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $400.00         $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....: 391
OFF/CHG: CONSPIRACY TO DISTRIBUTE AND TO POSSESS WITH INTENT TO
         DISTRIBUTE COCAINE; DISTRIBUTE AND POSSESSION WITH INTENT TO
         DISTRIBUTE COCAINE, AID/ABET (2-CTS); CONSPIRACY TO LAUNDER
         MONEY T21USC846,841(A)(1)(B)(1)(A) T18USC1956(A)(1)(A)(2) 2

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.: LIFE
 TERM OF SUPERVISION............:     5 YEARS
 DATE OF OFFENSE................: 12-07-2001

 G0002      MORE PAGES TO FOLLOW . . .
```

```
  HOU2X          *          PUBLIC INFORMATION          *      05-20-2008
PAGE 003 OF 003 *            INMATE DATA                *      07:38:27
                            AS OF 05-20-2008

REGNO..: 31805-180 NAME: RAMIREZ, JESSE SALAZAR

                   RESP OF: POL / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 318-561-5300    FAX: 318-561-5391
------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 08-24-2004 AT BMP AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 07-22-2004
TOTAL TERM IN EFFECT............: LIFE
TOTAL TERM IN EFFECT CONVERTED..: LIFE
EARLIEST DATE OF OFFENSE........: 12-07-2001

JAIL CREDIT.....................:   FROM DATE    THRU DATE
                                   11-08-2002    07-21-2004

TOTAL PRIOR CREDIT TIME.........: 622
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: N/A
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: LIFE


PROJECTED SATISFACTION DATE.....: N/A
PROJECTED SATISFACTION METHOD...: LIFE
```

```
S0055       NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

```
   HOU2X         *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      05-20-2008
PAGE 001 OF                                                          07:44:48
     FUNCTION: L-P SCOPE: REG   EQ 31805-180    OUTPUT FORMAT: SAN
-------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM              THRU            DT STS: FROM              THRU
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS:    ____  ____  ____   ____  ____  ____   ____  ____
SUBJECTS:    ____  ____  ____   ____  ____  ____   ____  ____
EXTENDED: _ REMEDY LEVEL: __  __  __    RECEIPT: _ _ _  "OR" EXTENSION: _ _ _
RCV  OFC : EQ ____        ____        ____
TRACK:  DEPT: _____  _____  _____  _____  _____  _____
      PERSON: ___        ____        ____        ____        ____        ____
        TYPE: ___        ____        ____        ____        ____        ____
EVNT FACL: EQ ____        ____        ____        ____        ____        ____
RCV FACL.: EQ ____        ____        ____        ____        ____        ____
RCV UN/LC: EQ ____
RCV QTR..: EQ _____  _____  _____  _____  _____  _____
ORIG FACL: EQ ____        ____        ____        ____        ____        ____
ORG UN/LC: EQ ____
ORIG QTR.: EQ _____  _____  _____  _____  _____  _____


  G0002       MORE PAGES TO FOLLOW . . .
```

```
HOU2X          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      05-20-2008
PAGE 002 OF    *                SANITIZED FORMAT              *      07:44:48

REMEDY-ID      SUBJ1/SUBJ2  --------------------ABSTRACT----------------------
               RCV-OFC      RCV-FACL      DATE-RCV      STATUS      STATUS-DATE

360235-F1      33EM/        RQTS UNMONITORED ATTORNEY CALL.
               BMP          BMP           12-01-2004    CLO         12-20-2004

360235-R1      33EM/        RQTS UNMONITORED ATTORNEY CALL.
               SCR          BMP           01-03-2005    CLD         01-21-2005

360235-A1      33EM/        REQUESTS UNMONITORED ATTORNEY CALL.
               BOP          BMP           02-25-2005    CLO         05-02-2005

428508-F1      33ZM/        CLAIMS DENIED ACCESS TO LEGAL MATERIAL
               BMP          BMP           09-27-2006    CLO         10-10-2006

428512-F1      32DM/        CLAIMS INFO IN PSI IS INCORRECT
               BMP          BMP           09-27-2006    CLO         10-10-2006

428508-R1      33ZM/        CLAIMS DENIED ACCESS TO LEGAL MATERIAL
               SCR          BMP           10-23-2006    CLD         11-21-2006

428512-R1      32DM/        CLAIMS INFO IN PSI IS INCORRECT
               SCR          BMP           10-23-2006    CLD         11-02-2006

428512-A1      32DM/        CLAIMS INFO IN PSI IS INCORRECT
               BOP          BMP           11-13-2006    CLD         01-24-2007

428508-A1      33ZM/        CLAIMS DENIED ACCESS TO LEGAL MATERIAL
               BOP          BMP           12-07-2006    REJ         12-11-2006

428508-A2      33ZM/        CLAIMS DENIED ACCESS TO LEGAL MATERIAL
               BOP          BMP           12-26-2006    REJ         12-29-2006

428508-A3      33ZM/        CLAIMS DENIED ACCESS TO LEGAL MATERIAL
               BOP          BMP           01-23-2007    CLD         03-20-2007

444690-F1      16ZM/        CLAIMS STAFF ARE INTERFERING WITH CORRESPONDENCE
               BMP          BMP           03-06-2007    REJ         03-06-2007

444690-F2      16ZM/        CLAIMS STAFF ARE INTERFERING WITH CORRESPONDENCE
               BMP          BMP           03-15-2007    CLD         03-30-2007

446172-F1      17AM/        CLAIMS UNIT TEAM WON'T LET HIM MAKE PHONE CALLS TO
               BMP          BMP           03-20-2007    CLO         03-23-2007

455882-F1      25DM/33GM    LEGAL MATERIALS CONFISCATED ALONG W/PERS PROP COMMIS
               POL          POL           06-12-2007    REJ         06-12-2007

457869-R1      34AM/25CM    STAFF RETAL FOR FILE REMEDIES; LIFE ENDANGER HURRICA
               SCR          POL           06-19-2007    REJ         06-19-2007

G0002      MORE PAGES TO FOLLOW . . .
```

```
  HOU2X         *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      05-20-2008
PAGE 003 OF      *              SANITIZED FORMAT              *      07:44:48

  REMEDY-ID     SUBJ1/SUBJ2  --------------------ABSTRACT------------------------
                RCV-OFC     RCV-FACL     DATE-RCV        STATUS      STATUS-DATE

457872-R1       33HM/       NO ANSWER BP-8, BP-9 REJ FOR NO 8 RSPN - DENY REM AC
                SCR         POL         06-20-2007      VOD         06-20-2007

455882-R1       25DM/33HM   STAFF NO RSP BP-8, 9 REJ FOR NO 8 - DENY REM ACCESS
                SCR         POL         06-20-2007      REJ         06-20-2007

458024-R1       33HM/       NO RSP TO BP-8'S, 9'S REJ FOR NOT COMPL BP-8 PROCESS
                SCR         POL         06-20-2007      VOD         06-20-2007

459951-R1       32ZM/34AM   RQSTED INFO FROM FOIA, STAFF NOT RESPONDING
                SCR         POL         07-11-2007      REJ         07-11-2007

462479-R1       20DM/       DHO HRNG 01-17-07, CODE 203
                SCR         POL         07-30-2007      REJ         07-30-2007

462479-R2       20DM/       DHO HRNG 01-17-07, CODE 203
                SCR         POL         09-04-2007      REJ         09-04-2007

466893-R1       33HM/34AM   GAVE WARDEN BP-9, WARDEN REFUSED, THREW REMEDY ON TA
                SCR         POL         09-04-2007      REJ         09-04-2007

467184-R1       34AM/34BM   STAFF TORE UP CELL; BOGUS INVEST; WARDEN REF ACCPT 9
                SCR         POL         09-07-2007      REJ         09-07-2007

467556-F1       34AM/33FM   ALLEGES STAFF RETALIATION-LEGAL MAIL TAMPERED WITH
                POL         POL         09-25-2007      CLD         10-15-2007

466893-A1       33HM/34AM   GAVE WARDEN BP-9, WARDEN REFUSED, THREW REMEDY ON TA
                BOP         POL         10-15-2007      REJ         10-17-2007

462479-R3       20DM/       DHO HRNG 01-17-07, CODE 203
                SCR         POL         10-15-2007      CLD         01-23-2008

467556-R1       34AM/33FM   ALLEGES STAFF RETALIATION-LEGAL MAIL TAMPERED WITH
                SCR         POL         10-22-2007      CLD         12-13-2007

467184-A1       34AM/34BM   STAFF TORE UP CELL; BOGUS INVEST; WARDEN REF ACCPT 9
                BOP         POL         10-30-2007      REJ         11-01-2007

467556-A1       34AM/33FM   ALLEGES STAFF RETALIATION-CONSPIRACY WITH AUSA
                BOP         POL         01-02-2008      CLO         03-03-2008

462479-A1       20DM/       DHO APPEAL/CODE 203/HEARING 01-17-2007
                BOP         POL         02-12-2008      CLD         03-21-2008

489352-F1       26BM/       MED NOT RESPOND BP-8;REQ OUTSIDE HOSPITAL CARE
                POL         POL         04-10-2008      CLO         04-17-2008

  G0002       MORE PAGES TO FOLLOW . . .
```

```
   HOU2X          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *     05-20-2008
 PAGE 004 OF 004 *               SANITIZED FORMAT              *     07:44:48

   REMEDY-ID    SUBJ1/SUBJ2  --------------------ABSTRACT-----------------------
                RCV-OFC      RCV-FACL     DATE-RCV      STATUS     STATUS-DATE

 489352-R1      26BM/        RQST OUTSID MED CARE - CORR DX & TRMNT
                SCR          POL          05-01-2008     ACC        05-01-2008
```

```
                33 REMEDY SUBMISSION(S) SELECTED
 G0000         TRANSACTION SUCCESSFULLY COMPLETED
```



U.S. Department of Justice                                                **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons        CC 21 # 7001 0320 0004 5944 3811

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | Ramirez, Jesse Aaaszar | 31805-180 | C/A | USP/Beaumont |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part A—REASON FOR APPEAL—It is clearly evident, that Warden Outlaw has failed to do any type of investigation at all. I never attempted to provide staff with the information. That did support my claims. I did, give and show this information. To Ms. Hanks and when we were in her office. I personally showed, read and she is fully aware of these inaccurate information. The reason why I toook it back. Is because, Mr. McGehee and Ms. Hanks. Have grossly misinterpreted the Privacy act, Sellers and their duties under both. It is clear that they are wholly ignorant and are unwilling to take the time and understand. Exactly, what their duties are. I have not failed to provide staff with sufficient information in support of the challenged information. Staff is the one who is misunderstanding what their actually duties are. It doesn't matter to the them, if the information is corrected or not. As they have told me, "if the Probation office does not correct the allegedly false/inaccurate information. We are still going to rely upon it and we can". This is what was relayed to me. Through both Mr. McGehee and Ms Hanks. They have both told me, that they have no contral over chrrecting this inacurate information. That is affecting me adversely. This is contrary to both the Privacy Act and Sellers. Staff cannot mearly note that the Information is inaccurate. They must maintain accurate information. That is contained in an inmates file. They have both proven to me. That they are not going to stop relying upon it. If the Probation Office fails to correct it. This is what my complaint is all about. There is no doubt in my mind. That I can and will prove. That all of the information,

10/17/06
DATE                        PLEASE   SEE   ATTACHMENT

_____
SIGNATURE OF REQUESTER

Part B—RESPONSE

_____                                          _____
DATE                                                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE                   CASE NUMBER: 428512

Part C—RECEIPT

                                                                  CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

                                                                  BP-230(13)

that is in my PSI Report. Is inaccurate and false. Therefore, USP/Beaumont Staff. Will not be able to rely upon any of it. The basis for my complaint, is not only that the information is false/inaccurate. But that USP/Beaumont staff is not only ignorant of the Privacy Act, Sellers and their duties under both. But that they are going to be unwilling to correct it themselves and to quit relying upon it. If, the Probation Office refuses or fails to correct the inaccurate information. I am going to attach a letter that was given to Ms. Hanks and on October 4,2006 at MainLine at 11:26 am. This letter clearly shows that I have made her aware of the inaccurate information. The U.S. Probation Office Ms. Olivari is fully aware of this false information as well. Wherein, I proved it all to her in my sentencing hearing. This is all in black and white. I have complied with P.S. 5800.11 by notifying Ms. Hanks of the inaccurate information, I have given her the documentation to prove it. I personally gave it to her and in her hand. While we were in her office. All she did was put it in my file. She failed to correct them and their and when she had this information in her hands/possession. This proves that she has failed to uphold her duties as per the Privacy Act and Sellers. The Warden concedes to this in his response. What difference does it matter if I resubmit this information to Ms. Hanks or Mr. McGehee. Their actions or inactions I should say. Have spoken for themselves. The review should have been conducted. The minute/second that I gave them this information to begin with. The Warden then states, that it is the decision of the U.S. Probation Office as to what steps are taken to rectify the inaccuracies. Since Ms.Hanks and Mr. McGehee have both failed to correct this inaccurate information themselves. I ask that they both relay to the Probation Office. The portions of the PSI Report, that I have notified to them. That contain this false/inaccurate information. Please refer to the informal resolution, the formal resolution, this BP-9 and the letter that I gave to Ms. Hanks. If there are any questions. As to the exact parts that I am alleging. That are  false/inaccurate. There is no need to resubmit this infor back to Hanks and McGehee. As they are not going to review this themselves and they will just put it in my file. Which has already been proven. The DEA-6 reports, criminal complaints and transcripts. That were given to them the first time. More than proves that the information is infact false/inaccurate. Due to their inability to discharge their duites. I therefore request an appeal from this decision. I also request, that since this Regional Director G. Maldonade. Is just as ignorant, unwilling, and unable to discharge his own duties. That he deny me any and all relief. So that, I may go to the next available remedy and exhaust it. So that, I can then file my civil lawsuit  and collect damages.For the injury/damages that I have and am suffering. They have all had an opportunity to do as they are under duty to do. They have failed to do as such.

Respectfully

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Ramirez, Jesse_____ __31895-180__ __C/A__ __USP/Beaumont__
     LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A—REASON FOR APPEAL – It is clearly evident. That none of these people have done a proper investigation and have listened. To what they are saying in their very own responses. It is a proven fact, that I had personally handed and went over the inaccurate information. With Ms. Hanks in her office. She personally saw the DEA-6 reports and etc. That support what I am telling these people. Upon me forwarding this documentation to Ms. Hanks. She quickly put this documentation in my file. She had this information for over a week. Where she could have already commenced her duties. Under the Privacy Act, and Sellers. She failed, and subsequently. I asked her for the documentation back. Her actions were the same actions. That the Parole Board took in Sellers. They merely noted the inaccurate information and stuck in in Sellers f file. This is clearly a violation of the Privacy Act and Sellers. I have not failed to provide this information to me. Hanks and staff. It is they, who have failed to fulfill their duties. When I provided this information to them. Me taking it back. Has nothing to do with what they all should have done to begin with and the very second. That I provided this documentation to them. It is clear, that I have done my part under the Privacy Act and Sellers. Therefore, I ask once again. To please expedite the denial of this appeal. So that I may proceed with my civil remedies.

