U.S. District Court
333 Constitution Ave., N.W.
Washington, D.C. 20001-1866

Civil No. 07-2226 (RWR)

#70072680000126273667

Re: To the current lockdown status of Prison, to asking this court to hold proceedings in "Abatement" or to accept attached motion and afford relief requested therein. On request in this Letter Motion.

Clerk of the Court,

**LET THIS BE FILED**
[signature]
U.S.D.J.
6-18-08

Plaintiff does state for the record:

1) The Prison went on "lockdown" status on 6/06/08 at about 9:00pm. (please refer to exhibit #1)

2) The Prison does not go on lockdown status. Unless, there is a death/murder or altercation between different Prison gangs/groups. (please refer to exhibit #2).

3) Plaintiff does state for the record as well. That Plaintiff did not receive Defendant's Response/Motion to Dismiss on Summary Judgement. Until 6/05/08 at about 9:15 pm. When Plaintiff returned from work duty.

4) Plaintiff did immediately on 6/6/08 go to the Law Library. To prepare some motions. In regards to USP/Pollocks Policy on inmates not being

(1)

Allowed to Possess their PSI Reports for ANY Reason.

5) Plaintiff does ask this court. That if this motion/request for Relief, Is not Appropriate and this court is unwilling to Accept this crude motion/Request For Relief, To Accept the "I" Motion Plaintiff was able to prepare. (please Refer to Exhibit #3). As A Proper Pleading to hold in Abayane or to grant the 60 day extension set forth in exhibit #3.

6) Until Plaintiff/Prison are no longer on Lockdown Status, And Plaintiff is Able to At least Respond to And Prove with Documentation Beyond a Reasonable Doubt that (1) Defendants Did knowingly, Intentionally and "willfully" Failed To Adhere to the Mandates of Title 5 § 552a(e)(1); (e)(5) And (e)(6), (2) That After Plaintiff ~~Regis~~ Informed Defendants this info was, in fact "Inaccurate/False" And Requested Them to Discharge there Duties as Intended by the Privacy. Did then, knowingly, Intentionally And "willfully". Fail To Adhere to their Duties as Mandated by the Privacy Act.

7) As ~~was~~ The Direct Result of Defendants

(2)

willful failure to adhere to the Privacy Act, <u>Ab initio</u> (as early as June 2002 & Nov. 8, 2002; Nov. 20, 2002, Dec. 30, 2002 and etc.). Plaintiff did in fact suffer "severe" adverse effects §552a(g)(1)(A), (B), (C) and (D) from Defendants "(willful, Record keeping Deficiencies"). ~~Whereas~~

8) Wherein, this "inaccurate/false" information was relied upon to (1) illegally arrest/strip Plaintiff of his guaranteed protections of the 4th Amend. (2) This "inaccurate/false" information was then "willfully" disseminated to the Magistrate Judge via the "Criminal Complaint". So that, she could be used as a mere "Rubber Stamper" and sign off on the Criminal Complaint. In order to obtain the arrest/search warrant. And try to justify my already unlawful arrest (3) This inaccurate/false info was also relied upon by Magistrate Primomo to deny Plaintiff Bond (4) It was also relied upon ~~the~~ by the Grand Jury. To return an indictment against Plaintiff and further deny Plaintiff of his protections of the 4th Amend.

9) This "inaccurate/false" information that

(3)

Defendant's "willfully" maintained in their records against Plaintiff. Also allowed Defendants to "illegally" strip away from Plaintiff ~~as~~ his right to LIFE, LIBERTY AND PROPERTY! Under the Due Process Clause of the 5th Amend. to the Constitution. The exact same Constitution that Defendant's swore to uphold under 28 § 544, and defend against "<u>ALL</u> enemies Foreign & Domestic"!

✱✱✱✱ ➤ NOTE: Plaintiff is <u>NOT</u> trying to attack
✱✱✱✱ his criminal conviction, sentence or Judgement by stating this/these <u>Facts</u>. Plaintiff is in the process of initiating <u>other</u> remedies available to him for ~~that~~. Plaintif is merely showing how he was and still is suffering severe "Adverse effects, injuries and damages". From Defendants "willful" failure to ~~adhere~~ to the Privacy Act <u>Ab initio</u> And once Plaintiff requested they adhere to other mandates of the Privacy Act.

10) But most important of <u>all</u>, the severe "Adverse effects, injuries and damages.



That Plaintiff has in fact suffered, is the <u>loss</u> of his <u>Family</u>!

