UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE RAMIREZ, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|        V. | )   Civ. No. 07-2226 (RWR) |
| | ) |
| DRUG ENFORCEMENT ADMINISTRATION, | ) |
|   ET AL, | ) |
| | ) |
|    Defendants. | ) |
| | ) |
| _____ | ) |

## DEFENDANT'S MOTION TO DISMISS
## OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

    Defendant Drug Enforcement Administration, through its undersigned attorneys, respectfully moves to dismiss plaintiff's complaint or in the alternative for summary judgment. Submitted in support of this motion are Defendant's Memorandum of Points and Authorities and Statement of Facts Not In Dispute.

    Plaintiff should take notice that any factual assertions contained in the accompanying affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendant's attachments. *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein. Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be attached

>thereto or served therewith.  The court may permit affidavits to be
>supplemented or opposed by depositions, answers to interrogatories,
>or further affidavits.  When a motion for summary judgment is
>made and supported as provided in this rule, an adverse party may
>not rest upon the mere allegations or denials of the adverse party's
>pleading, but the adverse party's response, by affidavits or as
>otherwise provided in this rule, must set forth specific facts showing
>that there is a genuine issue for trial.  If the adverse party does not
>so respond, summary judgment, if appropriate, shall be entered
>against the adverse party.

Fed. R. Civ. P. 56(e).

        Respectfully submitted,

          /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

          /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

          /s/ Rhonda C. Fields
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
 202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE RAMIREZ, | ) |
|    Plaintiff, | ) ) ) |
|       V. | ) Civ. No. 07-2226 (RWR) ) |
| DRUG ENFORCEMENT ADMINISTRATION , ET AL, | ) ) ) |
|    Defendants. | ) ) ) |
| _____ | ) |

STATEMENT OF MATERIAL FACTS

Defendant Drug Enforcement Administration respectfully submits this statement of material facts as to which there is no genuine dispute.

1. By letter dated April 28, 2008, plaintiff submitted a letter to the DEA addressed to the Drug Enforcement Administration ( DEA) Office in San Antonio, Texas.  Docket # 14 at p. 7 (Attachment to motion to amend).

2. The letter requested, inter alia, that DEA correct and amend its criminal investigatory file pertaining to him.  *Id*. and Little Dec. at ¶ 8.

3. The records which plaintiff requested be amended or corrected are a part of the DEA's Investigative Reporting and filing System (IRFS).  *Id.* at ¶ 8.

4. The IRFS is exempted from the amendment provision of (d)(2), the accuracy, relevance, timeliness and completeness provision of (e)(5) and the civil remedies provisions of (g)(1) of the Privacy Act, pursuant to 5 U.S.C. § 552a (j)(2).  *Id.* at ¶ 9-12.

5. Department of Justice regulations provide that requests to DEA for an amendment or correction of records maintained under a Privacy Act system of records be sent to the address listed

in 28 C.F.R. § 16.41 and 16.46. The address listed is the Drug Enforcement Administration, U.S. Department of Justice, Washington, D.C. 20537-0001. Plaintiff's request was sent to San Antonio, Texas. *Id. at* ¶ 14.

6. By letter dated June 26, 2008, the plaintiff was informed that his request was denied. Besides the request not being properly addressed, the plaintiff was informed that the records that he sought to amend were contained in a Privacy Act system of records that is exempt from the amendment provisions of the Privacy Act Exemption (j)(2). *Id. at* ¶ 13.

    Respectfully submitted,

    /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

    /s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

    /s/ Rhonda C. Fields
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE RAMIREZ, | ) |
|     Plaintiff, | ) |
|         V. | ) Civ. No. 07-2226 (RWR) |
| DRUG ENFORCEMENT ADMINISTRATION, ET AL, | ) |
|     Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendant Drug Enforcement Administration respectfully submits this memorandum of points and authorities in support of this motion to dismiss or in the alternative for summary judgment.

