UNITED STATES DISTRICT COURT FOR
DISTRICT OF COLUMBIA

Jesse Ramirez §
    Plaintiff, §
§
vs § Civ No. 07-2226(RWR)
§
DEpartment of Justice et. al §
§
§ #7007 2680 0001 2627 8082

RECEIVED
JUL 1 6 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PLAINTIFFS MEMORANDUM IN
SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL**

Plaintiff does ask the court to dismiss his suit against the defendant/Drug Enforcement Administration, as authorized by Federal Rules of Civil Procedure 41(a)(2).

A. INTRODUCTION

1.   Plaintiff is Jesse Ramirez; Defendant is Dept. of Justice et. al
2.   Plaintiff sued Defendant/DEA on May 14,2003 and by filing an amended complaint. For willful/intentional failure to adhere to the mandates of the Privacy Act **ab initio.** And for the severe adverse affects, injuries and actual damages Plaintiff has suffered as a result.
3.   Plaintiff asks this court to dismiss his suit because. Plaintiff has inadvertently sent the/his administrative exhausation to the wrong DEA office. And is in the process of refiling/submitting his administrative remedy to the proper address/department.

B. ARGUMENT

4.   The court may grant a motion for voluntary dismissal if the dismissal will not unfairly prejudice the nonmovant. Vers Prods., Inc. v Home Depot, Inc., 387 F3d 1325, 1327(11th 2004); Elbaor v Tripath maging, Inc. 279 F3d 314, 317(5th 2002); see Fed. R. Civ. P. 41(a)(2)
5.   Plaintiff seeks a dismissal because he inadvertenly sent the wrong DEA office his administrative remedy.
6.   Plaintiff requests that the dismissal be without prejudice to refiling the suit because. Plaintiff is in the process of refiling his administrative remedy to the proper office. So that Plaintiff can exhaust his administrative remedies. Which will then allow him to bring for this suit against the DEA.

1.

7.  Defendant DEA and Dept. of Justice will not be prejudiced by the dismissal. Elbaor, 279 F3d at 317. As this dismissal will not deny defendant any defense to which it is entitled. See Ikospentakis v Thalassic S.S. Agency, 915 F2d 176, 177(5th 1990).

8.  Although Defendant has filed a counterclaim, Plaintiff's suit may be dismissed voluntarily and the counterclaim may remain on the courts docket.

9.  Plaintiff has not been granted a dismissal of an action based on or including the same claims as those presented in this suit. The Plaintiff cannot refile the suit after the second dismissal because it will be barred by res judicata. Lake at Las Vegas Investors Group v Pacific Malibu Dev. Corp 933 F2d 724, 738(9th 1994). The two dismissal rule does not apply to suits dismissed by the court on the plaintiffs motion under FRCP 41(a)(2). Sutton Place Dev. Co. v Abacus Mortg. Inv 826 F2d 637, 640((7th 1997)

C. CONCLUSION

10.  Plaintiff never intended to delay these proceedings and his actions were entirely accidental/inadvertent. For these reasons Plaintiff asks the court to dismiss the suit against defendant/DEA without prejudice to refling.

Respectfully

Jesse Ramirez # 31805-180                                dated: 7/14/08

CERTIFICATE OF SERVICE

I JESSE RAMIREZ, do swear under penalty of perjury that I hand delivered a copy of this motion "To Voluntary Dissmissal" to USP/Pollock officials on July 14 2008 and sent this packet via first class mail addressed to:

U.S. District Court                Defendants/Attorney
333 Constitution Ave., N.W.        555 Fourth Street N.W.
Washington, D.C. 20001             Washington, D.C. 20530

Respectfully

Jesse Ramirez # 31805-180