**RECEIVED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUL 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Jesse Ramirez §
    Plaintiff §
§
                                  § Civ NO. 07-2226(RWR)
vs §
§ #7007 2680 000/ 2627 5937
Drug Enforcement Administration et. al §
    Defendants §
§
§

**PLAINTIFFS MEMORANDUM IF RESPONSE TO DEFENDANTS
MOTION TO DISMISS AND OR SUMMARY JUDGEMENT**

### A. INTRODUCTION

1.    Plaintiff is Jesse Ramirez; Defendant is Drug Enforcement Admin. et. al

2.    Plaintiff did submit to this court on or about May 14,2008 an amended complaint. Naming the DEA as a new defendant in this suit. Due to the fact. That this agency "willfully/intentionally" failed to adhere to the mandates of the Privacy Act **ab initio** and for the severe adverse aaffects that Plaintiff has suffered as a result.

3.    On May 30,2008 Defendants filed a Motion to Dismiss and or Summary Judgement

4.    Plaintiff asks this court to adopt all of the objections/arguments made in his initial response to Defendants motion for relief. That has already been sent to this court via delivery confirmation # **0306 3030 0000 5107 5142** and which this court has received.

### B. STATEMENT OF FACTS

5.    Plaintiff asks this court to adopt the Statement of Facts in his initial response to Defendants Motion to Dismiss and or Summary Judgement. And will ask to rely upon these in this response as well.

6.    Plaintiff inadvertently sent the DEA's office in San Antonio. His initial Privacy Act Request and in order to exhaust his Administrative Remedies. However, that office was the wrong office.

7.    Plaintiff has infact submitted to this court a Motion for Voluntary Dismissal Without Prejudice to Refiling. While Plaintiff submits his Privacy Act Request to the proper office. And in order for him to exhaust his remedies. So that Plaintiff can properly continue with his suit against the DEA.

8.     Plaintiff does state for the record and asks this Judge to take Judicial Notice under F.R.Evid. 201(d). That Plaintiff is **not** seeking "correction and or amendment". Of this agency's files that are maintained against Plaintiff. With inaccurate/false information and willfully. Plaintiff is required to exhaust his administrative remedies. And is "solely" bringing forth this cuit against this Defendant. For its willfull failure to adhere to the mandates of the Privacy Act **ab initio**. Which resulted in Plaintiff suffering severe advers affects. 5 §552 a and Deters 85 F3d at 657.

9.     Plaintiff does state in regards to "DEA Records Are Exempt from Subsection (g) Privacy Act Lawsuits;

  (A) Plaintiff is fully aware of this. His initial Privacy Act Requests were for purposes of the "EXHAUSTION REQIREMENT" under the administrative remedies requirement. "An individual may bring a civil action when an agency fails to maintain individual records with such accuracy, relevance, timeliness and completeness necessary to ensure fairness in **any** determination related to....the individual. See 5 U.S.C. (g)(1)(C). However, in order toprevail, the failure to maintain the records in this manner must consequently result in a determination that is adverse to the individual. Id. Additionally, the civil remedy provision under 552a(g)(1)(C) results in monetary liability only if an agency acted in a willful or intentional manner. See Deters v U.S. Parole Comm'n. 85 F3d 655, 660(D.C. 1996). Plaintiff has proven beyond a reasonable doubt that (1) the agency (i.e. DEA office and San Antonio office) failed to maintain individual records with such accuracy, relevance, timeliness and completeness necessary to ensure fairness to **all** the determinations related to Plaintiff; (2) which resulted in **many** severe adverse determinations (i.e. unlawful arrest, kidnapping, deprivation of 4th amend., 5th amend., loss of Life, Liberty and Property, loss of personal wealth, business', homestead, love affection, Family and etc.) and (3) the agency (DEA of San Antonio and main Office in Washington) did infact act "willfully/intetnionally" see DEters 85 F3d 655, 660(D.C. 1996).

     Plaintiff asks this court to rely upon (**Att. # 1 pg 1 thru pg 31** and **all supporting exhibits**). Plaintiff asks this court to closely rely upon (**pg 8 ¶ 1 thru pg 18 ¶ 27** and all these DEA-6 reports and Trial Transcripts). That are from DEA AGent Cal Fowler, DEA Agent Joe Dubois, AUSA/Shearer, DEA AGent Ken Peterson Group Supervisor, DEA agent A.B. Castandea Case Agent, and Javier Pena ASAC/SADO. So that this court can see that this agency and its officials. Were infact willfuly violating the mandates of the Privacy Act **ab inition**, were infact "intentionally/willfully "**creating, maintaning, and disseminating F..A..L..S..E..** records" against Plaintiff see **Chapman v**

National Aeronautices & Space Admin. 736 F2d 238(5th 1984); Downie v City of Middleberg Heights 301 F3d 688(6th 2002)., were knowingly committing criminal offenses (i.e. 18 § 1201, 18 § 1001, 18 § 241 & 242, 18 § 1621, 1622, 1623 and many others)during these willful violations of the Privacy Act. They also "acted with something greater than gross negligence" Tigerina 821 F2d 789, 799(D.C. 1987) and which was the "proximate cause of Plaintiff suffering severe adverse affects".

