UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Jesse Ramirez §
    Plaintiff, §
  §
vs § Civ No. 07-2226(RWR)
  §
Department of Justice et. al §
    Defendant, § #7007 2680 0001 2627 6507

RECEIVED
AUG 2 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### PLAINTIFFS MEMORANDUM IN SUPPORT OF MOTION TO RE-INSTATE/REFILE SUIT

PLAINTIFF, does ask this court to reinstate/refile his suit against the Drug Enforcement Administration. Now that Plaintiff has exhausted his administrative remedies and in accord with the Federal Rules of Civil Procedure.

#### A. INTRODUCTION

1. Plaintiff is Jesse Ramirez; Defendant is Drug Enforcement Administration et. al.

2. Plaintiff sued Defendant on May 14,2008 and by filing an amended complaint. For willful/intentional failure to adhere to the mandates of the Privacy Act (i.e. their willful creation, maintenance and dissemination of FALSE information in the files they maintained against Plaintiff Downie v City of Middleberg Heights 301 F3d 688(6th 2002)) and for the severe adverse affects, injuries, and actual damages Plaintiff has suffered as a result.

3. However, Plaintiff inadvertently sent the wrong DEA office his administative remedy to the wrong office. This inadvertent mistake was brought to Plaintiffs attetnion. Via Defendants motion to Dismiss And In The Alternative Summary Judgement. Which was sent to Plaintiff on or about June 30,2008. And which Plaintiff did receive on or about July 07,2008.

4. Plaintiff did immediately submit a Motion To Voluntary Dismiss his suit against the DEA. While he properly exhausted his administrative remedies. Plaintiff did submit this motion to the court on or about July 14,2008 and sent it certified mail # 7007 2680 0001 2627 8082. During this time Plaintiff did receive this courts July 02,2008 order to respond to the DEA's motion. Which Plaintiff did receive on or about July 11,2008. And did promplty on or about July 25,2008 adhere with this courts order to respond. Via a certified

mail packet # 7007 2680 0001 2627 5937.

### B. STATEMENT OF FACTS

5.  Plaintiff did infact send his administrative remedy to the proper DEA office in Washington. Plaintiff did send this administrative remedy on or about July 10, 2008 and sent it certified mail # 7007 2680 0001 2627 8921.

6.  Plaintiff does state for the record. That he has not heard one word in regards to his administrative remedies. Plaintiff will make his administrative remedy as **exhibit # 1** and will send attached to this motion.

7.  Due to the fact that Plaintiff has now exhausted his administrative remedies, that Defendant has not suffered any unfair prejudice. See **Vers Prods., Inc. v Home Depot Inc. 387 F3d 1325, 1327(11th 2004); Elbaor v Tripath Imaging, Inc. 279 F3d 314, 317(5th 2002)** and Plaintif did request dismissal without prejudice to refiling F.R.Civ.Proc. rule 41(a)(2). Plaintiff now requests this court to allow Plaintiff to refile/resubmit his suit against Defendant and to accept his response and other attached motions.

### C. CONCLUSION

8.  Plaintiff does hope that this honorable court accepts his pleadings in good faith and affords Plaintiff the relief he is requesting.

Respectfuly

_[signature]_

Jesse Ramirez # 31805-180                                        dated: 8/20/08

### CERTIFICATE OF SERVICE

I JESSE RAMIREZ, do swear under penalty of perjury that I hand delivered a copy of this Motion To Re-Instate/Refile Suit against the DEA. to USP/Pollock officials on August 20 2008 and sent this packet via first class mail addressed to:

U.S. District Court                             Defendnats/Attorney
333 Constitution Ave., NW                       555 Fourth Street N.W.
Washington, D.C. 20001                          Washington, D.C. 20530

Respectfully

_[signature]_

Jesse Ramirez # 31805-180

2.

William C. Little, Jr.
Senior Attorney/Administrative Law Section
U.S. Department of Justice
Drug Enforcement Administration
Office of Chief Counsel
Administrative Law Section.

Re: Your June 26, 2008 registered letter I received at 6:40 am on 7/10/08.
And the Exhaustion of my Administrative Requirements with this agency office.

William C. Little Jr./Senior Attorney,

    I would like to thank you for your response. I received a copy of it that was sent in support. Of Motion to Dismiss or Summary Judgement by the attorneys in Washington. I would like to apologize for my failure to properly exhaust my administrative remedies with this office. And I ask that you accept this letter/Privacy Act Request as my exhaustion. I am aware that these documents that you have personally reviewed are exempt from "amendment or correction". I am also aware that you are the person who is "responsible for the maintenance of the records maintained by the DEA". And believe me, it is real comforting to finally communicate with a person who is in your position.

    Therefore I ask you at this time. That due to the fact that these records can still be reviewed In order to verify that they do infact contain "inaccurate and false" information. That you infact review them and verify that the information is "inaccurate and false. Upon determining this, I ask you to please note in "your" records. That this information is infact inaccurate and false. And is **not** to be relied upon in any way. So as to ensure that "future decisions affecting myself are not based off of the discredited information". I no longer care if this inaccurate and false information is ever corrected or amended. It can stay in your records for as long as you would like to keep it there. My suit is not based off of or requesting amendment or correction of it. So even if you don't want to note your records, no big deal.

