**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JESSE RAMIREZ, Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-2226 (RWR) |
| DEPARTMENT OF JUSTICE, *et al.*, Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff has moved for reconsideration of the order dismissing his case and for recusal of the undersigned. For the reasons discussed below, plaintiff's motions will be denied.

I. Plaintiff's Motion for Reconsideration

On March 3, 2009, plaintiff filed a "Motion Asking This Court to Take Judicial Notice of Facts Under [Fed. R. Evid.] 201(d) and Requests an Opportunity to be Heard Under [Fed. R. Evid.] 201(d) and Under [Fed. R. Civ. P.] Rule 43 in Support of Rule 59(e) Motion" [Dkt. #36], and a "Motion for Reconsideration Under [Fed. R. Civ. P.] 59(e)" ("Pl.'s Mot. for Recons.") [Dkt. #38] of a final order entered against him on January 30, 2009. Although plaintiff initially did "not seek relief from the judgment under [Fed. R. Civ. P.] 60," Pl.'s Mot. for Recons. ¶ 4, he later filed "Petitioner's Response/Objections to Defendant's Opposition to Plaintiff's Rule 59(e) Motion and Reasons Why [the] Court Should Construe His Request for Relief Under Rule 60(b), [and] Should Grant [Plaintiff] Relief under Rule 60(b)(1) thru (6) and Rule 60(d)(1-2) and Accept this Supplement Thereto" ("Pl.'s Reply") [Dkt. #40].

At the time, Rule 59(e) read, "[a] motion to alter or amend a judgment must be filed no

later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e).[1] As defendant noted in its opposition, *see* Opp'n to Pl.'s Rule 59(e) Mot. at 1-2, plaintiff filed his motions more than 10 days after entry of the Court's January 30, 2009 Memorandum Opinion and Order, and a court cannot extend this filing deadline for seeking relief under Rule 59(e). *Derrington-Bey v. District of Columbia Dep't of Corr.*, 39 F.3d 1224, 1225 (D.C. Cir. 1994). Plaintiff's submissions will be construed as seeking relief in the alternative under Rule 60(b), which does not have the same 10-day deadline by which a movant must act. *See id.*; *Computer Prof'ls for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996).

Plaintiff relies in part on Rule 60(b)(3), *see* Pl.'s Reply at 6-10, which authorizes relief for "fraud . . ., misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3). He argues that defendant's employees and counsel colluded with the undersigned to commit fraud upon the court in such a way that plaintiff was prevented from fully and fairly presenting his case. *See* Pl.'s Reply at 6-7. In addition, he argues that the undersigned relied on "'material misrepresentation and perjurious' affidavits and declarations" in reaching its decision on defendant's dispositive motion. *Id.* at 7. Lastly, he asserts that the undersigned is neither impartial nor unbiased because the undersigned "opted . . . to protect his Fellow Officers of the court (i.e. Defendant Officials)" and did not sanction their alleged misconduct. *Id.* at 8.

In order to prevail on a motion under Rule 60(b)(3), plaintiff must show actual prejudice, that is, he must demonstrate that defendant's conduct prevented him from presenting his case fully and fairly. *See, e.g., Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004);

---

[1] Rule 59 has since been amended effective December 1, 2009, to extend the time period to 28 days.

*Richardson v. Nat'l R.R. Passenger Corp*., 150 F.R.D. 1, 8 (D.D.C. 1993). He has not done so, and relies only on conjecture and unsupported assertions. Therefore, his motion under Rule 60(b)(3) will be denied. *See, e.g., Bennett v. United States*, 530 F. Supp. 2d 340, 341 (D.D.C. 2008) (denying Rule 60(b)(3) motion where plaintiff merely "alleg[ed] that Defendant's legal arguments perpetrated a 'fraud' upon the Court or simply repeat[ed] general legal arguments already made by Plaintiff and rejected by the Court").

In the alternative, plaintiff argues that the judgment entered against him is void, and, therefore, that he is entitled to relief under Fed. R. Civ. P. 60(b)(4), because the undersigned's conduct is evidence of bias. *See* Pl.'s Reply at 3-4. "Relief under Rule 60(b)(4) is not available merely because a disposition is erroneous. Rather, before a judgment may be deemed void within the meaning of the rule, it must be determined that the rendering court was powerless to enter it." *Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 (D.C. Cir. 1987) (internal quotation marks and citation omitted). A judgment or order may be void for purposes of Rule 60(b)(4) if the court lacked personal jurisdiction or subject-matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law. *Eberhardt v. Integrated Design & Constr., Inc*., 167 F.3d 861, 871 (4th Cir. 1999). No such circumstances are apparent in this case, and plaintiff's motion on this ground will be denied.

II. Plaintiff's Request for Recusal

Plaintiff seeks the undersigned's recusal on the ground that the undersigned has misrepresented and "wholly/intentionally ignor[ed] the facts that Plaintiff has set forth" in his papers, Mot. for Recons. at 15, and has "twist[ed]/distort[ed] the real reasons/basis for Plaintiff's Privacy Act suit," *id.* at 16, "result[ing] in manifest injustice" to plaintiff. *Id.* From these

actions, plaintiff draws "a reasonable inference of partiality." *Id.* at 17.

A judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The standard for disqualification under Section 455 is an objective one: whether a reasonable and informed observer would question the judge's impartiality. *See In re Brooks*, 383 F.3d 1036, 1043 (D.C. Cir. 2004); *United States v. Microsoft Corp.,* 253 F.3d 34, 114 (D.C. Cir. 2001) (en banc) (per curiam). There is a presumption against disqualification and the moving party must demonstrate by clear and convincing evidence that disqualification is required by Section 455(a). *Cobell v. Norton*, 237 F. Supp. 2d 71, 78 (D.D.C. 2003).

Plaintiff offers no clear and convincing evidence that the undersigned must recuse himself. Plaintiff's arguments pertain to the substance of the undersigned's prior ruling in this case, and a judge's legal decisions generally are not sufficient grounds to substantiate a claim of bias or impartiality. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Cotton v. Washington Metro. Area Transit Auth*., 264 F. Supp. 2d 39, 42 (D.D.C. 2003) (denying motion for recusal where "claim of bias is predicated entirely upon the [magistrate judge's] rulings with respect to the conduct of discovery in the instant action, and rulings regarding discovery and other issues in three other actions filed by Plaintiffs' counsel"). Plaintiff's request for recusal will be denied.

III. Plaintiff's Motion for an Extension of Time to File a Notice of Appeal

Plaintiff filed a "Motion to Extend Time to File Notice of Appeal And Or Notice of Appeal in the Event This Judge Refuses to Grant This Motion to Extend Time to File Appeal." [Dkt. #37]. His notice of appeal was to be filed within 60 days after entry of the January 30,

2009 Memorandum Opinion and Order. *See* Fed. R. App. P. 4(a)(1)(B). He received the order on February 17, 2009, Pl.'s Mot. to Extend Time to File Notice of Appeal ¶ 4, and on March 3, 2009, he filed a motion for a 60-day extension of time to file a notice of appeal. *Id.* ¶ 5.

The Court will deny plaintiff's request for an extension of time as moot because plaintiff timely filed his motion within the 60-day period for filing a notice of appeal. Instead, the Court will grant the alternative relief plaintiff seeks: that the Court consider his submission [Dkt. #37] his notice of appeal, which was timely filed under Fed. R. App. P. 4(a)(1)(B).

An Order accompanies this Memorandum Opinion.

Signed this 27th day of January, 2010.

____________/s/___________
RICHARD W. ROBERTS
United States District Judge