P.S. This inmate has provide staff with such information. Staff did review the alleged error's. However, staff failed to take the reasonable steps to correct.

_____  _CCN# 7001 1920 000 9455 3577__  _____
     DATE                                               SIGNATURE OF REQUESTER

Part B—RESPONSE

_____

_____
     DATE                                               GENERAL COUNSEL
                                                        CASE NUMBER: _409512-A1_

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

Part C—RECEIPT
                                                        CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION
SUBJECT: _____

_____
     DATE

OF RECIPIENT OF CENTRAL OFFICE APPEAL          BP-231(13)

FEDERAL CORRECTIONAL COMPLEX (FCC) BEAUMONT, TEXAS
UNITED STATES PENITENTIARY
PART B - RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY 428512-F1

This is in response to your Request for Administrative Remedy dated September 18, 2006, in which you allege your Presentence Investigation Report (PSI) contains inaccurate information. You are requesting correction of this information.

An investigation of this matter revealed you spoke with Unit Management staff regarding alleged numerous inaccuracies in your PSI in September 2006. You attempted to provide staff with some of the information you claim supported your version of the events. When staff told you they would need some time to process the information and attempt to link it to your PSI, you took the paperwork back and stated you were going to reorganize it and outline specifically what information you were challenging. To date, you have not returned this paperwork for staff to review.

Under Program Statement 5800.11, Inmate Central File, Privacy Folder, and Parole Mini-Files, the inmate is required to provide staff with sufficient information in support of a challenge to information contained in his Central File. As you have failed to provide information at this time, staff cannot ascertain the accuracy of the information contained in your PSI. Once you provide the documentation to Unit Team staff, a review will be conducted to determine if the information can be verified. If staff discover potential inaccuracies, it will be the decision of the U.S. Probation Office as to what steps they will take to rectify the inaccuracies.

This response to Request for Administrative Remedy is for informational purposes only.

If you are not satisfied with this response, you may appeal to the Regional Director at Bureau of Prisons, South Central Region, 4211 Cedar Springs Road, Dallas, Texas 75219. Your appeal must be received in the South Central within 20 calendar days of the date of this response.

T. C. Outlaw, Warden                                    10/10/06
                                                        Date

U.S. DEPARTMENT OF JUSTICE                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Jesse Ramirez _____ 31805-180 ___ C/A ___ USP/Beaumont
 LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A– INMATE REQUEST** ▪ It has been more than 20 days from the time that I have sent in my informal resolution BP-8. I have not heard one word on this at all. Under CFR § 542.18. The the institutional level. I should have received a response in 20 days and if i haventt. Then I could treat it as a denial at this level. Under P.S. 1330.13(8)(b) pg 6. I can bypass the informal resolution and request a Formal Resplution BP-9. I have requested a 9 and am going to proceed tothe next level. I spoke with Case Worker Hanks on 9/15/06 in the morning. We discussed the **Sellers** issue at hand. But, she does not understand its progeny. First off, under Sellers. PSI reports are exempt from requests of amendment 28 CFR §§ 16.51(c) and 16.97 (a); **Deters v U.S. Parole Comm.** 85 F3d 655, 658 n2(D.C. 1996). However, my case is unlike Deters. Where Deters could **not** ascertain/prove the truth. I am able to prove the truth and in Black and White. Ms. Hanks has been given some of the documentation "DEA-6 reports and Trial Transcripts). I am in the proceessof forwarding her more proof documentation. To prove that I am telling the truth and that the information inthe PSI **is false**. In short, my case is a "**Typical**" case. My allegations of false information in the PSI. Is easily ascertainable and capable of being verified **Sellers v BOP** 959 F2d 307(D.C. 1991). I do not care, if the probation office. Does or does not. Correct this **false/inacurate** info in their PSI. I care that this **false/inacurate** info. Is the reason/basis for me being imprisoned to 3 life sentences to begin with. As Ms. Hanks has relayed tomme "If the Probation Office does not correct it. Then _____ (please see attachment......

9/18/06 _____
 DATE                                          SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____ DATE                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE        CASE NUMBER: 425513-F1

                                                       CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
 LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____ DATE                    RECIPIENT'S SIGNATURE (STAFF MEMBER)          BP-229(13)

USP LVN

Then we don't have to take it out of your fileand we will continue. To use this info against you. Whether it affects you adversly or not. It is only up to the Probation Office to correct it". I had told her, that at sentencing. I contested and objected to all of this known false information and the transcript will reflect. That the probabition officer, AUSA's, and even Judge Prado. Knew, that the information was false. It is clear, that she does not understand. Exactly what are her duties and responsibilities are and under **5 U.S.C. 552.** Her lack of effort to address this **false/challenged** information before she relies on it again. Does not satisfy the Privacy Act. By her just merely noting this disputed info in my file. I am fixing to come up for another evaluation "Team"soon. Due to the recent points change. She is once again going to rely upon this **false** information. I therefor ask, that this formal resolution. Be give the utmost and expedient attention. So that, I may be able to exhaust my Administration Remedy and proceed with the next available remedy **5 § 552(a) (g)(1).**

Respectfully

Jesse Ramirez

Administrative Remedy No. 428512-A1
Part B - Response

This is in response to your Central Office Administrative Remedy
in which you claim that your Presentence Investigation Report
(PSI) contains inaccurate information.

Our review indicates that the Warden and Regional Director
adequately responded to the issues you raised in your appeal.
Program Statement 5800.11, <u>Inmate Central File, Privacy Folder,
and Parole Mini-Files</u>, states an inmate may challenge the
accuracy of information in his central file and is required to
provide staff with sufficient information in support of a
challenge (i.e, names of persons to contact, government agency,
etc.). P.S. 5800.11 also states that if an inmate challenges
information in the PSI, staff should inform the appropriate U.S.
Probation Office (USPO) in writing of the disputed information,
and request that a written response also be provided. If the
USPO subsequently reports that the challenged information, or
some part thereof is not accurate, staff shall attach the
Bureau's inquiry and the USPO response to the challenged
document. The Bureau of Prisons does not have the authority to
make changes to the PSI.

Contact with institution staff indicates that you have not
provided specific information pertaining to the information you
want challenged or supporting documentation of the information
challenged. We encourage you to provide staff with sufficient
information in support of a challenge (names of persons to
contact, government agency, etc.). Bureau of Prisons' staff can
only inform the U.S. Probation Office of the information you
request to challenge. Accordingly, your appeal is denied.


January 24, 2007
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

APPEAL

# U.S. District Court [LIVE]
## Western District of Texas (San Antonio)
## CRIMINAL DOCKET FOR CASE #: 5:02-cr-00621-FB-3

Case title: USA v. Castillon

Date Filed: 11/20/2002

Other court case number: :04- -50778 Fifth Circuit Def #3

Magistrate judge case number: 5:02-mj-00570

---

Assigned to: Judge Fred Biery

Appeals court case number: 04-50778

## Defendant (3)

**Jesse Salazar Ramirez**
*TERMINATED: 07/22/2004*

represented by **Jesse Salazar Ramirez**
218 S. Laredo
San Antonio, TX 78207
PRO SE

**Albert A. Flores**
The Law Office of Albert A. Flores
603 Urban Loop
San Antonio, TX 78204
(210) 225-4006
Fax: 210/225-5621
Email: attyflores@aol.com
*TERMINATED: 06/19/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE*

*NOTICED*
*Designation: CJA*
*Appointment*

**Alex J. Scharff**
Campion & Campion
222 E. Main Plaza
San Antonio, TX 78205
(210) 227-5161
Fax: (210) 229-1243
Email: alexjoss@yahoo.com
*TERMINATED: 07/22/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*
*Designation: Retained*

**George William**
**Aristotelidis**
Attorney at Law
417 San Pedro Avenue
San Antonio, TX 78212
(210) 277-1906
Fax: 210/225-4469
Email:
aristotelidis@sbcglobal.net
*TERMINATED: 10/14/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*
*Designation: CJA*
*Appointment*

**Kimberly S. Keller**
The Keller Law Firm
13423 Blanco Rd
Suite 300
San Antonio, TX 78216

(210) 857-5267
Fax: 210/479-2362
Email:
kim@kellerappeals.com
*TERMINATED: 07/22/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*
*Designation: CJA*
*Appointment*

**Melvin R. Blumberg**
5835 Callaghan
Suite 100
San Antonio, TX 78229
(210) 479-8416
*TERMINATED: 04/25/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*
*Designation: CJA*
*Appointment*

**Rolando Garcia**
Law Office of Rolando
Garcia
Washington Square Building
800 Dolorosa, Suite 101
San Antonio, TX 78207
(210) 224-4444
Fax: 210/226-5790
Email:
garciarol@YAHOO.COM
*TERMINATED: 03/31/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 21:846=CD.F CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE - conspiracy to distribute and to possess with intent to distribute cocaine. (1) | Dismissed counts on Govt's motion. |
| 21:846=CD.F CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE - conspiracy to distribute and to possess with intent to distribute cocaine. (1s) | Counts 1s,4s,6s: life imprisonment; 5 years supervised release; no fine; $100 special assessment for each count; count 14s: 20 years imprisonment to run concurrent, 3 years supervised release to run concurrent, $100 special assessment for e ach count. |
| 21:841A=CD.F CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE; aided and abetted. (4) | Dismissed counts on Govt's motion. |
| 21:841A=CD.F CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE - distribution/pssession with intent to distribute cocaine; aiding and abetting. (4s) | Counts 1s,4s,6s: life imprisonment; 5 years supervised release; no fine; $100 special assessment for each count; count 14s: 20 years imprisonment to run concurrent, 3 years supervised release to run concurrent, $100 special assessment for e ach count. |

21:841A=CD.F
CONTROLLED
SUBSTANCE - SELL,
DISTRIBUTE, OR
DISPENSE; aided and
abetted.
(6)

Dismissed counts on Govt's
motion.

21:841A=CD.F
CONTROLLED
SUBSTANCE - SELL,
DISTRIBUTE, OR
DISPENSE -
distribution/pssession with
intent to distribute cocaine;
aiding and abetting.
(6s)

Counts 1s,4s,6s: life
imprisonment; 5 years
supervised release; no fine;
$100 special assessment for
each count; count 14s: 20
years imprisonment to run
concurrent, 3 years
supervised release to run
concurrent, $100 special
assessment for e ach count.

18:924O.F CONSPIRACY
TO COMMIT A VIOLENT
CRIME/DRUGS/MACHINE
GUN - conspiracy to
use/possess a firearm in a
drug trafficking crime.
(11)

Dismissed counts on Govt's
motion.

18:924O.F CONSPIRACY
TO COMMIT A VIOLENT
CRIME/DRUGS/MACHINE
GUN - conspiracy to
use/possess a firearm in a
drug trafficking crime.
(11s)

Jury verdict not guilty as to
count 11s, 12s.

18:924C.F VIOLENT
CRIME/DRUGS/MACHINE
GUN - use/possess a firearm
in a drug trafficking crime;
aided and abetted.

Dismissed counts on Govt's
motion.

(12)

| | |
|---|---|
| 18:924C.F VIOLENT CRIME/DRUGS/MACHINE GUN - use/possess a firearm in a drug trafficking crime; aiding and abetting. (12s) | Jury verdict not guilty as to count 11s, 12s. |
| 18:1956-3300.F MONEY LAUNDERING - INTERSTATE COMMERCE - conspiracy to launder money. (14) | Dismissed counts on Govt's motion. |
| 18:1956-6801.F MONEY LAUNDERING - CONTROLLED SUBSTANCE - SELL/DISTR/DISP - conspiracy to launder money (14s) | Counts 1s,4s,6s: life imprisonment; 5 years supervised release; no fine; $100 special assessment for each count; count 14s: 20 years imprisonment to run concurrent, 3 years supervised release to run concurrent, $100 special assessment for e ach count. |

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                    **Disposition**

None

**Highest Offense Level (Terminated)**

None

| Complaints | Disposition |
|---|---|
| Conspiracy to distribute to possess with intent to distribute more than five kilograms of cocaine in violation of Title 21 USC 841 (a)(1) and 846 [ 5:02-m -570 ] | |

**Plaintiff**

**USA**                              represented by    **Diana Cruz-Zapata**
                                                   U.S. Attorney's Office
                                                   601 NW Loop 410, Suite 600
                                                   San Antonio, TX 78216
                                                   (210)384-7040
                                                   Fax: 210/384-7045
                                                   Email: diana.cruz-
                                                   zapata@usdoj.gov
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE*
                                                   *NOTICED*

                                                   **Joey Contreras**
                                                   Assistant United States
                                                   Attorney
                                                   601 N.W. Loop 410
                                                   Suite 600
                                                   San Antonio, TX 78216
                                                   (210) 384-7025
                                                   Fax: 210/384-7028
                                                   Email:
                                                   joey.contreras@usdoj.gov
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE*
                                                   *NOTICED*

                                                   **Joseph H. Gay, Jr.**

Assistant U.S. Attorney
601 N.W. Loop 410
Suite 600
San Antonio, TX 78216
(210) 384-7090
Fax: 210/530-6180
Email:
Joseph.Gay@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