11) Presently, Plaintiff has <u>no</u> communication with his 2 little girls. who were going to be 3 & 4 at the beginning of all the use of this inaccurate info/False info. Plaintiff's Little Princess & Chiquita Are 8 & 9 yrs old. (please see Damages); McClain v Owens Fiberglass Corp. 139 F3d 1124 (7th 1998). Plaintiff has in fact suffered <u>severe</u> "mental pain And suffering" without his babies & Family. See Whitley v Hunt 158 F3d 882 (5th 1998); Bailey v Runyon 220 F3d 879 (8th 2000); Salinas v O'Neill 286 F3d 827 (5th 2002); Thompson v OPEIU 74 F3d 1492 (6th 1996).

12) Plaintiff wants to make clear. That He is Not Filing A Complaint under §1983 or Bivens. Plaintiff is strictly Relying upon the Privacy Act And the subsection. That Allows Plaintiff Receive Money Damages for Defendants willful failure of the Privacy Act outlined above.

13) Plaintiff can prove his position "beyond a Reasonable Doubt". In Defendants

(5)

own DEA-6 reports as early as Dec. 7, 2001; June 6, 2002; June 14, 2002; July of 2002 and many others. That info was inaccurate/false

14) Which is why Plaintiff is Asking this Honorable court to hold these proceedings in Abatement, Allow a 60 day continuance or to Deny Defendants motion to Dismiss or summary Judgement

Respectfully

*[signature]*

Plaintiff.

P.S. Due to Plaintiffs current situation. Plaintiff does Ask this honorable to please excuse him from serving Defendants And filing proper pleadings in accordance with the F.R. Civ. Proc. Plaintiff Also Asks this Honorable court to please serve Defendants with a copy of this/these Hand written pleadings And to please send Plaintiff ~~of this~~ a copy for his own records

Continued on pg 7      over →



Plaintiff, Jesse Ramirez Does swear under penalty of perjury. THAT everything he has stated herein And has alleged is true And can be proven "beyond a reasonable doubt. In Black And white, with the records/documents that are in his possession. As well with the documents in the Defendants possession.

Jesse Ramirez #31805-180 Dated: 6/07/08
time: 2:33 pm
in Cell # 130 Unit A/1

(7)

# N O T I C E - N O T I C I A  Exhibit #1

**TO:**       USP POLLOCK INMATE POPULATION

**FROM:**     JOE KEFFER, WARDEN

**SUBJECT:**  LOCK DOWN OF INSTITUTION - June 6, 2008

Due to the recent incident, the USP will remain locked down and **ALL** privileges suspended until further notice.

**SUSPENDED PRIVILEGES** include, but are not limited to:
- **NO** TV          **NO** TELEPHONES      **NO** COMMISSARY
- **NO** ICE         **NO** HOT WATER       **NO** VISITING

The following **WILL OCCUR** daily:
- Sick call and medication distribution in the unit.
- Mail picked up and delivered.
- Bag lunches in cells.

**SHOWERS & LAUNDRY EXCHANGE** will be considered at a later time depending on the length of the lockdown and in accordance with Bureau of Prisons policy.

************************

Debido al incidente reciente, la institucion seguira cerrado con llave en celdas y **TODOS** los privilegios suspendidos hasta nuevo aviso.

Los **Privilegios Suspendidos** incluyen, pero no se limitan:
- **NO** Television    **NO** Telefonos       **NO** Comisaria
- **NO** Hielo         **NO** Agua Caliente   **NO** Visitas

Lo siguiente **ocurrira diariamente:**

- Llamada para enfermos y distribucion de medicamentos en la unidad
- Correspondencia sera recogida y distribuida diariamente
- Bolsas de comida en la celdas

**El intercambio de las duchas y del lavadero** sera considerado mas luego dependiendo de la longitud del institucion este cerrado con llave y de acuerdo con la poliza de Bureau de prisiones.

Thursday, April 17, 2008

# Pollock prison staff member stabbed by inmate

**By Abbey Brown**
abrown@thetowntalk.com
(318) 486-6387

A corrections officer at the U.S. Penitentiary in Pollock was stabbed in the neck a number of times by an inmate at the facility Monday, officials said Wednesday morning.

The employee was treated at a local hospital Monday night and was released with "relatively minor" injuries, prison spokeswoman Karen Million said. The inmate involved was placed in the facility's special housing unit pending the outcome of an FBI and internal investigation, she said.

The inmate used some type of pointed weapon, and the assault happened around 7:30 p.m. in the housing unit, Million said.

The incident appears to be isolated, but the facility has been placed on lockdown while officials "review operational procedures to ensure staff and inmate safety when we resume normal operations," she said.