**BACKGROUND**

On December 11, 2007, plaintiff filed a complaint alleging that various agencies and individuals willfully violated the Privacy Act, 5 U.S.C. § 552a, by failing to comply with his requests to amend his presentence report and his criminal case file. The agencies and individuals named as defendants were:

- Department of Justice,

- Federal Bureau of Prisons (BOP),

- BOP Officials in Texas (Unit Manager McGehee, Case Manager Hanks, Counselor Cruz,

      Warden Outlaw, Warden Fox),

- BOP Regional Director Maldonado and Administrator Harold Watts,

- United States Probation Office in San Antonio, Texas,

- U.S. Probation Officers in San Antonio, Texas (USPO Olivari and 25 other unnamed USPOs),

- United States Attorney's Office in San Antonio, Texas,

- various named and unnamed AUSAs in the Western District of Texas, and

the Executive Office for U.S. Attorneys.

On May 14, 2008, plaintiff filed a motion to amend his complaint adding as defendants:

- Warden Joe Keffer and Assistant Warden Eskridge at the U.S. Penitentiary in Pollack, LA,

- Captain Gaytain at the federal transfer center in Oklahoma City, OK,

- Drug Enforcement Administration (DEA) and various DEA agents, and

- various probation officers in the U.S. Probation Office in San Antonio Texas.

Although not stated or alleged in the complaint, plaintiff's civil cover sheet states that the cause of action is 42 U.S.C. §1983. See Civil Cover sheet at box VI.

    On May 30, 2008, a motion to dismiss or in the alternative for summary judgment was filed on behalf of defendants United States Probation Office, Department of Justice, and Bureau of Prisons. Docket # 17. The DEA requested and was granted an extension of time to file its response to plaintiff's complaint as amended. Docket # 16 and Minute Order dated June 20, 2008.

    The DEA hereby adopts on its own behalf and incorporates by reference as if fully set forth herein the motion to dismiss or in the alternative for summary judgment, and the accompanying memorandum of points and authorities, submitted by its co-defendants in Docket

2

#17.  The DEA hereby adopts on its own behalf all of the defenses and arguments made by its co-defendants in Docket # 17.  The DEA further submits the following:

**FACTS SPECIFIC TO THE DEA**

By letter dated April 28, 2008, plaintiff submitted a letter to the DEA addressed to the Drug Enforcement Administration ( DEA) Office in San Antonio, Texas.  Docket # 14 at p.  7 (Attachment to motion to amend).  The letter requested, inter alia, that the DEA correct and amend its criminal investigatory file pertaining to plaintiff.  *Id*. and Little Dec. at ¶ 8.  The letter asked that the DEA contact seven named individuals "and many others.  To point out to you exactly all the information that is in  fact inaccurate/false."  Docket # 14 at p.  7

**DEA  Records Are Exempt from Subsection (g) Privacy Act Lawsuits**.

An agency may promulgate regulations to exempt certain systems of records within the agency from the Privacy Act   accuracy, amendment and remedies provisions.  *See* 5 U.S.C. § 552a(j)(2). Systems of records containing investigatory material compiled for law enforcement purposes may be exempted from the Privacy Act provisions.  *Id.* § 552a(k)(2).

The records that the plaintiff seeks to correct contain criminal investigatory data compiled for law enforcement purposes.  The information was collected pursuant to DEA's law enforcement responsibility which is the enforcement of the Federal drug laws including the Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §801 *et seq.,* that is maintained in the DEA Investigative Reporting and Filing System (IRFS), JUSTICE/DEA 008.  Little Dec. at ¶ 8. The IRFS contains administrative, general and investigative files maintained to enable DEA to carry out its assigned law enforcement and regulatory functions under the Drug Abuse Prevention and Control Act.  *Id*. at ¶ 9.  The IRFS is included in the inventory of the Department of Justice

(DOJ) Privacy Act Systems of Records that was last reported at 77 Fed. Reg. 3410 and last published in its entirety at 61 Fed. Reg. 54219. *Id*. at ¶ 10.

In accordance with the Privacy Act, the Attorney General has promulgated rules exempting the IRFS from the amendment provision of (d)(2), the accuracy, relevance, timeliness and completeness provision of (e)(5), and the civil remedies provisions of (g)(1) of the Privacy Act, pursuant to 5 U.S.C. § 552a (j)(2). The rules exempting IRFS from the provisions of the Privacy Act appear at 28 C.F.R. § 16.98(c) (2007). *Id.* at ¶ 11. Thus, the plaintiff is not entitled to the amendment of the records which are the subject of his complaint, nor may he bring a claim for civil damages under the Privacy Act based on the DEA's failure to amend the records and/or failure to maintain accurate records..