10.     Plaintiff has infact establishedan actionable claim under all (4) elements of the Privacy Act and Deters 85 F3d 655, 660(D.C. 1996). Which would allow Plaintiff to proceed on his claim for civil/monetary damages.

11.     In regards to Plaintiff "Failing to Exhaust Administrative Remedies". Plaintiff is currently in the process of (1) Voluntarily Dismissing the suit Against the DEA and (2) exhausting his Administrative remedies. Plaintiff will submit to this court a copy of his exhaustion and as soon as he has exhausted them. When he refiles the suit against the DEA.

### C. STANDARD OF REVIEW

12.     Plaintiff asks, this honorable judge to adopt this argument from Plaintiffs original/initial response. To Defendants Motion To Dismiss and or Summary Judgement.

### D. ARGUMENT

<u>13</u>    Plaintiff asks, this honorable judge to adopt this argument from Plaintiffs original/initial response. To Defendants MOtion To Dismiss and or Summary Judgement. Also to accept this as well. These "adverse affects, injuires and damages. That Plaintiff has suffered as the direct result of Defendants willful/ intentional record keeping deficiencies. Does allow Plaintiff to bring forth this Privacy Act suit under 552a(g)(1)(C). Intent or willfulness of govt. is necessary to recovery damages under Privacy Act. **Chapman v National Aeronautics & Space Admin. 746 F2d 23*(5th 1984);.** "Privacy Act provides remedy for "intentional or willful" **creation, maintenance** or **dissemination** of FALSE records". **Downie v City of Middleberg Heights 301 F3d 688(6th 2002).**

### E. OBJECTIONS

14. Plaintiff does object to the "Decleration of William C. Little, Jr.". Wherein, he has committed FRAUD (material misrepresentations of fact, law,

duties, powers and authorities. Under The Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 801 et seq. (Please refer to Declaration of William C. Little pg 3 of 5 ¶ 8). This Act under 21 §§ 801, does "NOT" empower and authorize the DEA's law enforcement responsibilities. To engage in "willfil/ intentional" violations of the Privacy Act, nor does it empower and authorize them. To commit violations of 18 § 1001, 18 § 1621, 1622, 18 § 241, 242 and etc. It does not empower/authorize the DEA during the execution of their law enforcement responsibilities. To infact "intentionally/willfully **create, maintain** and **disseminate** "FALSE" records. **Downie v City of Middleberg Heights 301 F3d 688(6th 2002).** Plaintiff asks this court to refer to (Att. # 1 in its entirety and **all** its supporting documents). Infact, the conduct that the DEA and its officials have engaged in. Is in complete violation of the Privacy Act, all of the criminal statutes Plaintiff has cited to in (Att. # 1), of Title **5 § 7301** and is infact in complete violation of the **Mcdade-Murtha Bill HR 3396 sec. 201(a)(1), (2), (3), (4), (5), (6), (7), (9) and (10).** Therefore, this information was **not** collected "pursuant to DEA's law enforcement responsibilities".

15.    Plaintiff asks this court to adopt and incorporate his objections. That were raised in his initial response.

16.    Plaintiff further objects to (¶ 12 of Mr. Littles Declaration). Plaintiff is not asking for amendment of the inaccurate/false records. That this agency and its officials. Have "willfully/intentionally created, maintained and disseminated". Plaintiff is solely bringing forth this suit and is only requesting monetary damages. Under the provisions of the Privacy Act, Deters 85 F3d 655(D.C. 1996) and as **Downie v City of Middleberg Heights 301 F3d 688(6th 2002).** Provides Plaintiff the right to do. "Privacy Act provides remedy for "intentional or willful" **creation, maintenance,** or **dissemination** of **FALSE** records" See **Downie 301 F3d 688(6th 2002).**

17.    The evidence submitted in support of defendatns motion should not be considered by the court because it is neither properly authenticated nor admissible. The court should strike the following summary judgement evidence:

    a: <u>Affidavits:</u> Defendant relies on defective affidavits. Due to the material misrepresentations of fact, law duties powers and authorities. Under the Drug Abuse Prevention and Control Act of 1970 18 §§ 801.