    I am bringing this Privacy Act suit "solely" because of (1) I have been severely aggrieved by all these adverse determinations and decisions; (2) you and your agency (e.g. the Drug Enforcement Administration) have infact failed to maintain records accurately; (3) you and your agency's reliance upon all this "inaccurate/false" information was infact the proximate cause of all these severe adverse decisions/determination and (4) the record that is in your possession and that you have already reviewed. Will prove that you and your agency acted "willfully and intentionally". The record will also prove beyond a reasonable doubt. That you and your agency/its officials

Please see note on page #5

1.

did so **ab initio**. I ask that you also take notice of the facts. That will prove beyond a reasonable doubt. That your agency, you and its officials in the San Antonio office. Did infact engage in criminal conduct. During the course of their willful violations of the Privacy Act. And that death was infact the directs result of their criminal conduct.

The criminal conduct that these officials engaged in are clear violations of 18 § 1201, 18 § 1001, 18 § 241 & 242, obstructing justice, tampering with evidence and etc. Not too mention that they violated their duties under the Supreme Court ruling of Imbler v Patchman, the mandates of Due Process and others statutes as well. Furthermore, these officials infact "intentionally and willfully (1) created; (2) maintained and (3) disseminated **FALSE** records. Please see **Downie v City of Middleberg Heights 301 F3d 688(6th 2002)**. Since as early as June 6,2002 and a whole 5 months before they willfully relied upon it and made many adverse decisions against me. You stated that you are fully aware of the records maintained against me and that these records are in your possession. Due to the fact that you are responsible for the records that are maintained by the DEA. Therefore, there will be no need to send you the requisite documents that prove these willful violations of the Privacy Act, ab initio, and the criminal conduct these officials willfully engaged in. I will however point you out to the records/documents that you will have to review. In order to make these factual determinations.

I ask that you review the DEA-6 reports from June 6,2002, June 26,2002 and from July of 2002. These are debriefings of Jose Soto, that were conducted by your cohorts and AUSA/Shearer. I then ask you to compare these reports to the actual Criminal Complaint. That was co-authored by DEA Case Agent A.B. Castaneda, AUSA/Contreras and many others. You will be able to see that the known "inaccurate/false" statements. That Jose Soto told your cohorts and AUSA/Sheraer. Were infact "inaccurate and false" and known to be 5 months before SADO Javier Pena. Relied upon them in order to justify my unlawful arrest made at 5:30 am on November 8,2002. Almost 3 hours before SADO Javier Pena and others. Willfully "disseminated" this inaccurate/false information to Magistrate Nowak. So that they could use her as a rubber stamper and obtain the arrest warrant. So that they could try to break the chain of causation they intially engaged in. Which by the way, this unlawful arrest at 5:30 am. Does infact constitute the criminal offense of **18 § 1201, 18 § 241 & 242** and etcetera. These records/documents that are in your possession will prove (1) that I never was the source/supply of the 5 kilos Jose Soto was arrested with

2.

on Dec. 7,2001;

    They will also prove (2) Jose Soto **never** made any "inaccurate/false" statements about myself or anyother person. On Dec. 7,2001 (the date of his arrest) as your cohort A.B. Castaneda and others. Willfully/intentionally "disseminated" in complete violation of the Privacy Act. In the Criminal Complaint that they took before Magistrate Nowak; (3) the records in your possession (DEA-6 reports of the Arrest of Jose Soto and Jaime Martins Olvera from Dec. of 2001 there are about 5 or 6 reports) will prove that the rest of the "inaccurate/false" information. That your cohorts willfully/intentionally relied upon and disseminated to others. Was infact inaccurate/false and known to be as early as Dec. 7,2001 and June 6,2002. Because (4) the names of my business' are not Auto Sports EC, Jose Soto **never** conducted "many multi kilo transactions with me at my Business' off of Basse Rd. because Jose Soto was arrested in Dec. of 2001 and I had not even moved to this new business location until after his arrest. Just a review and comparison with the DEA-6 reports from Dec. of 2001 (Arrest of Jose Soto & Jaime Martins Olvera), with Jose Soto's initial debriefings of June 6, 26,2002 and of July of 2002. Will prove that your cohorts, AUSA/Contreras and others. Willfully maintained inaccurate/false information in the records against me. They then relied upon this known inaccurate/false information to justify arresting me unlawfully at 5:30 am (refer to DEA-6 report Arrest of Jesse Ramirez) and kidnapping me. They then willfully disseminated this inaccurate/false information to Magistrate Nowak and etc.