**Michael R. Hardy**
Assistant United States
Attorney
601 NW Loop 410
Suite 600
San Antonio, TX 78216-5512

(210) 384-7150
Fax: 210/384-7118
Email:
mike.hardy@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/29/2002 | | Case assigned to Honorable Nancy S. Nowak [ 5:02-m - 454 ] [ 5:02-cr -445 ] (fe) Modified on 11/26/2002 (Entered: 08/29/2002) |
| 09/03/2002 | | Case assigned to Honorable Fred Biery [ 5:02-cr -445 ] (kc) Modified on 11/26/2002 (Entered: 09/04/2002) |
| 10/29/2002 | | Case assigned to Honorable Edward C. Prado [ 5:02-cr - |

| | | |
|---|---|---|
| | | 560 ](kc) Modified on 11/26/2002 (Entered: 10/31/2002) |
| 10/29/2002 | | Case assigned to Judge Pamela A. Mathy [ 5:02-m -554 ] [ 5:02-cr -560 ] (fe) Modified on 11/26/2002 (Entered: 10/30/2002) |
| 11/01/2002 | | Case assigned to Honorable Nancy S. Nowak [ 5:02-m -559 ] [ 5:02-cr -579 ] (ac) Modified on 11/26/2002 (Entered: 11/05/2002) |
| 11/05/2002 | | Case assigned to Honorable Edward C. Prado. [ 5:02-cr -579 ](fe) Modified on 11/26/2002 (Entered: 11/07/2002) |
| 11/08/2002 | | Case assigned to Honorable Nancy S. Nowak [ 5:02-m -570 ] (ac) Modified on 11/26/2002 (Entered: 11/13/2002) |
| 11/08/2002 | 1 | Complaint filed against Alejandro Noe Castillon, Charles Cruz, Edward Scott Lopez, Jesse Salazar Ramirez, Rene Campos, Salvador Castillon, Renaldo Hernandez, Lori Ann Hernandez, Del Rio-Rodriguez, Jose Zaragoza Garza-Del Rio [ 5:02-m -570 ] (ac) Modified on 11/26/2002 (Entered: 11/13/2002) |
| 11/08/2002 | | Arrest warrant issued for Alejandro Noe Castillon, Charles Cruz, Edward Scott Lopez, Jesse Salazar Ramirez, Rene Campos, Salvador Castillon, Renaldo Hernandez, Lori Ann Hernandez, Del Rio-Rodriguez, Jose Zaragoza Garza-Del Rio [ 5:02-m -570 ] (ac) Modified on 11/26/2002 (Entered: 11/13/2002) |
| 11/08/2002 | | Arrest of Charles Cruz, Edward Scott Lopez, Jesse Salazar Ramirez [ 5:02-m -570 ] (ac) (Entered: 11/13/2002) |
| 11/08/2002 | | Defendant(s) Charles Cruz, Edward Scott Lopez, Jesse Salazar Ramirez first appearance held ; preliminary exam set at 9:30 11/12/02 for Charles Cruz, for Edward Scott Lopez, for Jesse Salazar Ramirez ; ; Defendant informed of rights. [ 5:02-m -570 ] (ac) (Entered: 11/13/2002) |
| 11/08/2002 | 7 | Minutes of proceedings for Initial Appearance conducted on 11/8/02 as to Jesse Salazar Ramirez by Judge Nowak. |

|            |    |                                                                                                                                                                                                                                            |
|------------|----|------|
|            |    | Court Reporter: Nolden [ 5:02-m -570 ] (ac) (Entered: 11/13/2002) |
| 11/08/2002 | 8  | Order of Temporary Detention as to Jesse Salazar Ramirez ; Bond set to NO BOND for Jesse Salazar Ramirez. setting Detention hearing for 9:30 11/12/02 for Jesse Salazar Ramirez [ 5:02-m -570 ] (ac) (Entered: 11/13/2002) |
| 11/12/2002 |    | Case assigned to Judge Alia M. Ludlum [ 2:02-m -2690 ] (bb) Modified on 11/26/2002 (Entered: 11/12/2002) |
| 11/12/2002 | 11 | Order as to Jesse Salazar Ramirez reset detention hearing to 2:30 11/14/02 for Jesse Salazar Ramirez , and reset preliminary exam to 2:30 11/14/02 for Jesse Salazar Ramirez [ 5:02-m -570 ] (ac) (Entered: 11/13/2002) |
| 11/15/2002 | 21 | Order as to Jesse Salazar Ramirez reset detention hearing to 2:30 11/19/02 for Jesse Salazar Ramirez , and set preliminary exam for 2:30 11/19/02 for Jesse Salazar Ramirez [ 5:02-m -570 ] (ac) (Entered: 11/15/2002) |
| 11/19/2002 | 26 | Notice of attorney appearance for Jesse Salazar Ramirez by Rolando Garcia [ 5:02-m -570 ] (ac) (Entered: 11/20/2002) |
| 11/19/2002 | 27 | Motion by Jesse Salazar Ramirez to continue detention hearing [ 5:02-m -570 ] (ac) (Entered: 11/20/2002) |
| 11/19/2002 | 28 | Order as to Jesse Salazar Ramirez granting motion to continue detention hearing [27-1] as to Jesse Salazar Ramirez (4) reset detention hearing to 2:30 11/22/02 for Jesse Salazar Ramirez , and reset preliminary exam to 2:30 11/22/02 for Jesse Salazar Ramirez [ 5:02-m -570 ] (ac) (Entered: 11/20/2002) |
| 11/20/2002 |    | Case assigned to Honorable Edward C. Prado (rg1) Modified on 11/26/2002 (Entered: 11/25/2002) |
| 11/20/2002 | 36 | Indictment filed against Alejandro Noe Castillon, Salvador Castillon, Jesse Salazar Ramirez, Rene Campos, Renaldo Hernandez, Lori Ann Hernandez, |

| | | Hector Del Rio-Rodriguez, Jose Zaragoza Garza-Del Rio, Edward Scott Lopez, Charles Cruz, Gustavo Cedillo Hernandez Alejandro Noe Castillon (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, Salvador Castillon (2) count(s) 1, 14, Jesse Salazar Ramirez (3) count(s) 1, 4, 6, 11, 12, 14, Rene Campos (4) count(s) 1, 4, 6, 8, 9, 10, 11, 12, 13, 14, Renaldo Hernandez (5) count(s) 1, 3, 6, 11, 12, 14, Lori Ann Hernandez (6) count(s) 1, 6, 14, Hector Del Rio-Rodriguez (7) count(s) 1, 5, 14, Jose Zaragoza Garza-Del Rio (8) count(s) 1, 5, 14, Edward Scott Lopez (10) count(s) 1, Charles Cruz (14) count(s) 1, 9, Gustavo Cedillo Hernandez (15) count(s) 1, 10, 11, 13 (Pages: 15) (rg1) (Entered: 11/25/2002) |
|---|---|---|
| 11/22/2002 | 51 | Waiver of personal appearance at arraignment and entry of plea not guilty by Jesse Salazar Ramirez (3) count(s) 1, 4, 6, 11, 12, 14 (rg1) (Entered: 11/26/2002) |
| 11/22/2002 | 52 | Order of Detention: Bond reset to DETAINED WITHOUT BOND PENDING TRIAL for Jesse Salazar Ramirez. (rg1) (Entered: 11/26/2002) |
| 12/17/2002 | 90 | Motion by Jesse Salazar Ramirez to revoke order to detain and requesting a bond hearing (rg1) (Entered: 12/17/2002) |
| 12/17/2002 | 91 | Order as to Jesse Salazar Ramirez denying motion to revoke order to detain and requesting a bond hearing [90-1] as to Jesse Salazar Ramirez (3) (rg1) (Entered: 12/18/2002) |
| 12/18/2002 | 92 | Scheduling order as to Alejandro Noe Castillon, Salvador Castillon, Jesse Salazar Ramirez, Rene Campos, Renaldo Hernandez, Lori Ann Hernandez, Hector Del Rio-Rodriguez, Jose Zaragoza Garza-Del Rio, Jose Angel Garcia-Arguello, Edward Scott Lopez, Esteban G. Garza Jr, Rene Cota, Ramiro Rabago-Figeroa, Charles Cruz, Gustavo Cedillo Hernandez setting Plea agreement to be submitted on or before 5:00 1/21/03; Docket Call set for 3:00 1/23/03; Jury Selection set for 9:00 2/3/03; Jury trial |

| | | |
|---|---|---|
| | | set for 9:00 2/3/03. (rg1) Modified on 12/19/2002 (Entered: 12/19/2002) |
| 12/18/2002 | 93 | General Order of Discovery as to Alejandro Noe Castillon, Salvador Castillon, Jesse Salazar Ramirez, Rene Campos, Renaldo Hernandez, Lori Ann Hernandez, Hector Del Rio-Rodriguez, Jose Zaragoza Garza-Del Rio, Jose Angel Garcia-Arguello, Edward Scott Lopez, Esteban G. Garza Jr, Rene Cota, Ramiro Rabago-Figeroa, Charles Cruz, Gustavo Cedillo Hernandez (rg1) (Entered: 12/19/2002) |
| 12/19/2002 | 95 | Notice of Appeal of Conditions of Release by Jesse Salazar Ramirez as to Jesse Salazar Ramirez (rg1) (Entered: 12/20/2002) |
| 12/24/2002 | 98 | Order Concerning Defendant's Notice of Appeal as to Jesse Salazar Ramirez. This cause is returned to the Magistrate Judge to conduct a detention hearing and to reconsider the order dening the defendant's motion based on the results of the detention hearing. (rg1) (Entered: 12/26/2002) |
| 12/30/2002 | 99 | Order of Detention: Bond reset to DETAINED WITHOUT BOND PENDING TRIAL for Jesse Salazar Ramirez. signed by Honorable John W. Primomo (rg1) (Entered: 01/02/2003) |
| 12/30/2002 | | Detention hearing for Jesse Salazar Ramirez held (rg1) (Entered: 01/02/2003) |
| 12/30/2002 | 100 | Minutes of proceedings for Detention Hearing conducted on 12/30/02 as to Jesse Salazar Ramirez by Judge Primomo. Court Reporter: Michael Oakes (rg1) (Entered: 01/02/2003) |
| 01/06/2003 | 101 | Notice of Appeal of Conditions of Release by Jesse Salazar Ramirez as to Jesse Salazar Ramirez (rg1) (Entered: 01/07/2003) |
| 01/14/2003 | 112 | Motion by Jesse Salazar Ramirez to continue plea |

| | | |
|---|---|---|
| | | agreement deadline, docket call, jury selection and trial (rg1) (Entered: 01/14/2003) |
| 01/16/2003 | 117 | Order as to Alejandro Noe Castillon, Salvador Castillon, Jesse Salazar Ramirez, Rene Campos, Renaldo Hernandez, Lori Ann Hernandez, Hector Del Rio-Rodriguez, Jose Zaragoza Garza-Del Rio, Jose Angel Garcia-Arguello, Edward Scott Lopez, Esteban G. Garza Jr, Rene Cota, Ramiro Rabago-Figeroa, Charles Cruz, Gustavo Cedillo Hernandez status conference 10:00 1/28/03 signed by Honorable Edward C. Prado (rg1) (Entered: 01/17/2003) |
| 01/22/2003 | 118 | First Superseding indictment as to Alejandro Noe Castillon (1) count(s) 1s, 2s, 3s-10s, 11s, 12s-13s, 14s, Salvador Castillon (2) count(s) 1s, 14s, Jesse Salazar Ramirez (3) count(s) 1s, 4s, 6s, 11s, 12s, 14s, Rene Campos (4) count(s) 1s, 4s, 6s, 8s-10s, 11s, 12s-13s, 14s, Renaldo Hernandez (5) count(s) 1s, 3s, 6s, 11s, 12s, 14s, Lori Ann Hernandez (6) count(s) 1s, 6s, 14s, Hector Del Rio-Rodriguez (7) count(s) 1s, 5s, 14s, Jose Zaragoza Garza-Del Rio (8) count(s) 1s, 5s, 14s, Jose Angel Garcia-Arguello (9) count(s) 1s, 6s, 11s, 12s, 14s, Edward Scott Lopez (10) count(s) 1s, Esteban G. Garza (11) count(s) 1s, 7s, Rene Cota (12) count(s) 1s, 8s, Ramiro Rabago-Figeroa (13) count(s) 1s, 8s, Charles Cruz (14) count(s) 1s, 9s, Gustavo Cedillo Hernandez (15) count(s) 1s, 10s, 11s, 13s (Pages: 36) (rg1) Modified on 02/06/2003 (Entered: 01/29/2003) |
| 01/22/2003 | | Notice of Forfeiture as to Alejandro Noe Castillon, Salvador Castillon, Jesse Salazar Ramirez, Rene Campos, Renaldo Hernandez, Hector Del Rio-Rodriguez, Jose Angel Garcia-Arguello, Edward Scott Lopez, Esteban G. Garza Jr, Rene Cota, Ramiro Rabago-Figeroa is contained in First Superseding Indictment (rg1) (Entered: 02/05/2003) |
| 01/24/2003 | 126 | Order as to Jesse Salazar Ramirez setting arraignment to |

| | | |
|---|---|---|
| | | 1:30 1/30/03 for Jesse Salazar Ramirez signed by Judge Pamela A. Mathy (rg1) (Entered: 01/29/2003) |
| 01/28/2003 | | Status conference for Alejandro Noe Castillon, Salvador Castillon, Jesse Salazar Ramirez, Rene Campos, Renaldo Hernandez, Lori Ann Hernandez, Hector Del Rio-Rodriguez, Jose Zaragoza Garza-Del Rio, Jose Angel Garcia-Arguello, Edward Scott Lopez, Esteban G. Garza Jr, Rene Cota, Ramiro Rabago-Figeroa, Charles Cruz, Gustavo Cedillo Hernandez held. Parties announced not ready to proceed to trial. Amended scheduling order to follow. (rg1) (Entered: 01/30/2003) |
| 01/29/2003 | 153 | Minutes of proceedings for Status Conference conducted on 01/28/03 as to Alejandro Noe Castillon, Salvador Castillon, Jesse Salazar Ramirez, Rene Campos, Renaldo Hernandez, Lori Ann Hernandez, Hector Del Rio-Rodriguez, Jose Zaragoza Garza-Del Rio, Jose Angel Garcia-Arguello, Edward Scott Lopez, Esteban G. Garza Jr, Rene Cota, Ramiro Rabago-Figeroa, Charles Cruz, Gustavo Cedillo Hernandez by Judge Prado. Court Reporter: Karl Myers (rg1) (Entered: 01/30/2003) |
| 01/30/2003 | 157 | Waiver of personal appearance at arraignment and entry of plea not guilty as to First Superseding Indictment by Jesse Salazar Ramirez (3) count(s) 1s, 4s, 6s, 11s, 12s, 14s signed by Judge Pamela A. Mathy (rg1) (Entered: 01/31/2003) |
| 01/30/2003 | 162 | Amended Scheduling Order as to Alejandro Noe Castillon, Salvador Castillon, Jesse Salazar Ramirez, Rene Campos, Renaldo Hernandez, Lori Ann Hernandez, Hector Del Rio-Rodriguez, Jose Zaragoza Garza-Del Rio, Jose Angel Garcia-Arguello, Edward Scott Lopez, Esteban G. Garza Jr, Rene Cota, Ramiro Rabago-Figeroa, Charles Cruz, Gustavo Cedillo Hernandez granting motion to continue [116-1] as to Rene Cota (12), granting motion to continue trial setting [114-1] as to Gustavo Cedillo Hernandez (15), granting motion to |

| | | continue trial setting [113-1] as to Rene Campos (4), granting motion to continue plea agreement deadline, docket call, jury selection and trial [112-1] as to Jesse Salazar Ramirez (3), granting motion to continue plea bargain, docket call, trial [111-1] as to Alejandro Noe Castillon (1), granting motion to continue plea bargain, docket call and jury selection/trial [110-1] as to Jose Angel Garcia-Arguello (9) resetting scheduling order deadlines: Deadline for filing of all motions by 2/21/03 Plea to be submitted on or before 5:00 2/28/03 ; Docket Call set for 9:00 4/25/03 Jury trial set for 9:00 5/12/03; , Jury selection 9:00 5/12/03; , order indicates continuance is granted in order to obtain or substitute counsel, or give counsel reasonable time to prepare signed by Honorable Edward C. Prado (rg1) Modified on 01/31/2003 (Entered: 01/31/2003) |
| --- | --- | --- |
| 02/03/2003 | 165 | Transcript filed as to Jesse Salazar Ramirez for dates of 12/30/02 (Proceedings Transcribed: Detention Hearing) (Court Reporter: Michael Oakes) (rg1) (Entered: 02/04/2003) |
| 02/25/2003 | 177 | Motion by Jesse Salazar Ramirez to revoke order to detain (rg1) (Entered: 02/26/2003) |
| 02/25/2003 | 178 | Memorandum by Jesse Salazar Ramirez in support of motion to revoke order to detain [177-1] as to Jesse Salazar Ramirez (rg1) (Entered: 02/26/2003) |
| 02/27/2003 | 198 | Response by USA to motion by Jesse Salazar Ramirez : motion to revoke order to detain [177-1] (rg1) (Entered: 02/28/2003) |
| 03/05/2003 | 216 | Order as to Jesse Salazar Ramirez denying motion to revoke order to detain [177-1] as to Jesse Salazar Ramirez (3) signed by Honorable Edward C. Prado (rg1) (Entered: 03/06/2003) |
| 03/20/2003 | 220 | Notice and Motion by Jesse Salazar Ramirez for Rolando Garcia to withdraw as attorney (fe) (Entered: |