This is the first time the facility has been on lockdown since a Jan. 4 assault that left inmate Peter Gutierrez, 55, dead, Million said.

The last inmate-on-staff assault that resulted in injury was in October when an inmate struck a corrections officer in the face, she said.

Since the Jan. 4 homicide at the facility, there have been three inmate-on-inmate "serious assaults," Million said, explaining that a serious assault is one requiring medical treatment or involving some other special circumstances. In each of the three incidents, one person was found guilty of assault in the prison's internal disciplinary process, she said.

## Six deaths, one year

In 2007, the facility had six deaths — two are still being investigated and may have been from natural causes or suicide; the other four were confirmed assaults.

The most recent death was of Pete Vantha, 36, of Texas, who was found unresponsive March 12 in his cell, Million said. Vantha was transported to a local hospital where he was pronounced dead. He had no obvious wounds, she said, and his death is still under investigation.

Several inmates were being investigated for Gutierrez's Jan. 4 death. Officials said he died from injuries from a homemade weapon.

And an April 20, 2007 assault left Tyrone Johnson, 47, of Washington, D.C., and Derrick Sparks, 25, of Kansas, dead.

Prison surveillance video caught the assault depicting Johnson stabbing Sparks twice, killing him, and then going after Edgar Branch, Sparks' cell mate, officials said. Branch is shown leaving the common area, getting a shank from his cell, a shank from another inmate, and stabbing one to each hand before going after Johnson, killing him, officials said. Branch has pleaded not guilty to second-degree murder in connection with Johnson's death.

Johnson had been transferred to the prison 18 days before the attack that killed him.

William Bullock, 26, of North Carolina and Donald Till, 32, of Florida both died in a local hospital from wounds suffered from a homemade sharpened weapon on Nov. 15, officials said.

Bullock was stabbed during an altercation with another inmate on that day, officials said, and Till's body was found with stab wounds in the shower after the prison was placed on lockdown. His death is still under investigation.

Till had been at the Pollock prison for just more than a month before his death, and Bullock was there for less than three months.

The last time an inmate was killed in Pollock before the April 2007 homicides was in December 2006 when an inmate killed his cell mate.

Pollock prison staff member stabbed by inmate
By Abbey Brown

A corrections officer at the U.S. Penitentiary in Pollock was stabbed in the neck a number of times by an inmate at the facility Monday, officials said Wednesday morning.

The employee was treated at a local hospital Monday night and was released with "relatively minor" injuries, prison spokeswoman Karen Million said. The inmate involved was placed in the facility's special housing unit pending the outcome of an FBI and internal investigation, she said.

The inmate used some type of pointed weapon, and the assault happened around 7:30 p.m. in the housing unit, Million said.

The incident appears to be isolated, but the facility has been placed on lockdown while officials "review operational procedures to ensure staff and inmate safety when we resume normal operations," she said.

This is the first time the facility has been on lockdown since a Jan. 4 assault that left inmate Peter Gutierrez, 55, dead, Million said.

The last inmate-on-staff assault that resulted in injury was in October when an inmate struck a correction's officer in the face, she said.

Since the Jan. 4 homicide at the facility, there have been three inmate-on-inmate "serious assaults," Million said, explaining that a serious assault is one requiring medical treatment or involving some other special circumstances. In each of the three incidents, one person was found guilty of assault in the prison's internal disciplinary process, she said.

**Six deaths, one year**

In the past year, the facility has had six deaths -- two are still being investigated and may have been from natural causes or suicide; the other four were confirmed assaults.

The most recent death was of Pete Vantha, 36, of Texas, who was found unresponsive March 12 in his cell, Million said. Vantha was transported to a local hospital where he was pronounced dead. He had no obvious wounds, she said, and his death is still under investigation.

Several inmates were being investigated for Gutierrez's Jan. 4 death. Officials said he died from injuries from a homemade weapon.

And an April 20, 2007, assault left Tyrone Johnson, 47, of Washington, D.C., and Derrick Sparks, 25, of Kansas, dead.

Prison surveillance video caught the assault depicting Johnson stabbing Sparks twice, killing him, and then going after Edgar Branch, Sparks' cell mate, officials said. Branch is shown leaving the common area, getting a shank from his cell, a shank from another inmate and strapping one to each hand before going after Johnson, killing him, officials said. Branch has pleaded not guilty to second-degree murder in connection with Johnson's death.

Johnson had been transferred to the prison 18 days before the attack that killed him.