### Plaintiff Failed to Exhaust Administrative Remedies

Even if plaintiff's request were not exempted from the Privacy Act provisions discussed above, he failed properly to exhaust administrative remedies.

Department of Justice regulations provide that requests to DEA for an amendment or correction of records maintained under a Privacy Act system of records be sent to the address listed in 28 C.F.R. § 16.41 and 16.46. The address listed is the Drug Enforcement Administration, U.S. Department of Justice, Washington, D.C. 20537-0001. Plaintiff's request was sent to the DEA in San Antonio, Texas. Little Dec. at ¶ 14.

The regulations also require an amendment request to "identify each particular record in question, state the amendment or correction that you want, and state why you believe that the record is not accurate, relevant, timely, or complete." 28 C.F.R. § 16.46. Plaintiff did not even attempt to meet this standard. Plaintiff requested that the DEA contact seven named individuals

"and many others. To point out to you exactly all the information that is in fact inaccurate/false." This clearly fails to meet the specificity requirement of the C.F.R. Hence, this complaint should be dismissed.

## CONCLUSION

For the reasons set forth above and in Docket # 17, plaintiff's complaint should be dismissed as to defendant DEA.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/ Rhonda C. Fields
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 30th day of June, 2008, a copy of the foregoing motion to dismiss or in the alternative for summary judgment was mailed, postage prepaid to plaintiff pro se

JESSE RAMIREZ
R31805-180
POLLOCK
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 2099
POLLOCK, LA 71467

                                              /s/
                                              Rhonda C. Fields
                                              Assistant United States Attorney

.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Jesse Ramirez,** )<br>)<br>    **Plaintiff,** )<br>)<br>  v. )<br>) Civil Action No. 07-2226 RWR<br>**Department of Justice**, *et al.,* )<br>)<br>    **Defendants.** )<br>_____ ) | |

DECLARATION OF WILLIAM C. LITTLE, JR.

I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

1. I am an Attorney admitted to and a member in good standing of the Bar of the State of Pennsylvania.

2. I am currently employed as a practicing attorney by the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief Counsel, Administrative Law Section.

3. Within the DEA Office of Chief Counsel, I am an attorney whose primary responsibilities are matters involving the Freedom of Information Act (FOIA), 5 U.S.C.§ 552 and Privacy Act (PA),

5 U.S.C. § 552a, litigation in which DEA is an interested party and matters related to the maintenance and use, and the correction, modification and expungement of records. I have served in this capacity since about April 26, 1999.

4. I am familiar with the DEA policies, practices and procedures regarding the maintenance of DEA investigative records. I am responsible for the administration of, and the processing and adjudication of requests for record corrections, amendments and expungements received by DEA.

5. I am responsible for the maintenance of the records maintained by DEA that document the receipt of requests from individuals and/or other Federal, state or local authorities related to record corrections, amendments and expungements.

6. I prepare, and review and supervise the preparation of, affidavits, declarations, responses to discovery motions, interrogatories and other court pleadings, and all necessary legal research on issues arising during the course of the prosecution or defense of issues related to my duties in actions in which DEA is an interested party.

7. In preparing this declaration, I read and am familiar with the complaint in the above entitled action. Also, I personally reviewed the files and records that contain the information that the plaintiff seeks to correct.

8. The records that the plaintiff seeks to correct are criminal investigatory data compiled for law enforcement purposes. The information was collected pursuant to DEA's law enforcement responsibility which is the enforcement of the Federal drug laws including the Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §801 *et seq.,* that is maintained in the DEA Investigative Reporting and Filing System (IRFS), JUSTICE/DEA 008.

9. IRFS contains administrative, general and investigative files maintained to enable DEA to carry out its assigned law enforcement and regulatory functions under the Drug Abuse Prevention and Control Act.