    b: <u>Declarations:</u> Defendant relies on defective declarations as described above. And because the DEA and its officials in San Antonio. Have infact engaged in criminal conduct during these willful violations of the Privacy Act and during the creation/collection of this inaccurate information. That the willfully

and intentionally maintained. In their records against Plaintff **ab initio.**
There is no denying that Defendant DEA and its officials. "Actions were
intentional and willfull". Which this court may inturn award actual damages
sustained by Plaintiff as a result of this agency's record keeping deficiencies.
5 § 552a(g)(4)(A).

    c: <u>Other Discovery</u>: Defendants rely upn declarations and other
documents. That are not properly authenticated, that are fraudulent declaration
and are hearsay.

### F. SUMMARY JUDGEMENT EVIDENCE

    In support of his response, Plaintiff requests that this court rely
upon the existing attachments. That Plaintiff has made part of the record
and are in support thereof.(refer to attachments # 1 thru # 30). Furthermore.
Plaintiff is **NOT** requesting amendment/correction of records. Plaintiff
is solely bringing for this Privacy Act suit. Because "Defendants failure
to maintain records in the manner of 5 § 552a has infact resulted in
a/many determinations that were adverse to Plaintiff. Id. Additionally,
the civil remedy provided under 5 § 552a(g)(1)(C) is applicable in Plaintiffs
case for monetary liabiliyt. Because the agency/Defendants did infact
act willfully and intentionally **ab initio** (i.e. as early as June 6,2002).
See **Deters v U.S. Parole Comm'n 85 F3d 655, 660(D.C. 1996).**

    Plaintiff must prove and in order to prevail on an **accuracy claim**
**(1)** he has been aggrieved by an adverse determinatio; **(2)** the agency[s]
failed to maintain records accurately; **(3)** the reliance on the inaccurate
information was the proximate casue of the adverse decisions; and **(4)**
the agency acted willfully or intentionally in failing to maintain accurate
records. **Deters 85 F3d at 657.** Plaintiff has infact met all of these
**(4)** elements and has infact established an actionable claim.(refer to
Att. # 1 in its entirety and **all** supporting exhibits/documents). This
attachment by and in itself. Does prove that the DEA and its official.
Did infact "**create, maintain,** and **disseminate "FALSE"** records and did
so intentionally". **Dosnie v City of Middleberg Heights 301 F3d 688(6th
2002).** Which these facts and under this case precedent "provide Plaintiff
with relief under the Privacy Act.

### G. CONCLUSION

    Plaintiff does ask this judge to take Judicial NOtice under 201(d)

and since this judge. Has infact been "supplied with the necessary information". See **Rivera v Phillips Morris Inc, 395 F3d 1142, 1151(9th 2005).** The facts that Plaintiff has outlined and supported with Defendants very own DEA-6 reports and etc. Do infact prove that these facts are "indisputable and beyond reasonable controversy".**Rivera 395 F3d at 1151(9th 2005).** Plaintiff does declare for the record. That he is not bringing this action under Bivens. Plaintiff asks this judge not to construe his action in any way shape or form under the provisions of a Bivens or 1983 claim. As long as the provisions under the Privacy Act allow this action to continue against these agency/Defendants.

    Plaintiff has met all **(4)** elements under the Privacy Act, has proven defendants action was more that gross negligence (i.e. it was infact criminal) and that he has "established an actionable claim". For these reasons that Plaintiff has proven "beyond a reasonable doubt". Plaintiff asks this court to deny defendants conclusory motion to dismiss and or summary judgement. And allow the jury to determine these material fact issues that exist.

Respectfully

Jesse Ramirez # 31805-180        dated: 7/25/08

## CERTIFICATE O FSERVICE

    I JESSE RAMRIEZ do hereby certify under penalty of perjury that I have served a true and correct copy of the following documents:

    Plaintiffs Response To DEA's Motion To Dismiss And

    Or Summary Judgement.

which pursuant to Houston v Lack 487 US 266(1988) is deemed filed at the time it was delievered to prison authorities for forwarding to the court and service upon parties to litigation or their attorneys of record. I have placed the material referenced above in a properly sealed envelope with first-class postage affixed and addressed to:

U.S. District Court                            Defendants Attorney
333 Constitution Ave., N.W.            C/O R. Fields Civil Division
Washington, D.C. 20001                  555 Fourth Street N.W.
                                              Washington. D.C. 20530

and deposited said envelope via hand delivered to the mail room staff at the United States Penitentiary Pollock, La on this 25 day of July 2008

Respectfully

Jesse Ramirez # 31805-180