    I can go on and on. But there is no need to point out to you. What you already know by your initial review of the documents/records. Of course, that is if you even properly reviewed them. Therefore I ask you and hope that you will discharge your duties accordingly. If there is **any duty** that you have under the Privacy Act. I ask that you discharge it and as soon as possible. I would like to state for the record. That I am **fully aware** of these records being **exempt** from "amendment or correction". However, if there is any way that you can **"note"** in these records. That this information is infact inaccurate/false, has been discredited and is **not** to be relied upon any longer. So as to ensure that **future** decisions affecting me are **not** based off of this discredited information. If you have not duty to even do this. Then disregard this Privacy Act Request and don't worry about it.

    I do ask you this lastly. I am fully aware that you as an attorney. Have a duty/ethical duty to report these willful violations of the Privacy Act **ab initio.** And to report the "criminal conduct" that your cohorts have

3.

infact and willfully engaged in. I am fully aware that as an "employee" of the Executive Branch you have many duties that you are mandated to discharge. I will point out just a few. **Title 5 § 7301-** Code of Ethics For Govt. Service:

    Any Person in Government Service **Should** :

    I. Put loyalty to the highest moral principles and to country above loyalty to persons, party of Govt. Dept.
    II. Uphold the Constitution, **laws**, and **regulations** of the United States and of all govts. therin and **never** be a party to evasion.
    V. Never discriminate unfairly by dispensing of special favors or privileges to anyone, whether for remuneration or not: and never accept, for himself or herself or for family members, favors or benefits under circumstances which might be construed by reasonable persons as influencing the performance of governmental duties.
    IX. Expose Corruption **wherever** discovered.

The Text of the **McDade-Murtha Bill, HR 3396:**

    Sec. 2. Interpretation. describes you an "attorney" and **all** of your cohorts, AUSA's and etc. as persons this Bill applies to.

    Sec. 201 Punishable Conduct.

    (a) Violations- The Attorney General **shall** establish, by plain rule, that it **shall** be punishable conduct for **any** Dept. of Justice employee to--

    (1) in the absence of probable cause seek the indictment of **any** person;
    (2) faile promptly to release information that would exonerate a person under indictment;
    (3) intentionally mislead a court as to the guilt of any person;
    (4) intentionally or knowingly misstate evidence;
    (5) intentionally or knowingly alter evidence;
    (6) attempt to influence or color a witness' testimony;
    (7) act to frustrate or impede a defendants right to discovery;
    (9) leak or otherwise improperly **disseminate** information to any person during an investigation. or
    (10) engage in conduct that discredits the Department.

The records in your possession and that you have stated you've reviewed. Prove beyond a reasonable doubt that your cohorts, AUSA's and many other officers of the court. Made clear violations of this **McDade-MUrtha Bill, HR 3396.** MOreso, the direct result of these violations/criminal offenses. Was the **death** of a 14 year old little girl from San Antonio. At the hands of DEA agent Bill Swierc and others. Who engaged in the criminal conduct that led to her death and then the subsequent cover up. I am only telling you this for purposes of the record. I really don't care if you lift one finger as you are charged to do. It will only support my position even moreso. Plus, it will prove that you yourself are a corruptor and engaged in criminal conduct as well. Due

to your failure to discharge your duties accordingly. You will have violted **18 § 2, 3 and 4**. The criminal conduct that your cohorts, AUSA/Contreras and many others engaged in. Start off with the clear violations of the Privacy Act **ab initio** (e.g from June 6,2002, June 26, and July of 2002). Then they arrested/seized me unlawfully on Nov. 8,2002 at 5:30 am a violation of **18 § 1201, 18 § 241 and 242**. Then they knowingly used false statements in the Criminal Complaint clear violations of **18 § 1001**, then they went to the grand jury and used the same known false statements to get me indicted clear violations of **18 § 1621, 1622, 1623** and violations of the **McDade-Murtha Bill, Hr 3396** sec. 201(1); (2); (3) and etcetera.

    I know you get the picture already and you see it in black and white. Without your cohorts and the others. Relying upon the false statements Jose Soto made to them initially and then 20 days later recanted. They could have never arrested me unlawfully, they could have never had the Magistrate sign off on the fraudulent arrest warrants, they could have never returned an indictment against me and could have **never** base an 841(b)(1)(A) conspiracy. Off of the **5 kilos** that Jose Soto falsely stated I gave him and was the source of. This is just the tip of the ice berg of what you have in your possession and have reviewed. Can you see why SADO/Javier Pena never brought these inaccurate/false statements to the attention of anyone. And when my attorney asked him why he didn't bring this to the attention of the proper officials. Anyway, as I have said. This is mainly for purposes of the record.

Respectfully

Jesse Ramirez # 31805-180          dated: 7/10/08

***NOTE***: THIS INACCURATE/FALSE information is in the Criminal Complaint, in the Grand Jury Transcript, inthe Title III Intercept Affidavits, in the Extensions for Title III, in the Bond Hearing, at trial, used in the PSI and relied upon by the court at sentencing. I don **not** believe it is inacurate/false. I know it be and your own DEA-6 reports, Agents pre-trial testimony, Grand Jury Testimony, Trial Testimony and etc. prove it to be inaccurate/false.