| | | 03/21/2003) |
|---|---|---|
| 03/31/2003 | 221 | Order as to Jesse Salazar Ramirez granting motion for Rolando Garcia to withdraw as attorney [220-1] signed by Honorable Edward C. Prado (rg1) (Entered: 04/01/2003) |
| 03/31/2003 | 224 | Order as to Jesse Salazar Ramirez signed by Honorable Edward C. Prado - the Clerk is directed to file defendant's correspondence as a motion for court appointed counsel. The motion is referred to the U. S. Magistrate judge for consideration. Copy of this order and defendant's motion sent to defendant's current attorney of record and to the Govt's attorney. (rg1) (Entered: 04/01/2003) |
| 03/31/2003 | 225 | Motion by Jesse Salazar Ramirez for appointment of counsel (rg1) (Entered: 04/01/2003) |
| 04/01/2003 | 226 | CJA-23 Financial Affidavit filed as to Jesse Salazar Ramirez (rg1) (Entered: 04/02/2003) |
| 04/01/2003 | 227 | Filed CJA Form #20 as to Jesse Salazar Ramirez appointing Melvin R. Blumberg (rg1) (Entered: 04/02/2003) |
| 04/01/2003 | | Mooted motion as to Jesse Salazar Ramirez mooting motion for appointment of counsel [225-1] as to Jesse Salazar Ramirez (3) Attorney appointed 4/1/03 (rg) (Entered: 04/28/2003) |
| 04/25/2003 | | Docket call for Jesse Salazar Ramirez, Charles Cruz held The parties appear and announce not ready to proceed as the defendants have been recently appointed new counsel. Oral motion by defendants for continuance and court grants motion. (rg) (Entered: 04/28/2003) |
| 04/25/2003 | | Motion in open court by Jesse Salazar Ramirez, Charles Cruz "ORAL" to continue jury trial (rg) (Entered: 04/28/2003) |
| 04/25/2003 | | Oral order as to Jesse Salazar Ramirez, Charles Cruz by |

|            |     |                                                                                                                                                                                                                                                                         |
|------------|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |     | Honorable Edward C. Prado granting oral motion "ORAL" to continue jury trial [0-0] as to Jesse Salazar Ramirez (3), Charles Cruz (14) (rg) (Entered: 04/28/2003)             |
| 04/25/2003 | 233 | ORDER granting attorney Melvin R. Blumberg to withdraw as attorney of record and this matter is referred to a U.S. Magistrate Judge for consideration and if necessary for appointment of counsel as to Jesse Salazar Ramirez. signed by Honorable Edward C. Prado (rg) (Entered: 04/28/2003) |
| 04/25/2003 | 234 | Minutes of proceedings for Docket Call conducted on 4/25/03 as to Jesse Salazar Ramirez, Charles Cruz by Judge Prado. Court Reporter: Karl Myers (rg) (Entered: 04/28/2003) |
| 04/25/2003 | 235 | AMENDED SCHEDULING ORDER as to Jesse Salazar Ramirez, Charles Cruz scheduling order deadlines: Plea agreement to be submitted on or before 5:00 6/3/03; Docket Call set for 3:00 6/5/03; Jury trial set for 9:00 6/23/03 , reset Jury selection for 9:00 6/23/03 , order indicates continuance is granted in order to obtain or substitute counsel, or give counsel reasonable time to prepare signed by Honorable Edward C. Prado (rg) (Entered: 04/28/2003) |
| 04/25/2003 | 236 | Motion by Jesse Salazar Ramirez for Melvin R. Blumberg to withdraw as attorney (rg1) (Entered: 04/29/2003) |
| 04/28/2003 | 237 | Filed CJA Form #20 as to Jesse Salazar Ramirez appointing Albert A. Flores (rg1) (Entered: 04/29/2003) |
| 04/28/2003 |     | Mooted motions as to Jesse Salazar Ramirez motion for Melvin R. Blumberg to withdraw as attorney [236-1] as to Jesse Salazar Ramirez (3) (rg1) (Entered: 04/29/2003) |
| 06/02/2003 | 264 | Order as to Salvador Castillon, Jesse Salazar Ramirez, Hector Del Rio-Rodriguez, Jose Zaragoza Garza-Del Rio, Charles Cruz resetting docket call to 10:00 6/4/03 |

| | | |
|---|---|---|
| | | for Salvador Castillon, for Jesse Salazar Ramirez, for Hector Del Rio-Rodriguez, for Jose Zaragoza Garza-Del Rio, for Charles Cruz signed by Honorable Edward C. Prado (rg1) (Entered: 06/03/2003) |
| 06/04/2003 | | Docket call for Jesse Salazar Ramirez, Charles Cruz held. Parties announce they are not ready to proceed. Motions to continued filed 6/4/03. Court will grant motions. Amended scheduling order to follow. (rg1) (Entered: 06/05/2003) |
| 06/04/2003 | 265 | Minutes of proceedings for Docket Call conducted on 6/4/03 as to Jesse Salazar Ramirez, Charles Cruz by Judge Prado. Court Reporter: Karl Myers (rg1) (Entered: 06/05/2003) |
| 06/04/2003 | 266 | Motion by Jesse Salazar Ramirez to continue and for a new scheduling order (rg1) (Entered: 06/05/2003) |
| 06/04/2003 | 269 | Amended Scheduling Order as to Jesse Salazar Ramirez, Charles Cruz granting motion to continue trial setting [267-1] as to Charles Cruz (14), granting motion to continue and for a new scheduling order [266-1] as to Jesse Salazar Ramirez (3) resetting scheduling order deadlines: ; Plea agreement to be on or before 5:00 7/29/03 for Jesse Salazar Ramirez, for Charles Cruz ; Docket Call set for 3:00 7/31/03 for Jesse Salazar Ramirez, for Charles Cruz ; Jury trial set for 9:00 8/11/03 for Jesse Salazar Ramirez, for Charles Cruz , resetting Jury selection to 9:00 8/11/03 for Jesse Salazar Ramirez, for Charles Cruz , order indicates continuance is granted in order to obtain or substitute counsel, or give counsel reasonable time to prepare signed by Honorable Edward C. Prado (rg1) (Entered: 06/05/2003) |
| 06/11/2003 | 274 | Motion by Jesse Salazar Ramirez for Albert A. Flores to withdraw as attorney (rg1) Modified on 06/13/2003 (Entered: 06/13/2003) |
| 06/12/2003 | 273 | PRO SE Motion by Jesse Salazar Ramirez for Albert |

| | | |
|---|---|---|
| | | Flores to withdraw as attorney (rg1) Modified on 06/13/2003 (Entered: 06/13/2003) |
| 06/13/2003 | 275 | Order as to Jesse Salazar Ramirez Motion to withdraw attorney hearing set for 10:00 6/19/03 as to: Jesse Ramirez, re: (273-1), (274-1) signed by Honorable Edward C. Prado (rg1) (Entered: 06/16/2003) |
| 06/19/2003 | 276 | Order as to Jesse Salazar Ramirez signed by Honorable Edward C. Prado - The Clerk is directed to file with the record correspondence from defendant as a motion to appoint counsel as of 6/16/03 which was received by the Court and inadvertently not filed with the District Court. It is further ordered that defendant's motions to withdraw counsel (dkt nos. 273, 274, 277) are granted such that Albert A. Fores is allowed to withdraw as attorney of record. This cause is referred to the U. S. Magistrate Judge for consideration of appointment of counsel. (rg1) (Entered: 06/20/2003) |
| 06/19/2003 | 277 | Motion by Jesse Salazar Ramirez for Albert Flores to withdraw as attorney (rg1) (Entered: 06/20/2003) |
| 06/19/2003 | 276 | Order as to Jesse Salazar Ramirez granting motion for Albert A. Flores to withdraw as attorney [274-1] (Terminated as to Jesse Salazar Ramirez (3), granting motion for Albert Flores to withdraw as attorney [273-1] (Terminated as to Jesse Salazar Ramirez (3), granting motion for Albert Flores to withdraw as attorney [277-1] (Terminated as to Jesse Salazar Ramirez (3) signed by Honorable Edward C. Prado (rg1) (Entered: 06/20/2003) |
| 06/19/2003 | | Motion hearing for Jesse Salazar Ramirez held for the following motions: [277-1], [273-1], [274-1]. The Court makes note of correspondence received in Chambers and orders Clerk to file said document as a motion for withdrawal of counsel as of 6/16/03. The court orally grants motions and refers this matter to Magistrate Judge for appointment of new counsel. Trial deadlines are continued to provide newly appointed counsel adequate |

|            |     |                                                                                                                                                                               |
|------------|-----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |     | time to prepare. Amended scheduling order to follow. (rg1) (Entered: 06/20/2003)                                                                                               |
| 06/19/2003 | 277 | Minutes of proceedings for Motion hearing conducted on 06/19/03 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Karl Myers (rg1) (Entered: 06/20/2003)           |
| 06/20/2003 | 281 | Filed CJA Form #20 as to Jesse Salazar Ramirez appointing George William Aristotelidis (rg1) (Entered: 06/23/2003)                                                           |
| 07/07/2003 | 297 | Motion by Jesse Salazar Ramirez for George W. Aristotelidis to withdraw as attorney (fe) (Entered: 07/07/2003)                                                               |
| 07/07/2003 | 298 | Warrant of arrest of property returned executed as to "One Man's 18-Karat Gold Rolex," C/O DEA (Signed Judgment of Forfeiture) on 6/23/03. (fe) (Entered: 07/08/2003)        |
| 07/07/2003 | 299 | Warrant of arrest of property returned executed on 6/23/03 ($83,260.00 in U.S. Currency) c/o DEA - Signed Judgment of Forfeiture) (fe) (Entered: 07/08/2003)                 |
| 07/07/2003 | 300 | Warrant of arrest of property returned executed on 6/23/03 (1990 Ford F-350) c/o DEA - Signed Judgment of Forfeiture) (fe) (Entered: 07/08/2003)                             |
| 07/07/2003 | 301 | Warrant of arrest of property returned executed on 6/23/03. (1998 Red Pontiac Grand Prix, c/o DEA - Signed Prelim. Judgment of Forfeiture) (fe) (Entered: 07/08/2003)        |
| 07/07/2003 | 302 | Warrant of arrest of property returned executed on 6/23/03 (2000 20-Ft. Custom Flatbed Trailer - c/o DEA - Signed Prelim. Judgment of Forfeiture) (fe) (Entered: 07/08/2003) |
| 07/08/2003 | 303 | Order as to Jesse Salazar Ramirez Defendant's motion to withdraw counsel hearing set for 9:00 7/11/03 as to: Jesse Ramirez, re: (297-1) signed by Honorable Edward C. Prado. (fe) (Entered: 07/09/2003) |

| 07/10/2003 | 305 | Response by USA to motion by Jesse Salazar Ramirez: motion for George W. Aristotelidis to withdraw as attorney [297-1] (fe) (Entered: 07/11/2003) |
| 07/11/2003 |  | Motion hearing for Jesse Salazar Ramirez held for the following motions: [297-1]. Defendant expressed that this attorney, the fourth appointed to represent him, is not proceeding in his best interests. Appointed counsel advised the court that he would like to represent defendant. After consideration, the defendant advises the Court that he would like to proceed with currently appointd attorney George Aristotelidis. Oral order entered denying defendant's motion to withdraw counsel as moot. (rg1) (Entered: 07/14/2003) |
| 07/11/2003 | 307 | Minutes of proceedings for Motion Hearing conducted on 07/11/03 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Karl Myers (rg1) (Entered: 07/14/2003) |
| 07/11/2003 | 308 | Order as to Jesse Salazar Ramirez denying motion for George W. Aristotelidis to withdraw as attorney [297-1] as to Jesse Salazar Ramirez (3) signed by Honorable Edward C. Prado (rg1) (Entered: 07/14/2003) |
| 07/18/2003 | 317 | Warrant of arrest of property returned executed on 7/11/03 on Security State Bank by USMS as to One 2000 20 ft custom pull flatbed trailer. (rg1) (Entered: 07/18/2003) |
| 07/18/2003 | 318 | Warrant of arrest of property returned executed on 7/8/03 on Dustin G. Lowery by USMS as to one 1990 Ford F-350 Dually Supercab. (rg1) (Entered: 07/18/2003) |
| 07/28/2003 | 320 | Agreed Motion by Jesse Salazar Ramirez to continue trial (rg1) (Entered: 07/29/2003) |
| 07/29/2003 | 321 | Warrant of arrest of property returned UNEXECUTED on 7/22/03 on Cesar Ivan Guajardo re one 1998 Red Pontiac Grand Prix GT. (rg1) (Entered: 07/30/2003) |
| 07/30/2003 | 322 | Warrant of arrest of property returned executed on |

| | | |
|---|---|---|
| | | 07/24/03 on Alfredo Cantu, Jr as to one 2000 20 ft custom pull flatbed trailer. (rg1) (Entered: 07/31/2003) |
| 07/31/2003 | 323 | Order as to Jesse Salazar Ramirez granting motion to continue trial [320-1] as to Jesse Salazar Ramirez (3) signed by Honorable Edward C. Prado (rg1) (Entered: 08/01/2003) |
| 07/31/2003 | 324 | Amended Scheduling Order as to Jesse Salazar Ramirez scheduling order deadlines: Plea agreement to be submitted on or before 5:00 9/9/03 for Jesse Salazar Ramirez ; Docket Call set for 3:00 9/11/03 for Jesse Salazar Ramirez ; Jury trial set for 9:00 9/15/03 for Jesse Salazar Ramirez , Jury selection 9:00 9/15/03 for Jesse Salazar Ramirez , order indicates continuance is granted in order to obtain or substitute counsel, or give counsel reasonable time to prepare signed by Honorable Edward C. Prado (rg1) (Entered: 08/01/2003) |
| 08/13/2003 | 329 | PRO SE Motion by Jesse Salazar Ramirez to waive collection fees for copies of letters and transcripts (rg1) (Entered: 08/14/2003) |
| 08/18/2003 | 330 | Order as to Jesse Salazar Ramirez denying motion to waive collection fees for copies of letters and transcripts [329-1] as to Jesse Salazar Ramirez (3) signed by Honorable Edward C. Prado (rg1) (Entered: 08/19/2003) |
| 08/20/2003 | 331 | Transcript filed as to Jesse Salazar Ramirez for dates of 01/28/03 (Proceedings Transcribed: Pretrial Hearing) (Court Reporter: Karl Myers) (rg1) (Entered: 08/21/2003) |
| 08/20/2003 | 332 | Transcript filed as to Jesse Salazar Ramirez for dates of 04/25/03 (Proceedings Transcribed: Pretrial Hearing) (Court Reporter: Karl H. Myers) (rg1) (Entered: 08/21/2003) |
| 08/20/2003 | 333 | Transcript filed as to Jesse Salazar Ramirez for dates of 06/04/03 (Proceedings Transcribed: Pretrial Hearing) (Court Reporter: Karl H. Myers) (rg1) (Entered: |