William Bullock, 26, of North Carolina and Donald Till, 32, of Florida both died in a local hospital from wounds suffered from a homemade sharpened weapon on Nov. 15, officials said.

Bullock was stabbed during an altercation with another inmate on that day, officials said, and Till's body was found with stab wounds in the shower after the prison was placed on lockdown. His death is still under investigation.

Till had been at the Pollock prison for just more than a month before his death, and Bullock was there for less than three months.

The last time an inmate was killed in Pollock before the April 2007 homicides was in December 2001 when an inmate killed his cell mate.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jesse Ramirez § | | |
|     Plaintiff, § | | |
| § | | |
| vs § | | |
| § | | |
| Department of Justice, ET. AL § | Civil Action No. 072226(RWR) | |
|     Defendants § | | |
| § | | |
| § | | |

************************************************************************

**PLAINTIFFS MEMORANDUM IN SUPPORT OF MOTION FOR CONTINUANCE**

    Plaintiff asks the court to continue the submission of Defendants motion for summary judgement and extend the deadline for Plaintiff to respond as authorized by Federal Rule of Civil Procedure 56(f)

### A. INTRODUCTION

    Plaintiff is Jesse Ramirez; Defendant is Dept. of Justice et. al.

    Plaintiff sued defendant for "willful failure to adhere to the mandates of the Privacy Act 5 § 552a, from ab initio and willfully failed to adhere to the mandates of the Privacy Act. Once Plaintiff requested they adhere to the mandates thereof.

    Defendants filed a motion dismiss and in the alternative summary judgement on May 30,2008. It is Plaintiffs understanding that he has 20 days to respond.

    Plaintiff asks this court for additional time. Due to the fact, that BOP policy restricts Plaintiff from having a copy of his PSI report. Which will greatly inhibit Plainfitt from preparing an adequate respons. Additionally, Plaintiff is a layman to the law and is proceeding Pro-se. Plaintiff does not have the assistance of 2 other AUSA's, unlimited access to a copy machine, and is having to prepare the pleadings/responses himself. These are just some of the hurdles Plaintiff must try to overcome. If he is to properly respond to Defendant Motion to dismiss and summary judgement.

### B. ARGUMENT

    The Court may continue the submission date of a motion for summary judgement if the motion for continuance is made within a reasonable time after receipt of the motion for summary judgement and before the deadline for filing a response. Fed.R.Civ.P. 56(f); Mass. Sch.of Law at Andover Inc. v Am. Bar Ass's 142 F3d 26, 44(1st 1998).

1.

   Plaintiff cannot adequately respond to Defendants motion for summary judgement by the allowed time because. Plaintiff does not have unfettered access to the PSI report that is needed in support of his factual position and BOP officials. Do not allow federal inmates to have their PSI reports at all. Which is directly prohibited by BOP policy. This documentation is needed by Plaintiff and in order to support his position.

   Plaintiff needs additional time to try to work something out with BOP officials. So that Plaintiff may either gain unfettered access to the PSI report. Or to have BOP officials allow Plaintiff to possess these documents. Strictly for the purposes of gaining meaningful access to the courts and being able to petition the govt. for redress of grievance. 1st amend. USCA; Toolshaprashad v Bureau of Prisons 286 F3d 576(D,C, 2002); Chappell v Rich 372 F3d 1003(8th 2004).

   Plaintiffs request for this continuance. Is so that Plaintiff will not suffer actual and substantial prejudice. see Johnston 869 F2d at 1570-01. This request for continuance will not prejudice Defendants and this request is not merely for delay, but so that justice may be done. Without Plaintiff gaining unfettered access to the PSI report. Plaintiff will not be able to fully/adequately support his position and prevail on his claims. As this PSI report is infact "vital" to the very existence of Plaintiffs civil complaint.

## C. CONCLUSION

   For these reasons Plaintiff asks this court either to extend Plaintiff's deadline to respond to the motion for summary judgement for at least **60** days and until Plaintiff is able to gain adequate access to the PSI report. Or deny Defendants motion for summary judgement.

                                          Respectfully Submitted

                                          By: Jesse Ramirez # 31805-180

CERTIFICATE OF SERVICE

   I Jesse Ramirez do hereby certify that on June _8_, 2008 a copy of the foregoing motion for continuance was mailed to, postage pre-paid to :

Rhonda C Fields/Defendants      U.S. District Court
555 Fourth Street N.W.          333 Constitution Ave. N.W.
Washington, D.C. 20530          Washington, D.C. 20001

                                          Jesse Ramirez # 31805-180

                                    2.