10.. The IRFS is included in the inventory of the Department of Justice (DOJ) Privacy Act Systems of Records notices. IRFS was last reported at 77 Fed. Reg. 3410 and last published in its entirety at 61 Fed. Reg. 54219.

11. In accordance with the Privacy Act, the Attorney General has promulgated rules exempting the IRFS from the amendment provision of (d)(2), the accuracy, relevance, timeliness and completeness provision of (e)(5) and the civil remedies provisions of (g)(1) of the Privacy Act, pursuant to 5 U.S.C. § 552a (j)(2). The Rules exempting IRFS from the provisions of the Privacy Act appear at 28 C.F.R. § 16.98(c) (2007).

12. Thus, even if the request was properly submitted, the plaintiff is not entitled to the amendment of the records which are the subject of his complaint.

13. By letter dated June 26, 2008, the plaintiff was informed that his request was denied. Besides the request not being properly addressed, the plaintiff was informed that the records that he sought to amend were contained in a Privacy Act system of records that is exempt from the amendment provisions of the Privacy Act Exemption (j)(2). A copy of the DEA letter dated June 26, 2008, is attached as Exhibit A.

14. DOJ Agency Rules also outline the procedure for submitting requests for an amendment or correction of records maintained in a Privacy Act system of records. The Rules provide that the request should be sent to the Privacy Act office listed in appendix I. *See* 28 C.F.R. §§ 16.41 and 16.46. The address listed is the Drug Enforcement Administration, U.S. Department of Justice, Washington, D.C. 20537-0001. The plaintiff's request was sent to San Antonio, Texas, an address other than that which is specified in the DOJ Agency Rules.

15. Further, the rules provide that any denial may be appealed to the DOJ Office of Information and Privacy (OIP). *See* 28 C.F.R. § .46(c). It was confirmed that OIP has no record of receiving an appeal related to a denial of a request for an amendment of DEA records from the plaintiff.

_____June 28, 2008_____  
DATE

_____/s/ William C. Little, Jr._____  
William C. Little, Jr.  
Senior Attorney  
Office of Chief Counsel  
Administrative Law Section  
Drug Enforcement Administration  
Washington, D.C. 20537



**U. S. Department of Justice**

Drug Enforcement Administration
Office of Chief Counsel
Administrative Law Section

---

*www.dea.gov*

JUN 2 6 2008

Mr. Jesse Ramirez
#31805-180
United States Penitentiary
Inmate Mail/Parcels
P.O. Box 2099
Pollock, Louisiana  71467

    Re: *Jesse Ramirez v. U.S. Department of Justice, et al.*, Civil Action No.  07-02226 RWR

Dear Mr. Ramirez:

    This letter responds to your request dated April 28, 2008, for an amendment of the records maintained by the Drug Enforcement Administration (DEA) regarding yourself, which was improperly addressed to Thomas Hinojosa, the Associate Special Agent in Charge of the DEA San Antonio, Texas District Office.  These records are contained in the DEA Investigative Reporting and Filing System (IRFS).  In addition to your request being improperly submitted and not having exhausted your administrative remedies, the records contained in IRFS are exempt from the amendment provisions of the Pirrvacy Act, Exemption (j)(2), as published in 28 C.F.R. § 16.98(c)(3).  Thus, your request is denied.

                          Sincerely,

                          William C. Little, Jr.
                          Senior Attorney
                          Administrative Law Section

cc: CCA Chron
    CCA File
    Document name: H:/wclittle/MyDocuments/Litigation/Cases/Q-R/Ramirez/AmendLtr:6/26/08

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE RAMIREZ, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    V. | ) Civ. No. 07-2226 (RWR) |
| | ) |
| DRUG ENFORCEMENT ADMINISTRATION, | ) |
|   ET AL, | ) |
| | ) |
|    Defendants. | ) |
| | ) |
|   | ) |

ORDER

Upon consideration of defendant Drug Enforcement Administration's motion to dismiss or in the alternative for summary judgment, and the response thereto, it is hereby

ORDERED that the motion is GRANTED, and plaintiff's complaint is DISMISSED.

Date: _____
                          UNITED STATES DISTRICT COURT JUDGE