| | | |
|---|---|---|
| | | 08/21/2003) |
| 08/20/2003 | 334 | Transcript filed as to Jesse Salazar Ramirez for dates of 06/19/03 (Proceedings Transcribed: Pretrial Hearing) (Court Reporter: Karl H. Myers) (rg1) (Entered: 08/21/2003) |
| 08/21/2003 | 335 | Motion by USA as to Jesse Salazar Ramirez to disclose tax returns (rg1) (Entered: 08/22/2003) |
| 08/25/2003 | 336 | Transcript filed as to Jesse Salazar Ramirez for dates of 07/11/03 (Proceedings Transcribed: Pretrial Hearing) (Court Reporter: Karl H. Myers) (rg1) (Entered: 08/26/2003) |
| 08/25/2003 | 337 | Motion by Jesse Salazar Ramirez to suppress (rg1) (Entered: 08/26/2003) |
| 08/25/2003 | 338 | Second Motion by Jesse Salazar Ramirez to continue trial (rg1) (Entered: 08/26/2003) |
| 08/27/2003 | 339 | Order as to Jesse Salazar Ramirez granting motion to disclose tax returns [335-1] as to Jesse Salazar Ramirez (3) signed by Honorable Edward C. Prado (rg1) (Entered: 08/27/2003) |
| 08/28/2003 | 340 | Order as to Jesse Salazar Ramirez granting motion to continue trial [338-1] as to Jesse Salazar Ramirez (3) signed by Honorable Edward C. Prado. Trial to be reset at a later date. (rg1) (Entered: 08/29/2003) |
| 08/29/2003 | 341 | Amended Scheduling Order as to Jesse Salazar Ramirez scheduling order deadlines: Plea agreement to be submitted on or before 5:00 9/30/03 for Jesse Salazar Ramirez ; Docket Call set for 3:00 10/2/03 for Jesse Salazar Ramirez ; Jury trial set for 9:00 10/6/03 for Jesse Salazar Ramirez set for 0:00 11/16/89 as to: , Jury selection 9:00 10/6/03 for Jesse Salazar Ramirez , order indicates continuance is granted in order to obtain or substitute counsel, or give counsel reasonable time to prepare signed by Honorable Edward C. Prado (rg1) |

| | | (Entered: 09/02/2003) |
|---|---|---|
| 09/04/2003 | 342 | Response by USA to motion by Jesse Salazar Ramirez : motion to suppress [337-1] (rg1) (Entered: 09/05/2003) |
| 09/05/2003 | 344 | Motion by Jesse Salazar Ramirez to depose unavailable witness (rg1) (Entered: 09/08/2003) |
| 09/05/2003 | 345 | Motion by Jesse Salazar Ramirez for discovery , for disclosure of exculpatory evidence , f or disclosure under Rule 12 (rg1) (Entered: 09/08/2003) |
| 09/05/2003 | 346 | Motion by Jesse Salazar Ramirez for a James Hearing (rg1) (Entered: 09/08/2003) |
| 09/08/2003 | 347 | PRO SE Motion by Jesse Salazar Ramirez to dismiss attorney (rg1) Modified on 09/09/2003 (Entered: 09/09/2003) |
| 09/10/2003 | 350 | Order as to Jesse Salazar Ramirez denying motion to suppress [337-1] as to Jesse Salazar Ramirez (3) signed by Honorable Edward C. Prado (rg1) (Entered: 09/11/2003) |
| 09/10/2003 | 351 | Response by USA to motion by Jesse Salazar Ramirez : motion for a James Hearing [346-1] (rg1) (Entered: 09/11/2003) |
| 09/11/2003 | 355 | PRO SE Motion by Jesse Salazar Ramirez for George Aristotelidis to withdraw as attorney (rg1) (Entered: 09/12/2003) |
| 09/11/2003 | 356 | Order as to Jesse Salazar Ramirez granting motion for discovery [345-1] as to Jesse Salazar Ramirez (3), granting motion for disclosure of exculpatory evidence [345-2] as to Jesse Salazar Ramirez (3), granting motion f or disclosure under Rule 12 [345-3] as to Jesse Salazar Ramirez (3) signed by Honorable Edward C. Prado (rg1) Modified on 09/12/2003 (Entered: 09/12/2003) |
| 09/11/2003 | 357 | Order as to Jesse Salazar Ramirez denying motion for a James Hearing [346-1] as to Jesse Salazar Ramirez (3) |

| | | |
|---|---|---|
| | | signed by Honorable Edward C. Prado - It is further ordered that the Govt shall submit a James letter to the court, ex parte, as set forth in this Order, no later than 10 days before trial. (rg1) (Entered: 09/12/2003) |
| 09/12/2003 | 359 | PRO SE Motion by Jesse Salazar Ramirez to require the prosecution to reveal any agreement, concession or grant immunity (rg1) (Entered: 09/15/2003) |
| 09/12/2003 | 360 | PRO SE Motion by Jesse Salazar Ramirez for early disclosure of Jencks Act Material (rg1) (Entered: 09/15/2003) |
| 09/12/2003 | 361 | Motion by Jesse Salazar Ramirez for production of grand jury transcripts (rg1) (Entered: 09/15/2003) |
| 09/12/2003 | 362 | PRO SE Motion by Jesse Salazar Ramirez bill of particulars (rg1) (Entered: 09/15/2003) |
| 09/12/2003 | 363 | PRO SE Motion by Jesse Salazar Ramirez for discovery (rg1) (Entered: 09/15/2003) |
| 09/12/2003 | 364 | PRO SE Motion by Jesse Salazar Ramirez to produce information favorable to the defense (rg1) (Entered: 09/15/2003) |
| 09/12/2003 | 365 | PRO SE Motion by Jesse Salazar Ramirez for disclosure of agreements between the Govt. and Govt's witnesses (rg1) (Entered: 09/16/2003) |
| 09/15/2003 | 366 | Order as to Jesse Salazar Ramirez setting status conference to 10:00 9/17/03 for Jesse Salazar Ramirez signed by Honorable Edward C. Prado (rg1) (Entered: 09/16/2003) |
| 09/17/2003 | | Status conference for Jesse Salazar Ramirez held. This matter held to assist address pending motions and dft's pro se motion to withdraw attorney. Dft informs the court of his intent to reurge the previous motion to depose unavailable witness. Dft and the Govt compromise to either depose the witness and/or stipulate to an affidavit. Court orally denies pro se motion no. 361; holds in |

|  |  | abeyance pro se motions 347,355. Pro Se dft's oral motion to proceed pro se is held in abeyance; dft's oral motion for bond hearing and evidentiary hearing is orally denied. Remaining motions to be ruled on by written order of the court. (rg1) (Entered: 09/18/2003) |
|---|---|---|
| 09/17/2003 | 368 | Minutes of proceedings for Status Conference conducted on 09/17/03 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Myers (rg1) (Entered: 09/18/2003) |
| 09/17/2003 |  | Motion in open court by Jesse Salazar Ramirez to proceed pro se (rg1) (Entered: 09/18/2003) |
| 09/17/2003 |  | Motion in open court by Jesse Salazar Ramirez for Bond and Evidentiary hearing (rg1) (Entered: 09/18/2003) |
| 09/17/2003 |  | Oral order as to Jesse Salazar Ramirez by Honorable Edward C. Prado denying oral motion for Bond and Evidentiary hearing [0-0] as to Jesse Salazar Ramirez (3), holding in abeyance oral motion to proceed pro se [0-0] denying motion for production of grand jury transcripts [361-1] as to Jesse Salazar Ramirez (3) holding in abeyance motion to dismiss attorney [347-1], holding in abeyance motion for George Aristotelidis to withdraw as attorney [355-1] (rg1) (Entered: 09/18/2003) |
| 09/23/2003 | 371 | Sealed document as to Jesse Salazar Ramirez placed in vault (rg1) (Entered: 09/24/2003) |
| 09/30/2003 | 373 | Motion by Jesse Salazar Ramirez to continue trial (rg1) (Entered: 10/02/2003) |
| 10/03/2003 | 375 | Amended Scheduling Order as to Jesse Salazar Ramirez granting motion to continue trial [373-1] as to Jesse Salazar Ramirez (3) resetting scheduling order deadlines: Plea agreement to submitted on or before 5:00 11/18/03 for Jesse Salazar Ramirez ; Docket Call set for 3:00 11/20/03 for Jesse Salazar Ramirez ; Jury trial set for 9:00 12/1/03 for Jesse Salazar Ramirez , resetting Jury selection to 9:00 12/1/03 for Jesse Salazar Ramirez , order indicates continuance is granted in order to obtain |

| | | |
|---|---|---|
| | | or substitute counsel, or give counsel reasonable time to prepare signed by Honorable Edward C. Prado (rg1) (Entered: 10/06/2003) |
| 10/10/2003 | 376 | Motion by Jesse Salazar Ramirez to substitute attorney Alex J. Scharff in place of George Aristotelidis (rg1) (Entered: 10/14/2003) |
| 10/14/2003 | 377 | Order as to Jesse Salazar Ramirez granting motion to substitute attorney Alex J. Scharff in place of George Aristotelidis [376-1] as to Jesse Salazar Ramirez (3) signed by Honorable Edward C. Prado. (fe) (Entered: 10/15/2003) |
| 11/17/2003 | 387 | Order as to Jesse Salazar Ramirez resetting docket call to 9:00 11/26/03 for Jesse Salazar Ramirez signed by Honorable Edward C. Prado (rg1) (Entered: 11/18/2003) |
| 11/19/2003 | 389 | Motion by Jesse Salazar Ramirez to continue docket call (rg1) (Entered: 11/20/2003) |
| 11/25/2003 | 392 | Motion by Jesse Salazar Ramirez for production of grand jury transcripts (fe) (Entered: 11/26/2003) |
| 11/25/2003 | 393 | Motion by Jesse Salazar Ramirez for early disclosure of Jencks act Material (fe) (Entered: 11/26/2003) |
| 11/25/2003 | 394 | Motion by Jesse Salazar Ramirez with memorandum in support to suppress oral statements (fe) (Entered: 11/26/2003) |
| 11/25/2003 | 395 | Filed petition for writ of habeas corpus ad testificandum by Jesse Salazar Ramirez as to Jesse Salazar Ramirez for Rene Campos and alejandro Noe castillon to testify. (fe) (Entered: 11/26/2003) |
| 11/26/2003 | | Docket call for Jesse Salazar Ramirez held. Motion for continuance orally granted. Jury selection and trial to be reset. (rg1) (Entered: 12/01/2003) |
| 11/26/2003 | | Oral order as to Jesse Salazar Ramirez by Honorable Edward C. Prado granting motion to continue docket call |

| | | [389-1] as to Jesse Salazar Ramirez (3) (rg1) (Entered: 12/01/2003) |
|---|---|---|
| 11/28/2003 | 396 | Minutes of proceedings for Docket conducted on 11/26/03 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Karl Myers (rg1) (Entered: 12/01/2003) |
| 12/01/2003 | 397 | Order as to Jesse Salazar Ramirez 01/08/04 docket call 10:00 10:00 1/8/04 for Jesse Salazar Ramirez , Motion hearing ; Motion hearing, set for 10:00 1/8/04 as to: Jesse Ramirez, re: (394-1), (393-1), (392-1), (0-0), (364-1), (363-1), (362-1), (360-1), (359-1), (365-1), (355-1), (347-1), (345-1), (345-2), (345-3), (344-1) , resetting Jury selection to 1/26/04 for Jesse Salazar Ramirez , setting Jury trial to 9:00 1/26/04 for Jesse Salazar Ramirez , order indicates continuance is granted in order to obtain or substitute counsel, or give counsel reasonable time to prepare signed by Honorable Edward C. Prado (rg1) (Entered: 12/02/2003) |
| 12/02/2003 | 398 | Order as to Jesse Salazar Ramirez denying motion for early disclosure of Jencks act Material [393-1] as to Jesse Salazar Ramirez (3) signed by Honorable Edward C. Prado (rg1) (Entered: 12/03/2003) |
| 12/02/2003 | 399 | Order as to Jesse Salazar Ramirez granting motion for production of grand jury transcripts [392-1] as to Jesse Salazar Ramirez (3) to the extent required by rule 16 of the FRCP. All requests for information not authorized by theses authorities will be denied. signed by Honorable Edward C. Prado (rg1) (Entered: 12/03/2003) |
| 12/02/2003 | 400 | Response by USA to motion by Jesse Salazar Ramirez : motion to suppress oral statements [394-1] (rg1) (Entered: 12/03/2003) |
| 12/08/2003 | 401 | Pro Se Motion by Jesse Salazar Ramirez for Alex Scharff to withdraw as attorney (rg1) Modified on 12/09/2003 (Entered: 12/09/2003) |
| 01/06/2004 | 402 | Warrant of arrest of property returned executed on |

| | | |
|---|---|---|
| | | 11/24/03 addressed to USMS, Diane Young. (rg1) (Entered: 01/06/2004) |
| 01/06/2004 | 403 | Warrant of arrest of property returned executed on 11/24/03 addressed to Publication, SA Express News. (rg1) (Entered: 01/06/2004) |
| 01/07/2004 | 405 | Motion by Jesse Salazar Ramirez for a Franks Hearing to determine the truthfulness of the affidavits in support of warrants to search and to authorize wiretaps (rg1) (Entered: 01/07/2004) |
| 01/07/2004 | 406 | Motion by Jesse Salazar Ramirez to dismiss for Governmental Misconduct (rg1) (Entered: 01/07/2004) |
| 01/07/2004 | 407 | Motion by Jesse Salazar Ramirez to suppress intercepted wire communications (rg1) (Entered: 01/07/2004) |
| 01/08/2004 | | Pretrial conference for Jesse Salazar Ramirez held. Motion hearing tentatively set for 1/16/03, 10:00 am. (rg1) (Entered: 01/09/2004) |
| 01/09/2004 | 411 | Amended Scheduling order as to Jesse Salazar Ramirez setting Docket Call set for 10:00 1/20/04; Jury Selection set for 9:00 1/23/04; Jury trial set for 9:00 1/26/04. signed by Honorable Edward C. Prado (rg1) (Entered: 01/12/2004) |
| 01/12/2004 | 412 | Motion by Jesse Salazar Ramirez for writ of habeas corpus ad testificandum for the appearance of Rene Campos and Alejandro Noe Castillon as witnesses (rg1) (Entered: 01/13/2004) |
| 01/13/2004 | 413 | Amended motion by Jesse Salazar Ramirez : 'amending' for writ of habeas corpus ad testifcandum for the appearance of Rene Campos, Alejandro Noe Castillon, Charles Cruz, and Gustavo Cedillo amending motion for writ of habeas corpus ad testificandum for the appearance of Rene Campos and Alejandro Noe Castillon as witnesses [412-1] (rg1) (Entered: 01/14/2004) |
| | | |

| 01/14/2004 | 414 | Response by USA to motion by Jesse Salazar Ramirez : motion to suppress intercepted wire communications [407-1], motion to dismiss for Governmental Misconduct [406-1], motion for a Franks Hearing to determine the truthfulness of the affidavits in support of warrants to search and to authorize wiretaps [405-1] (rg1) (Entered: 01/15/2004) |
| --- | --- | --- |
| 01/14/2004 | 415 | Order for Issuance of Writ of Habeas Corpus Ad Testificandum for Alejandro Noe Castillon to appear as to Jesse Salazar Ramirez granting amended motion 'amending' for writ of habeas corpus ad testifcandum for the appearance of Rene Campos, Alejandro Noe Castillon, Charles Cruz, and Gustavo Cedillo [413-1] as to Jesse Salazar Ramirez (3) granting motion for writ of habeas corpus ad testificandum for the appearance of Rene Campos and Alejandro Noe Castillon as witnesses [412-1] as to Jesse Salazar Ramirez (3) signed by Honorable Edward C. Prado (rg1) (Entered: 01/15/2004) |
| 01/14/2004 | | Writ of Habeas Corpus Ad Testificandum as to Jesse Salazar Ramirez issued for Alejandro Noe Castillon to appear on 1/26/04 for hearing. (rg1) (Entered: 01/15/2004) |
| 01/14/2004 | 416 | Order for Issuance of Writ of Habeas Corpus Ad Testificandum as to Jesse Salazar Ramirez for the appearance of Gustavo Cedillo at a hearing on 1/26/04. signed by Honorable Edward C. Prado (rg1) (Entered: 01/15/2004) |
| 01/14/2004 | | Writ of Habeas Corpus Ad Testificandum as to Jesse Salazar Ramirez issued for the appearance of Gustavo Cedillo at a hearing on 1/26/04. (rg1) (Entered: 01/15/2004) |
| 01/14/2004 | 417 | Order for Issuance of Writ of Habeas Corpus Ad Testificandum as to Jesse Salazar Ramirez for the appearance of Rene Campos at a hearing on 1/26/04. signed by Honorable Edward C. Prado (rg1) (Entered: |

| | | |
|---|---|---|
| | | 01/15/2004) |
| 01/14/2004 | | Writ of Habeas Corpus Ad Testificandum as to Jesse Salazar Ramirez issued for the appearance of Rene Campos at a hearing on 1/26/04. (rg1) (Entered: 01/15/2004) |
| 01/14/2004 | 418 | Order for Issuance of Writ of Habeas Corpus Ad Testificandum as to Jesse Salazar Ramirez for the appearnce of Charles Cruz at trial on 1/26/04. signed by Honorable Edward C. Prado (rg1) (Entered: 01/15/2004) |
| 01/14/2004 | | Writ of Habeas Corpus Ad Testificandum as to Jesse Salazar Ramirez issued for the appearance of Charles Cruz at the trial set for 1/26/04. (rg1) (Entered: 01/15/2004) |
| 01/20/2004 | | Motion hearing for Jesse Salazar Ramirez held for the following motions: [405-1], [406-1], [407-1]. Dft's exhibits 1,2,3,4 and Govt's exhibit 1 admitted for the purposes of this hearing. All exhibits are SEALED. Oral order entered denying motions. Case will proceed with jury selection and jury trial as scheduled. (rg1) (Entered: 01/21/2004) |
| 01/20/2004 | 419 | Minutes of proceedings for Motions Hearing conducted on 01/20/04 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Maurice West (rg1) (Entered: 01/21/2004) |
| 01/20/2004 | | Oral order as to Jesse Salazar Ramirez by Honorable Edward C. Prado denying motion for a Franks Hearing to determine the truthfulness of the affidavits in support of warrants to search and to authorize wiretaps [405-1] as to Jesse Salazar Ramirez (3), denying motion to dismiss for Governmental Misconduct [406-1] as to Jesse Salazar Ramirez (3), denying motion to suppress intercepted wire communications [407-1] as to Jesse Salazar Ramirez (3) (rg1) (Entered: 01/21/2004) |
| 01/20/2004 | 420 | Exhibits 1,2,3,4 by Jesse Salazar Ramirez and Govt's |

| | | |
|---|---|---|
| | | exhibit 1 from motion hearing of 1/20/04 as to Jesse Salazar Ramirez SEALED and placed in vault. (rg1) (Entered: 01/21/2004) |
| 01/22/2004 | 421 | List of Anticipated/Potential Witnesses by USA as to Jesse Salazar Ramirez (rg1) (Entered: 01/23/2004) |
| 01/22/2004 | 422 | List of Exhibits by USA as to Jesse Salazar Ramirez (rg1) (Entered: 01/23/2004) |
| 01/23/2004 | 423 | Motion by Jesse Salazar Ramirez to dismiss the indictment for prosecutorial misconduct and knowing use of perjured testimony to the grand jury , and for hearing on motion to dismiss indictment (fe) (Entered: 01/26/2004) |
| 01/23/2004 | | Voir dire begins for Jesse Salazar Ramirez (3) count(s) 1s, 4s, 6s, 11s, 12s, 14s (rg1) (Entered: 01/27/2004) |
| 01/23/2004 | | Jury selection for Jesse Salazar Ramirez held (rg1) (Entered: 01/27/2004) |
| 01/23/2004 | | Motion hearing for Jesse Salazar Ramirez held for the following motions: second motion to dismiss indictment [423-1]. Oral responde by the Government heard. Gvt's exhibits A & B and Dft's exhibit A introduced and admitted for the purpose of this hearing. Exhibits SEALED and placed in the vault. Oral order denying defendant's motion. (rg1) Modified on 01/27/2004 (Entered: 01/27/2004) |
| 01/23/2004 | | Oral Motion in open court by Jesse Salazar Ramirez to continue (rg1) (Entered: 01/27/2004) |
| 01/23/2004 | | Oral order as to Jesse Salazar Ramirez by Honorable Edward C. Prado denying oral motion to continue [0-0] as to Jesse Salazar Ramirez (3) (rg1) (Entered: 01/27/2004) |
| 01/23/2004 | | Motion in open court by USA as to Jesse Salazar Ramirez 'oral' in limine (rg1) (Entered: 01/27/2004) |
| | | |

| | | |
|---|---|---|
| 01/23/2004 | | Oral order as to Jesse Salazar Ramirez by Honorable Edward C. Prado granting oral motion 'oral' in limine [0-0] as to Jesse Salazar Ramirez (3) (rg1) (Entered: 01/27/2004) |
| 01/23/2004 | 425 | Proposed Voir Dire Questions by Jesse Salazar Ramirez (rg1) Modified on 01/27/2004 (Entered: 01/27/2004) |
| 01/23/2004 | 426 | Jury roster as to Jesse Salazar Ramirez filed (rg1) (Entered: 01/27/2004) |
| 01/23/2004 | 427 | Peremptory challenges by USA as to Jesse Salazar Ramirez (rg1) (Entered: 01/27/2004) |
| 01/23/2004 | 428 | Peremptory challenges by Jesse Salazar Ramirez as to Jesse Salazar Ramirez (rg1) (Entered: 01/27/2004) |
| 01/23/2004 | 429 | Jury seating arrangement as to Jesse Salazar Ramirez filed (rg1) (Entered: 01/27/2004) |
| 01/26/2004 | 424 | Minutes of proceedings for Pretrial Conference/Jury Selection/Motion Hearing conducted on 01/23/04 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Myers (rg1) (Entered: 01/27/2004) |
| 01/26/2004 | 430 | List of Potential Witnesses by Jesse Salazar Ramirez as to Jesse Salazar Ramirez (rg1) Modified on 01/27/2004 (Entered: 01/27/2004) |
| 01/26/2004 | 431 | Motion by Jesse Salazar Ramirez to subpoena out of country witness (rg1) (Entered: 01/27/2004) |
| 01/26/2004 | | Jury trial for Jesse Salazar Ramirez begun. Jurors sworn. Oral order denying defendant's objection/Batson motion re Government's strike. Gvt calls witnesses, exhibits introduced and admitted. Case recessed to until 1/27/04, 8:30am. (rg1) (Entered: 01/27/2004) |
| 01/26/2004 | | Jury trial for Jesse Salazar Ramirez held (rg1) (Entered: 01/27/2004) |
| 01/26/2004 | 432 | Minutes of proceedings for Jury Trial conducted on 01/26/04 as to Jesse Salazar Ramirez by Judge Prado. |

| | | Court Reporter: Myers (rg1) (Entered: 01/27/2004) |
|---|---|---|
| 01/27/2004 | 433 | Amended motion by Jesse Salazar Ramirez : 'amended' to subpoena out of country witness amending motion to subpoena out of country witness [431-1] (rg1) (Entered: 01/28/2004) |
| 01/27/2004 | | Jury trial for Jesse Salazar Ramirez held. Govt/Dft presented evidence. Trial recessed to until 1/28/04, 8:30. (rg1) (Entered: 01/28/2004) |
| 01/27/2004 | 434 | Minutes of proceedings for Jury trial conducted on 01/27/04 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Myers (rg1) (Entered: 01/28/2004) |
| 01/28/2004 | | Jury trial for Jesse Salazar Ramirez held. (rg1) (Entered: 01/29/2004) |
| 01/28/2004 | 435 | Minutes of proceedings for Jury Trial conducted on 01/28/04 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Myers (rg1) (Entered: 01/29/2004) |
| 01/29/2004 | 436 | Order as to Jesse Salazar Ramirez denying amended motion 'amended' to subpoena out of country witness [433-1] as to Jesse Salazar Ramirez (3), denying motion to subpoena out of country witness [431-1] as to Jesse Salazar Ramirez (3) signed by Honorable Edward C. Prado (rg1) (Entered: 01/30/2004) |
| 01/29/2004 | | Jury trial for Jesse Salazar Ramirez held. Evidence presented on behalf of Govt and Dft. Trial recessed to until 1/30/04, 8:30 a.m. (rg1) (Entered: 01/30/2004) |
| 01/29/2004 | 437 | Minutes of proceedings for Jury Trial conducted on 01/29/04 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Karl Myers (rg1) (Entered: 01/30/2004) |
| 01/30/2004 | | Jury trial for Jesse Salazar Ramirez held. Evidence presented.Trial continued to Monday, February 9, 2004, 8:30 a.m. (rg1) (Entered: 02/02/2004) |
| 01/30/2004 | 438 | Minutes of proceedings for Jury Trial conducted on |

| | | |
|---|---|---|
| | | 01/30/04 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Myers (rg1) (Entered: 02/02/2004) |
| 02/09/2004 | | Jury trial for Jesse Salazar Ramirez held. Trial recessed and continued to 2/10/04, 8:30 am. (rg1) (Entered: 02/10/2004) |
| 02/09/2004 | 439 | Minutes of proceedings for Jury Trial conducted on 02/09/04 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Myers (rg1) (Entered: 02/10/2004) |
| 02/09/2004 | 440 | Motion by Timothy Theodore Duncan as to Jesse Salazar Ramirez to quash subpoena and application for protective order (rg1) (Entered: 02/10/2004) |
| 02/09/2004 | 441 | Motion by Malik Jabari Rose as to Jesse Salazar Ramirez to quash subpoena and application for protective order (rg1) (Entered: 02/10/2004) |
| 02/09/2004 | 442 | Proposed Jury instructions by USA as to Jesse Salazar Ramirez (rg1) (Entered: 02/10/2004) |
| 02/10/2004 | | Jury trial for Jesse Salazar Ramirez held. Trial continued to Wednesday, February 11, 2004, 8:30 a.m. (rg1) (Entered: 02/11/2004) |
| 02/10/2004 | 444 | Minutes of proceedings for Jury Trial conducted on 02/10/04 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Karl Myers (rg1) (Entered: 02/11/2004) |
| 02/11/2004 | | Jury trial for Jesse Salazar Ramirez held. Oral motion by defendant for directed verdict on counts 4,6,11,12,14 of the superseding indictment is orally denied. Trial continued to Thursday, February, 12, 2004, 8:30 a.m. (rg1) (Entered: 02/12/2004) |
| 02/11/2004 | | Motion in open court by Jesse Salazar Ramirez 'oral' for directed verdict as to counts 4,6,11,12,14 of the superseding indictment (rg1) (Entered: 02/12/2004) |
| 02/11/2004 | | Oral order as to Jesse Salazar Ramirez by Honorable Edward C. Prado denying oral motion 'oral' for directed |

| | | verdict as to counts 4,6,11,12,14 of the superseding indictment [0-0] as to Jesse Salazar Ramirez (3) (rg1) (Entered: 02/12/2004) |
|---|---|---|
| 02/11/2004 | 445 | Minutes of proceedings for Jury Trial conducted on 02/11/04 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Myers (rg1) (Entered: 02/12/2004) |
| 02/12/2004 | | Jury trial for Jesse Salazar Ramirez held (kc) (Entered: 02/13/2004) |
| 02/12/2004 | 447 | Minutes of proceedings for jury trial conducted on 2/12/04 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Karl Myers (kc) (Entered: 02/13/2004) |
| 02/13/2004 | | Jury trial for Jesse Salazar Ramirez held. Defendant's Oral motion to unseal defendant's exhibit granted. Dft's exhibit no. 4 from 1/20/04 hearing is unsealed and marked as defense exhibit no. 37 for trial. Dft's exhibit nos. 1-3 and Gvt's exhibit no. 1 from the 1/20/04 hearing remain under seal. (rg1) (Entered: 02/17/2004) |
| 02/13/2004 | | Motion in open court by Jesse Salazar Ramirez 'oral'to unseal defendant's exhibit 4 from 1/20/04 pretrial conference hearing (rg1) (Entered: 02/17/2004) |
| 02/13/2004 | | Oral order as to Jesse Salazar Ramirez by Honorable Edward C. Prado granting oral motion 'oral'to unseal defendant's exhibit 4 from 1/20/04 pretrial conference hearing [0-0] as to Jesse Salazar Ramirez (3) (rg1) (Entered: 02/17/2004) |
| 02/13/2004 | 448 | Minutes of proceedings for Jury Trial conducted on 02/13/4 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Karl Myers (rg1) (Entered: 02/17/2004) |
| 02/19/2004 | | Jury trial for Jesse Salazar Ramirez held. Dft presents evidence. Trial continued to Friday, 2/20/04, 8:30 (rg1) (Entered: 02/20/2004) |
| 02/19/2004 | 449 | Minutes of proceedings for Jury Trial conducted on 02/19/04 as to Jesse Salazar Ramirez by Judge Edward |

| | | |
|---|---|---|
| | | C. Prado. Court Reporter: Karl Myers (rg1) (Entered: 02/20/2004) |
| 02/19/2004 | 450 | Motion by Jesse Salazar Ramirez for polygraph examination (rg1) (Entered: 02/20/2004) |
| 02/20/2004 | 451 | Proposed Jury instructions by USA as to Jesse Salazar Ramirez (rg1) (Entered: 02/20/2004) |
| 02/20/2004 | 452 | Transcript filed as to Jesse Salazar Ramirez for dates of 01/20/04 (Proceedings Transcribed: Motion to Suppress, dismiss, and Franks Hearing) (Court Reporter: Maurice D. West) (rg1) (Entered: 02/23/2004) |
| 02/20/2004 | 453 | Order as to Jesse Salazar Ramirez - that the jury be sequestered during deliberations. signed by Honorable Edward C. Prado (rg1) (Entered: 02/23/2004) |
| 02/20/2004 | | Jury trial for Jesse Salazar Ramirez held. Evidence presented. Govt and Defendant rest. Closing arguments heard . Oral motion for judgment of acquittal orally denied. Defendant's pro se motion for polygraph exam filed 2/19/04 orally denied. Court charges jury. Jury retires to deliberate. (rg1) (Entered: 02/24/2004) |
| 02/20/2004 | | Motion in open court by Jesse Salazar Ramirez 'oral' for judgment of acquittal (rg1) (Entered: 02/24/2004) |
| 02/20/2004 | | Oral order as to Jesse Salazar Ramirez by Honorable Edward C. Prado denying oral motion 'oral' for judgment of acquittal [0-0] as to Jesse Salazar Ramirez (3), denying motion for polygraph examination [450-1] as to Jesse Salazar Ramirez (3) (rg1) (Entered: 02/24/2004) |
| 02/20/2004 | 454 | Minutes of proceedings for Jury Trial conducted on 02/20/04 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Karl Myers (rg1) (Entered: 02/24/2004) |
| 02/20/2004 | 455 | Court's Charge/Instructions to the Jury as to Jesse Salazar Ramirez signed by Honorable Edward C. Prado (rg1) (Entered: 02/24/2004) |
| | | |

| 02/20/2004 | 456 | Jury note no. 1 filed as to Jesse Salazar Ramirez (rg1) (Entered: 02/24/2004) |
| 02/20/2004 | 457 | Jury note no. 2 filed as to Jesse Salazar Ramirez (rg1) (Entered: 02/24/2004) |
| 02/20/2004 | 458 | Proposed Forfeiture Jury instructions and Special Verdict Form by USA as to Jesse Salazar Ramirez (rg1) (Entered: 02/24/2004) |
| 02/23/2004 | | Jury trial for Jesse Salazar Ramirez held. Oral motion for mistrial orally denied. In response to Jury note no. 5, the Court reads the modified Allen Charge in open court before the jury. Jury continues to deliberate. (rg1) (Entered: 02/24/2004) |
| 02/23/2004 | 460 | Minutes of proceedings for Jury Trial conducted on 02/23/04 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Maurice West (rg1) (Entered: 02/24/2004) |
| 02/23/2004 | | Motion in open court by Jesse Salazar Ramirez 'oral' for mistrial (rg1) (Entered: 02/24/2004) |
| 02/23/2004 | | Oral order as to Jesse Salazar Ramirez by Honorable Edward C. Prado denying oral motion 'oral' for mistrial [0-0] as to Jesse Salazar Ramirez (3) (rg1) (Entered: 02/24/2004) |
| 02/23/2004 | 461 | Court Response as to Jesse Salazar Ramirez to jury note no. 2 [457-1] (rg1) (Entered: 02/24/2004) |
| 02/23/2004 | 462 | Jury note no. 3 filed as to Jesse Salazar Ramirez (rg1) (Entered: 02/24/2004) |
| 02/23/2004 | 463 | Jury note no. 4 filed as to Jesse Salazar Ramirez (rg1) (Entered: 02/24/2004) |
| 02/23/2004 | 464 | Jury note no. 5 filed as to Jesse Salazar Ramirez (rg1) (Entered: 02/24/2004) |
| 02/24/2004 | | Jury trial for Jesse Salazar Ramirez held. Jury reaches a guilty verdict on counts 1,4,6,14 of the first superseding |

| | | |
|---|---|---|
| | | indictment. The Jury is given additional instructions on the issue of forfeiture. Jury to continue deliberations on the forfeiture matter on 2/25/04, 8:30 am. (rg1) (Entered: 02/25/2004) |
| 02/24/2004 | 465 | Minutes of proceedings for Jury Trial conducted on 02/24/04 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Karl Myers/Maurice West (rg1) (Entered: 02/25/2004) |
| 02/24/2004 | 466 | Jury note No. 6 filed as to Jesse Salazar Ramirez (rg1) (Entered: 02/25/2004) |
| 02/24/2004 | 467 | Court's Response as to Jesse Salazar Ramirez to jury note no. 6 [466-1] (rg1) (Entered: 02/25/2004) |
| 02/24/2004 | 468 | Jury note no. 7 filed as to Jesse Salazar Ramirez (rg1) (Entered: 02/25/2004) |
| 02/24/2004 | 469 | Jury verdict as to Jesse Salazar Ramirez guilty Jesse Salazar Ramirez (3) count(s) 1s, 4s, 6s, 14s (rg1) (Entered: 02/25/2004) |
| 02/24/2004 | 469 | Jury verdict as to Jesse Salazar Ramirez not guilty Jesse Salazar Ramirez (3) count(s) 11s, 12s (rg1) (Entered: 02/25/2004) |
| 02/24/2004 | 470 | Forfeiture Jury Instructions to the Jury as to Jesse Salazar Ramirez signed by Honorable Edward C. Prado (rg1) (Entered: 02/25/2004) |
| 02/24/2004 | 471 | Jury note No. 8 filed as to Jesse Salazar Ramirez (rg1) (Entered: 02/25/2004) |
| 02/25/2004 | | Jury trial for Jesse Salazar Ramirez held. The reaches a decision on the special verdict. Jury is discharged. Trial exhibits are withdrawn and will be maintained by the parties. Sentencing to be set at a later date. Defendant continued in custody. (rg1) Modified on 02/26/2004 (Entered: 02/26/2004) |
| 02/25/2004 | | Jury trial for Jesse Salazar Ramirez concluded (rg1) |

| | | (Entered: 02/26/2004) |
|---|---|---|
| 02/25/2004 | | Referred to Probation for Pre-Sentence Report as to Jesse Salazar Ramirez (rg1) (Entered: 02/26/2004) |
| 02/25/2004 | 472 | Minutes of proceedings for Jury Trial conducted on 02/25/04 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Karl Myers (rg1) Modified on 02/26/2004 (Entered: 02/26/2004) |
| 02/25/2004 | 473 | Jury note no. 9 filed as to Jesse Salazar Ramirez (rg1) (Entered: 02/26/2004) |
| 02/25/2004 | 474 | Response as to Jesse Salazar Ramirez to jury note no. 9. [473-1] (rg1) (Entered: 02/26/2004) |
| 02/25/2004 | 475 | Jury note no. 10 filed as to Jesse Salazar Ramirez (rg1) (Entered: 02/26/2004) |
| 02/25/2004 | 476 | Special Jury Verdict/Forfeiture as to Jesse Salazar Ramirez. $32,500.00 in addition to assets already siezed as to special verdict no. 1. (rg1) (Entered: 02/26/2004) |
| 02/25/2004 | 477 | Exhibit receipt by USA as to Jesse Salazar Ramirez (rg1) (Entered: 02/26/2004) |
| 02/25/2004 | 478 | Exhibit receipt by Jesse Salazar Ramirez as to Jesse Salazar Ramirez (rg1) (Entered: 02/26/2004) |
| 02/25/2004 | 479 | Writ of Habeas Corpus Ad Testificandum as to Jesse Salazar Ramirez returned executed. Witness Charles Cruz produced as directed and returned to FCI Three River on 2/24/04. (rg1) (Entered: 02/27/2004) |
| 02/25/2004 | | Mooted motions as to Jesse Salazar Ramirez motion to quash subpoena and application for protective order [441-1] as to Jesse Salazar Ramirez (3), motion to quash subpoena and application for protective order [440-1] as to Jesse Salazar Ramirez (3) (as per SJ) (rg1) (Entered: 03/08/2004) |
| 03/02/2004 | 483 | Notice by USA as to Jesse Salazar Ramirez of: Release of Defense Exhibits Introduced at Trial. (rg1) Modified |

| | | |
|---|---|---|
| | | on 03/03/2004 (Entered: 03/03/2004) |
| 03/02/2004 | 484 | Motion by Jesse Salazar Ramirez for new trial (rg1) (Entered: 03/03/2004) |
| 03/04/2004 | 491 | Order as to Jesse Salazar Ramirez set sentencing for 9:00 6/3/04 for Jesse Salazar Ramirez signed by Honorable Edward C. Prado (fe) (Entered: 03/05/2004) |
| 03/05/2004 | 495 | Response by USA to motion by Jesse Salazar Ramirez: motion for new trial [484-1] (fe) (Entered: 03/05/2004) |
| 03/17/2004 | 497 | Order as to Jesse Salazar Ramirez denying motion for new trial [484-1] as to Jesse Salazar Ramirez (3) signed by Honorable Edward C. Prado (kc) (Entered: 03/18/2004) |
| 04/19/2004 | 501 | Transcript filed as to Jesse Salazar Ramirez for dates of 09/17/03 (Proceedings Transcribed: Pretrial Hearing) (Court Reporter: Karl H. Myers) (rg1) (Entered: 04/20/2004) |
| 05/05/2004 | 502 | Motion by Jesse Salazar Ramirez for Alex J. Scharff to withdraw as attorney (rg1) (Entered: 05/06/2004) |
| 05/24/2004 | 504 | Motion by Jesse Salazar Ramirez to suppress evidence (mj) (Entered: 05/27/2004) |
| 05/24/2004 | 505 | Motion by Jesse Salazar Ramirez to suppress statements (mj) (Entered: 05/27/2004) |
| 05/24/2004 | 506 | Motion by Jesse Salazar Ramirez for government to comply with discovery order issued 12/18/02 (mj) (Entered: 05/27/2004) |
| 05/24/2004 | 507 | Motion by Jesse Salazar Ramirez for phone and visitation records (mj) (Entered: 05/27/2004) |
| 05/24/2004 | 508 | Motion (pro se) by Jesse Salazar Ramirez for (Alex Scharff ) to withdraw as attorney (mj) (Entered: 05/27/2004) |
| 05/24/2004 | 509 | Motion by Jesse Salazar Ramirez for Court to order a |

| | | |
|---|---|---|
| | | study (mj) (Entered: 05/27/2004) |
| 05/24/2004 | 510 | Motion by Jesse Salazar Ramirez for Court to Order Probation office to investigate (mj) (Entered: 05/27/2004) |
| 05/24/2004 | 511 | Motion by Jesse Salazar Ramirez to dismiss for error by Government, Court and Clerk (mj) (Entered: 05/27/2004) |
| 05/24/2004 | 512 | Motion by Jesse Salazar Ramirez for in camera interview before sentencing (mj) (Entered: 05/27/2004) |
| 05/24/2004 | 513 | Motion by Jesse Salazar Ramirez to set bond (mj) Modified on 05/27/2004 (Entered: 05/27/2004) |
| 05/24/2004 | 514 | Motion by Jesse Salazar Ramirez to dismiss for non-compliance with Speedy Trial Act (mj) (Entered: 05/27/2004) |
| 05/24/2004 | 515 | Motion by Jesse Salazar Ramirez to dismiss indictment (mj) (Entered: 05/27/2004) |
| 05/24/2004 | 516 | Motion by Jesse Salazar Ramirez to dismiss-prosecutorial misconduct (mj) (Entered: 05/27/2004) |
| 05/24/2004 | 517 | Motion by Jesse Salazar Ramirez to give bond (mj) (Entered: 05/27/2004) |
| 05/24/2004 | 518 | Motion by Jesse Salazar Ramirez for Court to issue subpoenas for U.S. Magistrate Judges (mj) (Entered: 05/27/2004) |
| 05/26/2004 | 519 | Order as to Jesse Salazar Ramirez resetting sentencing to 9:00 7/8/04 for Jesse Salazar Ramirez signed by Honorable Edward C. Prado (rg1) (Entered: 05/28/2004) |
| 06/28/2004 | 522 | Order as to Jesse Salazar Ramirez resetting sentencing to 9:00 7/22/04 for Jesse Salazar Ramirez signed by Honorable Edward C. Prado (rg1) (Entered: 06/29/2004) |
| 06/30/2004 | 523 | Pro Se Motion by Jesse Salazar Ramirez for Alex Scharff to withdraw as attorney (rg1) Modified on 07/01/2004 (Entered: 07/01/2004) |
| | | |

| 06/30/2004 | 524 | Motion by USA as to Jesse Salazar Ramirez for money judgment of forfeiture (rg1) (Entered: 07/01/2004) |
| 07/06/2004 | 525 | Pro Se Motion by Jesse Salazar Ramirez for Alex Scharff to withdraw as attorney (rg1) (Entered: 07/07/2004) |
| 07/22/2004 | 527 | Notice of appeal by Jesse Salazar Ramirez (lp) (Entered: 07/23/2004) |
| 07/22/2004 | 528 | Order as to Jesse Salazar Ramirez granting motion for Alex Scharff to withdraw as attorney [401-1] (Terminated as to Jesse Salazar Ramirez (3), granting motion for Alex J. Scharff to withdraw as attorney [502-1] (Terminated as to Jesse Salazar Ramirez (3), granting motion for (Alex Scharff ) to withdraw as attorney [508-1] (Terminated as to Jesse Salazar Ramirez (3), granting motion for Alex Scharff to withdraw as attorney [523-1] (Terminated as to Jesse Salazar Ramirez (3), granting motion for Alex Scharff to withdraw as attorney [525-1]. signed by Honorable Edward C. Prado (rg1) (Entered: 07/23/2004) |
| 07/22/2004 | | Sentencing Jesse Salazar Ramirez (3) count(s) 1s, 4s, 6s, 14s held. Counts 1s,4s,6s: life imprisonment to run concurrent with count 14s; 5 years supervised release to run concurrent with count 14s; no fine; $100 special assessment for each count. Count 14s: 20 years imprisonment to run concurrent, 3 years supervised release to run concurrent, $100 special assessment for each count. (rg1) (Entered: 07/23/2004) |
| 07/22/2004 | | Motion in open court by Jesse Salazar Ramirez for recusal of Judge Edward Prado (rg1) (Entered: 07/23/2004) |
| 07/22/2004 | | Oral order as to Jesse Salazar Ramirez by Honorable Edward C. Prado denying oral motion for recusal of Judge Edward Prado [0-0] as to Jesse Salazar Ramirez (3) denying motion for government to comply with discovery order issued 12/18/02 [506-1] as to Jesse |

Salazar Ramirez (3), denying motion for Court to Order Probation office to investigate [510-1] as to Jesse Salazar Ramirez (3), denying motion for in camera interview before sentencing [512-1] as to Jesse Salazar Ramirez (3), denying motion for Court to issue subpoenas for U.S. Magistrate Judges [518-1] as to Jesse Salazar Ramirez (3) denying motion to set bond [513-1] as to Jesse Salazar Ramirez (3), denying motion to give bond [517-1] as to Jesse Salazar Ramirez (3), mooting motion to dismiss- prosecutorial misconduct [516-1] as to Jesse Salazar Ramirez (3), mooting motion to dismiss indictment [515-1] as to Jesse Salazar Ramirez (3), mooting motion to dismiss for non-compliance with Speedy Trial Act [514-1] as to Jesse Salazar Ramirez (3), mooting motion to dismiss for error by Government, Court and Clerk [511-1] as to Jesse Salazar Ramirez (3), mooting motion for Court to order a study [509-1] as to Jesse Salazar Ramirez (3), mooting motion for phone and visitation records [507-1] as to Jesse Salazar Ramirez (3), mooting motion to suppress statements [505-1] as to Jesse Salazar Ramirez (3), mooting motion to suppress evidence [504-1] as to Jesse Salazar Ramirez (3), mooting motion to dismiss the indictment for prosecutorial misconduct and knowing use of perjured testimony to the grand jury [423-1] as to Jesse Salazar Ramirez (3), mooting motion for hearing on motion to dismiss indictment [423-2] as to Jesse Salazar Ramirez (3), mooting motion to suppress oral statements [394-1] as to Jesse Salazar Ramirez (3), mooting oral motion to proceed pro se [0-0] as to Jesse Salazar Ramirez (3), mooting motion to produce information favorable to the defense [364-1] as to Jesse Salazar Ramirez (3), mooting motion for discovery [363-1] as to Jesse Salazar Ramirez (3), mooting motion bill of particulars [362-1] as to Jesse Salazar Ramirez (3), mooting motion for early disclosure of Jencks Act Material [360-1] as to Jesse Salazar Ramirez (3), mooting motion to require the prosecution to reveal any agreement, concession or grant immunity

| | | |
|---|---|---|
| | | [359-1] as to Jesse Salazar Ramirez (3), mooting motion for disclosure of agreements between the Govt. and Govt's witnesses [365-1] as to Jesse Salazar Ramirez (3), mooting motion for George Aristotelidis to withdraw as attorney [355-1] as to Jesse Salazar Ramirez (3), mooting motion to dismiss attorney [347-1] as to Jesse Salazar Ramirez (3), (rg1) (Entered: 07/23/2004) |
| 07/22/2004 | | Motion in open court by Jesse Salazar Ramirez for bond pending appeal (rg1) (Entered: 07/23/2004) |
| 07/22/2004 | | Oral order as to Jesse Salazar Ramirez by Honorable Edward C. Prado denying oral motion for bond pending appeal [0-0] as to Jesse Salazar Ramirez (3) (rg1) (Entered: 07/23/2004) |
| 07/22/2004 | 529 | Minutes of proceedings for Sentencing conducted on 07/22/04 as to Jesse Salazar Ramirez by Judge Prado. Court Reporter: Karl Myers (rg1) (Entered: 07/23/2004) |
| 07/22/2004 | | Dismissed count on motion by the Govt Jesse Salazar Ramirez (3) count(s) 1, 4, 6, 11, 12, 14 (rg1) (Entered: 07/27/2004) |
| 07/23/2004 | | Notice of appeal and certified copy of docket to USCA: as to Jesse Salazar Ramirez appeal [527-1] (lp) (Entered: 07/23/2004) |
| 07/26/2004 | 530 | Filed CJA Form #20 as to Jesse Salazar Ramirez appointing Kimberly S. Keller for appeal purposes (lp) (Entered: 07/27/2004) |
| 07/28/2004 | | Defendant's Sentencing Exhibits (S1, S2, S3, S4) as to Jesse Salazar Ramirez placed with the original file. (rg1) (Entered: 07/28/2004) |
| 07/28/2004 | 531 | Motion by Jesse Salazar Ramirez to remove Judge Prado as judge at sentencing due to inability to discharge duties of the curt, bias towards me and because of his pro-prosecution position (rg1) (Entered: 07/28/2004) |
| 07/28/2004 | 532 | Motion by Jesse Salazar Ramirez for downward |

| | | departure (rg1) (Entered: 07/29/2004) |
|---|---|---|
| 07/28/2004 | 533 | Motion by Jesse Salazar Ramirez to the court to empanel the jury, or to subpoena them back for my sentencing hearing (rg1) (Entered: 07/29/2004) |
| 07/28/2004 | 534 | Motion by Jesse Salazar Ramirez to order a James Hearing due to new evidence... (rg1) (Entered: 07/29/2004) |
| 07/28/2004 | 535 | Motion by Jesse Salazar Ramirez to allow defendant to show new evidence... (rg1) (Entered: 07/29/2004) |
| 07/28/2004 | 536 | Motion by Jesse Salazar Ramirez to allow Antonio Guillen of Channel 41 News to do an interview... (rg1) (Entered: 07/29/2004) |
| 07/28/2004 | 537 | Motion by Jesse Salazar Ramirez for polygraph examination (rg1) (Entered: 07/29/2004) |
| 07/28/2004 | | Mooted motions as to Jesse Salazar Ramirez. The following motions were heard, read in to the record, and orally denied at sentencing hearing of 7/22/04. denying motion to remove Judge Prado as judge at sentencing due to inability to discharge duties of the curt, bias towards me and because of his pro-prosecution position [531-1] as to Jesse Salazar Ramirez (3), denying motion for polygraph examination [537-1] as to Jesse Salazar Ramirez (3), denying motion to allow Antonio Guillen of Channel 41 News to do an interview... [536-1] as to Jesse Salazar Ramirez (3), denying motion to allow defendant to show new evidence... [535-1] as to Jesse Salazar Ramirez (3), denying motion to order a James Hearing due to new evidence... [534-1] as to Jesse Salazar Ramirez (3), denying motion to the court to empanel the jury, or to subpoena them back for my sentencing hearing [533-1] as to Jesse Salazar Ramirez (3), denying motion for downward departure [532-1] as to Jesse Salazar Ramirez (3) (rg1) (Entered: 07/29/2004) |
| 07/29/2004 | 538 | Judgment and Commitment as to , Jesse Salazar Ramirez |

| | | |
|---|---|---|
| | | (3) count(s) 1s, 4s, 6s, 14s (Pages: 7) signed by Honorable Edward C. Prado (rg1) (Entered: 07/30/2004) |
| 07/29/2004 | | SEALED PSI PLACED IN VAULT as to Jesse Salazar Ramirez (rg1) (Entered: 07/30/2004) |
| 07/29/2004 | | Mooted motions as to Jesse Salazar Ramirez, motion for money judgment of forfeiture [524-1] as to Jesse Salazar Ramirez (3), motion for discovery [345-1] as to Jesse Salazar Ramirez (3), motion for disclosure of exculpatory evidence [345-2] as to Jesse Salazar Ramirez (3), motion f or disclosure under Rule 12 [345-3] as to Jesse Salazar Ramirez (3), motion to depose unavailable witness [344-1] as to Jesse Salazar Ramirez (3) (rg1) (Entered: 04/08/2005) |
| 08/11/2004 | | Return of appeal information sheet received. as to Jesse Salazar Ramirez appeal [527-1] USCA NUMBER: 04-50778 (lp) (Entered: 08/11/2004) |
| 09/14/2004 | 539 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of January 20, 2004 (Proceedings Transcribed: Motions Hearing) (Court Reporter: Maurice West) Appeal record due on 9/29/04 for Jesse Salazar Ramirez (lp) (Entered: 09/16/2004) |
| 09/17/2004 | 540 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of master index (Proceedings Transcribed: ) (Court Reporter: Karl Myers) Appeal record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
| 09/17/2004 | 541 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of January 23, 2004 (Proceedings Transcribed: Jury Trial - Vol 1) (Court Reporter: Karl Myers) Appeal record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
| 09/17/2004 | 542 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of January 26, 2004 (Proceedings Transcribed: Jury Trial - Vol 2) (Court Reporter: Karl Myers) Appeal |

| | | record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
|---|---|---|
| 09/17/2004 | 543 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of January 27, 2004 - Vol 3 (Proceedings Transcribed: Jury Trial) (Court Reporter: Karl Myers) Appeal record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
| 09/17/2004 | 544 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of January 28, 2004 (Proceedings Transcribed: Jury Trial Vol 4) (Court Reporter: Karl Myers) Appeal record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
| 09/17/2004 | 545 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of January 29, 2004 (Proceedings Transcribed: Jry Trial Vol 5) (Court Reporter: Karl Myers) Appeal record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
| 09/17/2004 | 546 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of January 30, 2004 (Proceedings Transcribed: Jury Trial Vol 6) (Court Reporter: Karl Myers) Appeal record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
| 09/17/2004 | 547 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of February 9, 2004 (Proceedings Transcribed: Jury Trial Vol 7) (Court Reporter: Karl Myers) Appeal record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
| 09/17/2004 | 548 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of February 10, 2004 (Proceedings Transcribed: Jury Trial Vol 8) (Court Reporter: Karl Myers) Appeal record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
| 09/17/2004 | 549 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of February 11, 2004 (Proceedings Transcribed: |

| | | Jury Trial Vol 9) (Court Reporter: Karl Myers) Appeal record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
|---|---|---|
| 09/17/2004 | 550 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of February 12, 2004 (Proceedings Transcribed: Jury Trial - Vol 10) (Court Reporter: Karl Myers) Appeal record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
| 09/17/2004 | 551 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of February 13, 2004 (Proceedings Transcribed: Jury Trial Vol 11) (Court Reporter: Karl Myers) Appeal record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
| 09/17/2004 | 552 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of February 19, 2004 (Proceedings Transcribed: Jury Trial Vol 12) (Court Reporter: Karl Myers) Appeal record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
| 09/17/2004 | 553 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of February 20, 2004 (Proceedings Transcribed: Jury Trial) (Court Reporter: Karl Myers) Appeal record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
| 09/17/2004 | 554 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of February 24, 2004 (Proceedings Transcribed: Jury Trial - Vol 14) (Court Reporter: Maurice West) Appeal record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
| 09/17/2004 | 555 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of February 24, 2004 (Proceedings Transcribed: Jury Trial - Vol 14, part 2) (Court Reporter: Karl Myers) Appeal record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
| 09/17/2004 | 556 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] |

|  |  | for dates of February 25, 2004 (Proceedings Transcribed: Jury Trial Vol 15) (Court Reporter: Denver Roden) Appeal record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
|---|---|---|
| 09/17/2004 | 557 | Transcript filed by Jesse Salazar Ramirez appeal [527-1] for dates of July 22, 2004 (Proceedings Transcribed: Sentencing) (Court Reporter: Karl Myers) Appeal record due on 10/4/04 for Jesse Salazar Ramirez (lp) (Entered: 09/17/2004) |
| 09/23/2004 |  | Certified and transmitted record on appeal to U.S. Court of Appeals: as to Jesse Salazar Ramirez appeal [527-1] (lp) (Entered: 09/23/2004) |
| 02/01/2005 |  | Case reassigned from Honorable Edward C. Prado to Honorable Fred Biery (wg) (Entered: 02/01/2005) |
| 02/01/2005 | 558 | Motion by USA as to Jesse Salazar Ramirez for an order consistent with the Court's oral order and jury verdict on the money judgment (rg) (Entered: 02/02/2005) |
| 02/03/2005 | 559 | JUDGMENT as to Jesse Salazar Ramirez granting motion for an order consistent with the Court's oral order and jury verdict on the money judgment [558-1] signed by Honorable Fred Biery (rg) (Entered: 02/07/2005) |
| 05/16/2005 | 560 | Motion by Jesse Salazar Ramirez requesting additional records and files (lp) (Entered: 05/18/2005) |
| 05/31/2005 | 562 | Order as to Jesse Salazar Ramirez denying motion requesting additional records and files [560-1] as to Jesse Salazar Ramirez (3) signed by Honorable Fred Biery (lp) (Entered: 06/02/2005) |
| 02/06/2006 | 565 | Certified copy of judgment of USCA as to Jesse Salazar Ramirez dismissing for want of prosecution appeal [527-1] (bn) Modified on 02/07/2006 (Entered: 02/07/2006) |
| 05/02/2006 | 566 | TRANSCRIPT of Proceedings as to Jesse Salazar Ramirez held on 11/26/03 Proceedings Transcribed: Pretrial Hearing. Court Reporter: Karl H. Myers. NOTE: |

| | | |
|---|---|---|
| | | Transcript document is not available online. (rg1, ) (Entered: 05/02/2006) |
| 05/22/2006 | 568 | JUDGMENT/MANDATE of USCA (certified copy) as to Jesse Salazar Ramirez re 527 Notice of Appeal - Final Judgment, 101 Notice of Appeal - Conditions of Release, 95 Notice of Appeal - Conditions of Release (bn, ) (Entered: 05/24/2006) |
| 04/23/2007 | 572 | PARTIAL Appeal Record Returned as to Jesse Salazar Ramirez: 527 Notice of Appeal - Final Judgment (the remaining record is still in possession of pro se appellant after numerous requests for its return) (rg1, ) (Entered: 04/24/2007) |
| 10/24/2007 | 574 | MOTION for copies of audio/video tapes by Jesse Salazar Ramirez. (rg1, ) (Entered: 10/24/2007) |
| 10/26/2007 | 575 | ORDER denying 574 Motion for copies of audio and video cassette recordings as to Jesse Salazar Ramirez (3). Signed by Judge Pamela A. Mathy. (rg1, ) (Entered: 10/29/2007) |
| 10/26/2007 | 576 | ORDER REFERRING MOTION as to Jesse Salazar Ramirez: 574 MOTION for copies of audio/video tapes filed by Jesse Salazar Ramirez. Signed by Judge Fred Biery.. Referral Magistrate Judge: Pamela A. Mathy. (rg1, ) (Entered: 10/29/2007) |
| 10/26/2007 | | Motions No Longer Referred as to Jesse Salazar Ramirez: 574 MOTION for copies of audio/video tapes (rg1, ) (Entered: 10/29/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/29/2008 15:46:11 | | |
| **PACER Login:** | ux0152 | **Client Code:** |
| | | |

| Description: | Docket Report | Search Criteria: | 5:02-cr-00621-FB |
|---|---|---|---|
| Billable Pages: | 24 | Cost: | 1.92 |

FILED

MAY 2 2 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-50778

_____

SA02CR 621(3)-FB

United States Court of Appeals
Fifth Circuit

FILED

May 9, 2006

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

        Plaintiff - Appellee

            v.

JESSE SALAZAR RAMIREZ

        Defendant - Appellant

                ----------------------
    Appeal from the United States District Court for the
        Western District of Texas, San Antonio
                ----------------------

CLERK'S OFFICE:

        Under 5ᵀᴴ CIR. R. 42.3, the appeal is dismissed as of May

9, 2006, for want of prosecution.  The appellant failed to timely

file brief and record excerpts.


                        CHARLES R. FULBRUGE III
                        Clerk of the United States Court
                        of Appeals for the Fifth Circuit

            By:  Lisa Berry
                 _____
                 Lisa C. Berry, Deputy Clerk

        ENTERED AT THE DIRECTION OF THE COURT


DIS-2


                        A true copy
                            Test:
                        Clerk, U. S. Court of Appeals, Fifth Circuit
                            By _____
                        New Orleans, Louisiana        MAY  9 2006